UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HARRINGTON, et al., | ) |
| | ) |
| Plaintiff | ) |
| | ) C.A. No. 04-12558-NMG |
| v. | ) |
| | ) |
| DELTA AIR LINES, INC., | ) |
| | ) |
| Defendant | ) |
| | ) |

## NOTICE OF ADDITIONAL GROUNDS FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a), (d), and 1442(a)(1), Defendants Delta Air Lines, Inc., American Airlines, Inc., Northwest Airlines, Inc., Alaska Airlines, Inc., Continental Airlines, Inc., Southwest Airlines Co., and Air Transport Association of America, Inc., (collectively, the "Domestic Airlines"), China Eastern Airlines Corporation Limited ("China Eastern"), China Southern Airlines Corporation Limited ("China Southern"), Deutsche Lufthansa, A.G. d/b/a Lufthansa Airlines ("Lufthansa"), British Airways, plc d/b/a British Airways ("British Airways"), Alitalia-Linee Aeree Italiane S.p.A. d/b/a Alitalia Airlines ("Alitalia"), Olympic Airways-Services, SA, d/b/a Olympic Airways ("Olympic")(collectively, the "International Airlines")[1], hereby file this Notice of Additional Grounds for Removal of the civil action filed by the Plaintiffs in the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Middlesex Division, and captioned as Robert J. Harrington, et al. v. Delta Air Lines, et al., C.A. No. 04-04410 (the "Civil Action"), to the United States District Court for the District of Massachusetts.  In support hereof, the Domestic Airlines state as follows:

1.      The Civil Action was filed on November 4, 2004.  A copy of the Complaint is attached as Ex. A.

2.      On or about November 8 and 9, 2004, the Plaintiffs purported to serve the Domestic Airlines by certified mail, return receipt requested pursuant to M.G.L. 223A.  True and accurate copies of the Summons and cover letter purportedly served on the Defendants to date are attached as Ex. B - J.

3.      The time for responding to the Complaint has not yet expired, because (1) certain Defendants have not yet been properly served (*e.g.*, Lufthansa) and therefore they have no present obligation to respond, (2) the deadline for responding from the date of service has not yet expired as to certain Defendants pursuant to the Massachusetts Rules of Civil Procedure and/or 28 U.S.C. § 1608(d), and/or (3) because certain Defendants have entered into a stipulation with the Plaintiffs to extend the response deadline.  A copy of the Stipulation executed by the Domestic Airlines and the Plaintiffs is attached as Ex. K.

4.      This Court has jurisdiction over the Civil Action pursuant to 28 U.S.C. §§ 1441(d) and 1603(a), because certain of the International Defendants who are seeking removal -- specifically, China Eastern, China Southern, Olympic, and Alitalia -- are foreign states as defined in the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1603(a) and not citizens of a State of the United States as defined in 28 U.S.C. § 1332(c) and (d).  Rather, they are organized, owned, and have principal places of business as follows:

a.      China Eastern is duly organized and existing under the laws of China with a principal place of business in China.  The majority of China Eastern's capital shares are owned by the government of China.

---

[1] The Domestic Airlines and the International Airlines are hereinafter referred to from time to time collectively as the "Defendants."

b.      China Southern is duly organized and existing under the laws of China with a principal place of business in China. The majority of China Southern's capital shares are owned by the government of China.

c.      Olympic is duly organized and existing under the laws of Greece with a principal place of business in Greece. The majority of Olympic's capital shares are owned by the government of Greece.

5.      Alitalia has already filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1441(d) and 1603(a). A copy of Alitalia's Notice of Removal is attached as Ex. L. The same grounds for removal apply to China Eastern, China Southern, and Olympic.

6.      This Court also has jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1331, as the claims in the Civil Action arise under the Constitution, laws, or treaties of the United States, including, *inter alia*, 49 U.S.C. § 41713 and 26 U.S.C. § 7422, and/or involve the construction and application of substantial questions of federal law as set forth in various federal statutes and regulations.

7.      This Court also has jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1442(a)(1), as certain of the Defendants may be considered an officer (or a person acting under an officer) of the United States or of any agency thereof, sued in an official and/or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the collection of revenue.

8.      This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from any of the Defendants' receipt of the Complaint and within one (1) year from the date of the commencement of the Civil Action.

9.      All of the current Defendants consent to and join in this notice of removal. Because the Plaintiffs have voluntarily dismissed bankrupt defendants US Airways Group, Inc. d/b/a US Airways, United Airlines, Inc., Air Canada, Midway Airlines Corp. d/b/a Midway

Airlines, and Swiss International Airlines Ltd, d/b/a Swissair, pursuant to Mass.R.Civ.P.

41(a)(1)(i), they are no longer parties to the Civil Action. Copies of the docket entries from the

Middlesex Superior Court reflecting the dismissal of these parties are attached as Ex. M.

Therefore, their consent has not been sought in connection with this Notice of Removal, nor is it

required.

10.    Pursuant to Local Rule 81.1, certified or attested copies of all records,

proceedings, and docket entries in the Civil Action will be filed with this Court within thirty (30)

days.

11.    By filing this notice of removal, the Defendants are not making a general

appearance and are not waiving their right to raise any defenses and/or grounds for dismissal

pursuant to Fed.R.Civ.P. 12, or otherwise, including without limitation inadequacy of service of

process or personal jurisdiction.

WHEREFORE, the Defendants respectfully request that the Civil Action be removed to

the United States District Court for the District of Massachusetts on the foregoing additional

grounds.

DECHERT LLP

By: _____

Matthew A. Porter, BBO #630625
Michael S. Shin, BBO # 658134
200 Clarendon Street, 27th Floor
Boston, MA 02116
(617) 728-7100
Attorneys for Delta Air Lines, Inc., American
Airlines, Inc., Northwest Airlines, Inc., Alaska
Airlines, Inc., Continental Airlines, Inc., Southwest
Airlines Co., and Air Transport Association of
America, Inc.

Thomas J. Whalen, Esq.
CONDON & FORSYTH LLP
1016 Sixteenth Street, N.W.
Washington, DC 20036
(202) 289-0500
Attorneys for Defendants China Eastern Airlines
Corporation Limited and China Southern Airlines
Corporation Limited


Andrew Harakas, Esq.
CONDON & FORSYTH LLP
685 Third Avenue
New York, NY 10017
(212) 490-9100
Attorney for and Olympic Airways-
Services, SA, d/b/a Olympic Airways


David W. Ogden, Esq.
WILMER CUTLER PICKERING
HALE AND DORR LLP
2445 M Street, N.W.
Washington, DC 20037-1420
(202) 663-6000
Attorneys for Defendant Deutsche Lufthansa,
A.G. d/b/a Lufthansa Airlines


Kevin C. Cain, BBO # 550055
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110-3342
(617) 951-2100
Attorneys for Defendants British Airways, plc
d/b/a British Airways, and Alitalia-Linee Aeree
Italiane S.p.A. d/b/a Alitalia Airlines