**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA    PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
kcc@p-a.com

December 23, 2004

**Hand Delivered**

Office of the Civil Clerk
United States District Court
U.S. Courthouse
One Courthouse Way
Boston, MA  02110

> Re:    Robert J. Harrington, et al. v. Delta Air Lines, Inc., et al. **(Removal)**
>        **USDC Docket Number 04 12558 NMG**

Dear Sir/Madam:

I enclose for filing certified copies of all the pleadings previously filed in the Superior Court.

Very truly yours,

Kevin C. Cain

KCC/dg
Enclosures
604504
10586-91018

cc:    Service List (attached)

MCV2004-04410

ROBERT J HARRINGTON, ET AL

V.

DELTA AIRLINES, INC, ET AL

****REMOVED TO US DISTRICT COURT****

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2004-04410

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 4th of Nov., in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 21st of Dec., in the year of our Lord, Two Thousand Four

*Karen A. O'Connor*
Deputy Assistant Clerk

*Copy*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 DEC -6  P 4: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

ROBERT J. HARRINGTON, FAYE BYRON,
CRAIG BUCK, VALERIE L. PAWSON,
RAY DRASNIN, WANDA MILLS, JEFF
GOLUMBUK, CAROLINE MARSHALL-
SMITH, ANESIA KALAITZIDIS,
KENNETH IVANOVITZ, ATHANASE
KARAGIORGOS, HARRIET ZALWANGO,
MICHAEL BLAU, KENNETH MICCICHE
and JENNIEE TSOUVRAKAS, on behalf of
themselves and others,

        Plaintiffs,

v.

DELTA AIRLINES, INC., AMERICAN
AIRLINES, US AIRWAYS GROUP, INC.,
d/b/a US AIRWAYS, NORTHWEST
AIRLINES, UNITED AIRLINES, INC.,
ALASKA AIRLINES, CONTINENTAL
AIRLINES, AIR CANADA, CHINA
EASTERN AIRLINES CORPORATION
LIMITED, CHINA SOUTHERN AIRLINES
COMPANY LIMITED, DEUTSCHE
LUFTHANSA, A.G., d/b/a LUFTHANSA
AIRLINES, SWISS INTERNATIONAL
AIRLINES LTD., d/b/a SWISSAIR, BRITISH
AIRWAYS, PLC, d/b/a BRITISH AIRWAYS,
MIDWAY AIRLINES CORP., d/b/a
MIDWAY AIRLINES, ALITALIA-LINEE
AEREE ITALIANE S.p.A., d/b/a ALITALIA
AIRLINES, SOUTHWEST AIRLINES, CO.,
d/b/a SOUTHWEST AIRLINES, OLYMPIC
AIRWAYS-SERVICES, SA, d/b/a OLYMPIC
AIRWAYS and AIR TRANSPORT
ASSOCIATION,

        Defendants.

04   12558  NMG

CIVIL ACTION NO.





FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

DEC 2 0 2004

**NOTICE OF REMOVAL BY DEFENDANT, ALITALIA-LINEE AREE ITLIANE, S.p.A.,**
**PURSUANT TO THE FOREIGN SOVEREIGN IMMUNITIES ACT**

Defendant ALITALIA-LINEE AEREE ITALIANE, S.p.A., d/b/a ALITALIA AIRLINES, (hereinafter referred to as "ALITALIA"), hereby notifies you pursuant to 28 U.S.C. § 1446(a) of the following:

1.      ALITALIA has been named as a defendant in a civil action commenced in the Superior Court of Middlesex County, in the Commonwealth of Massachusetts entitled as captioned above, Docket No. 04-4410, by service of a Summons and Complaint. Annexed hereto as "Exhibit A" is a true and complete copy of plaintiff's Complaint, Jury Claim and Request for Class Certification. No further pleadings or proceedings have been had in that action.

2.      The underlying action in the Superior Court of Middlesex County, in the Commonwealth of Massachusetts is an action brought against a foreign state as defined in §1603(a) of Title 28 of the U.S. Code, the Foreign Sovereign Immunities Act of 1976.

3.      Defendant ALITALIA was at the time this action was commenced, and now is, a corporation duly organized and existing under the laws of the Republic of Italy with its principal place of business in Rome, Italy. The majority of ALITALIA's capital shares are owned by the Republic of Italy.

4.      Defendant ALITALIA is neither a citizen of a State of the United States as defined in §1332(c) and (d) of Title 28 of the U.S. Code, nor has it been created under the laws of any third country.

5.      Defendant is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(d), where it will proceed as a non-jury trial.

6.      Pursuant to 28 U.S.C. 1608 (d) ALITALIA has 60 days from the date the Summons and Complaint were served, or until January 8, 2005 by which to file its Answer, or otherwise move.

7.      By filing this Notice of Removal, ALITALIA does not waive, and reserves the right to plead in its Answer, any defenses which may be available to it, including but not limited to: sovereign immunity, as provided by the operation of the Foreign Sovereign Immunities Act of 1976; and the statute of limitations. Nor does ALITALIA waive any question of the sufficiency of service or the want of service and reserves all questions of jurisdiction, service and want of service.

8.      No previous application for the relief sought herein has been made to this or any other Court.

9.      This Notice is timely filed as required by Title 28 U.S.C. §1446(b).

10.     Pursuant to 28 U.S.C. § 1446(d), the defendant is providing written notice of this removal to all parties in the Massachusetts Superior Court action and is filing a copy of this Notice of Removal with the Clerk of the Superior Court.

11.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the defendant in the Superior Court action which give rise to the defendant's right of removal are attached to this Notice of Removal.

12.     In accordance with Local Rule 81.1, certified or attested copies of all records and proceedings in the Superior Court action, and a certified or attested copy of all docket entries, will be filed with this Court within thirty (30) days.

3

WHEREFORE, defendant ALITALIA hereby notifies you that the above-entitled action

now pending in the Superior Court of Middlesex County, in the Commonwealth of

Massachusetts, is hereby removed to this Honorable Court.

December 6, 2004

Respectfully submitted,
ALITALIA - LINEE AEREE ITALIANE S.p.A.
By its attorneys,

_____
Kevin C. Cain (BBO # 550055)
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

PABOS2:KCAIN:603201_1
10586-91018

**CERTIFICATE OF SERVICE**

I here[...] [...] I served a copy of the foregoing
plea[...] [...] parties by mailing same, postage
prepaid, to all counsel of record.
Signed under the pains and penalties of perjury

DATED: _____

4

.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04- 4416

ROBERT J. HARRINGTON, FAYE BYRON,
CRAIG BUCK, VALERIE L. PAWSON, RAY
DRASNIN, WANDA MILLS, JEFF
GOLUMBUK CAROLINE MARSHALL-
SMITH, ANESIA KALAITZIDIS, KENNETH
IVANOVITZ, ATHANASE KARAGIORGOS,
HARRIET ZALWANGO, MICHAEL BLAU,
KENNETH MICCICHE and JENNIEE.
TSOUVRAKAS on behalf of themselves and
others,

Plaintiffs

v.

DELTA AIR LINES, INC., AMERICAN
AIRLINES, US AIRWAYS GROUP, INC.,
d/b/a US AIRWAYS, NORTHWEST
AIRLINES, UNITED AIRLINES, INC.
ALASKA AIRLINES, CONTINENTAL
AIRLINES, AIR CANADA, CHINA EASTERN
AIRLINES CORPORATION LIMITED, CHINA
SOUTHERN AIRLINES COMPANY LIMITED,
DEUTSCHE LUFTHANSA, A.G., d/b/a
LUFTHANSA AIRLINES, SWISS
INTERNATIONAL AIRLINES LTD, d/b/a
SWISSAIR, BRITISH AIRWAYS, PLC, d/b/a
BRITISH AIRWAYS, MIDWAY AIRLINES
CORP., d/b/a MIDWAY AIRLINES;
ALITALIA-LINEE AEREE ITALIANE S.p.A,
d/b/a ALITALIA AIRLINES, SOUTHWEST
AIRLINES, CO., d/b/a SOUTHWEST
AIRLINES, OLYMPIC AIRWAYS-SERVICES,
SA, d/b/a OLYMPIC AIRWAYS and AIR
TRANSPORT ASSOCIATION,

Defendants

COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION

## I. INTRODUCTION AND OVERVIEW OF ACTION

1.   The plaintiffs bring this action on behalf of themselves and on behalf of all others similarly
     situated, specifically, people who have forfeited airline tickets and/or had nonrefundable

tickets for airline travel and who paid one or more of the following fees or taxes to the defendant airlines:

a.    Passenger facility charge user fee;
b.    Zip tax user fee; and
c.    Foreign landing tax or user fee.

The defendant airlines collect these taxes and fees as a fiduciary in order to pay them to the applicable government agencies but the plaintiff class did not use the airline tickets and the defendant airlines did not pay these fees and taxes to the government agencies but, rather, they wrongfully and unjustly enriched themselves by keeping said funds. The plaintiffs claims are of the "negative value" type as the value of each Class Member's claim is minimal and equitable restitution is being sought. The defendant airlines have hidden and concealed from the plaintiff class the fact that said fees and taxes collected have not been paid to the respective governmental agencies.

## II. PARTIES AND FACTS

2.    The plaintiff, Robert J. Harrington ("Harrington"), has a usual place of business at 7 Central Street, Framingham, Middlesex County, Massachusetts. Harrington purchased an electronic airline ticket on US Airways in September, 2002 and this was a nonrefundable ticket which he did not use.

3.    The plaintiff, Faye Bryon ("Bryon"), has a usual place of business at 7 Central Street, Framingham, Middlesex County, Massachusetts. Bryon purchased an electronic airline ticket on US Airways in September, 2002 and this was a nonrefundable ticket which she did not use.

4.    The plaintiff, Valerie L. Pawson ("Pawson"), has a usual place of business at 88 Black Falcon Avenue, Boston, Suffolk County, Massachusetts. Pawson purchased an airline ticket on Continental Airlines in November, 2002 and this was a nonrefundable ticket which she did not use.

5.    The plaintiff, Jeff Golumbuk ("Golumbuk"), resides at 7889 Clairemont Mesa Boulevard., San Diego, California 92111. Golumbuk purchased an airline ticket on China Eastern Airlines in September, 2002 on China Southern Airlines in September, 2002 and these were nonrefundable tickets which he did not use.

6.    The plaintiff, Craig Buck ("Buck'), resides at 3078 Quince Street, San Diego, State of California. Buck purchased airline tickets on Alaska Airlines in March, 2002 and on American Airlines in March, 1999 and these were nonrefundable ticket and he did not use them.

7.    The plaintiff, Wanda Mills ("Mills") resides at 4 Mises Road Lady's Island, State of Carolina. Mills purchased airline tickets on Northwest Airlines in August, 2001 and these were nonrefundable tickets which she did not use.

8.   The plaintiff, Michael L. Blau ("Blau") resides in La Jolla, State of California. Blau purchased multiple airline tickets on United Airlines in December, 1998 and these were nonrefundable tickets which he not use.

9.   The plaintiff, Ray Drasnin ("Drasnin"), resides at 4330 Witherby Street, State of California. Drasnin purchased airline tickets on Air Canada in May, 2001 and on Continental in August, 2002 and these were nonrefundable tickets which he not use.

10.  The plaintiff, Caroline Marshall-Smith ("Marshall-Smith"), resides in West Yarmouth, Barnstable County, Massachusetts. Marshall-Smith purchased five (5) airline tickets on Delta Airlines, Inc., in May, 2004 and these tickets were nonrefundable tickets which she did not use.

11.  The plaintiff, Anesia Kalaitzidis ("Kalaitzidis") resides in Boston, Suffolk County, Massachusetts. Kalaitzidis purchased an airline ticket on Alitalia Airlines January, 2004 and this ticket was a nonrefundable ticket which she did not use.

12.  The plaintiff, Athanase Karagiorgos ("Karagiorgos") resides in Newton, Middlesex County, Massachusetts. Karagiorgos purchased an airline ticket on British Airways in March, 2002 and this was a nonrefundable ticket which he did not use.

13.  The plaintiff, Harriet Zalwango ("Zalwango") resides in Boston, Suffolk County, Massachusetts. Zalwango purchased an airline ticket on Midway Airlines in March, 2002 and this ticket was a nonrefundable ticket which she did not use.

14.  The plaintiff, Kenneth Ivanovitz ("Ivanovitz") resides in Springfield, Hampden County, Massachusetts. Ivanovitz purchased an airline ticket on Swiss Air on November 12, 1998 and this was a nonrefundable ticket which he did not use.

15.  The plaintiff, Kenneth Micciche ("Micciche") resides in Natick, Middlesex County, Massachusetts. Micciche purchased an airline ticket on Southwest Airlines in March 2000 and this was a nonrefundable ticket which he did not use.

16.  The plaintiff, Jenniee Tsouvrakas ("Tsouvrakas"), resides in Boston, Suffolk County, Massachusetts. Tsouvrakas purchased an airline ticket on Olympic Airways in March, 2000 and this was a nonrefundable ticket which she did not use.

17.  The defendant, Delta Air Lines, Inc. ("Delta"), is a Delaware corporation with its executive offices located at 1030 Delta Boulevard, Atlanta, State of Georgia. Delta does business and has qualified to do business in the Commonwealth of Massachusetts.

18.  The defendant, American Airlines, Inc. ("American"), is a Delaware corporation with its executive offices at 4333 Amon Carter Boulevard, Fort Worth, State of Texas, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

19.    The defendant, US Airways Group, Inc., d/b/a US Airways ("US Airways"), is a Delaware corporation with its executive offices located at 2345 Capital Drive, Arlington, State of Virginia, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

20.    The defendant, Continental Airlines, Inc. ("Continental"), is a Delaware corporation with its executive offices located at 1600 Smith Street, Houston, State of Texas, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

21.    The defendant, Northwest Airlines, Inc. ("Northwest"), is a Minnesota corporation with its executive offices located at 2700 Lone Oak Parkway, Eagan, State of Minnesota, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

22.    The defendant, United Airlines, Inc. ("United"), is a Delaware corporation with its executive offices located at 1200 E. Algonquin Road, Elk Grove Township, State of 2700 Lone Oak Parkway, Eagan, State of Minnesota, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

23.    The defendant, Air Canada ("Air Canada") is a Canadian corporation with its executive offices located in Montreal, Province of Quebec, Dominion of Canada, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

24.    The defendant, China Eastern Airlines Corporation Limited ("China Eastern") is a corporation organized in China with its executive offices located at 2550 Hoqqiao Road, Shanghai, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

25.    The defendant, China Southern Airlines Corporation Limited ("China Southern") is a corporation organized in China with its executive offices located at Baiyon International Airport, Guang Zhuu, Guangdong 510405, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

26.    The defendant, Deutsche Lufthansa, A.G., d/b/a Lufthansa Airlines (Lufthansa Airlines) is a corporation organized in Germany, with its executive offices located at Cologne, Germany and it does business and has qualified to do business in the Commonwealth of Massachusetts.

27.    The defendant, Swiss International Airlines Ltd, d/b/a Swissair ("Swiss air") is a corporation organized in Switzerland with executive offices in Basel, Switzerland, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

28.    The defendant, British Airways, PLC d/b/a British Airways ("British Airways"), is a corporation organized in Great Briton with executive in Harmondsworth, Great Britain and it does business and has qualified to do business in the Commonwealth of Massachusetts,

-4-

29. The defendant, Midway Airlines Corp., d/b/a Midway Airlines ("Midway Airlines") is a corporation with executive offices in Durham, North Carolina and it does business and has qualified to do business in the Commonwealth of Massachusetts.

30. The defendant, Alitalia-Linee Aeree Italiane S.p.A, d/b/a Alitalia Airlines ("Alitalia Airlines"), is an Italian corporation with executive offices in Rome, Italy and it does business and has qualified to do business in the Commonwealth of Massachusetts.

31. The defendant Southwest Airlines Co., d/b/a Southwest Airlines ("Southwest Airlines") is a Texas corporation with executive offices in Dallas, Texas and it does business and has qualified to do business in the Commonwealth of Massachusetts.

32. The defendant, Olympic Airways Services, SA, d/b/a Olympic Airways, is a Greek corporation with executive offices in Athens, Greece and it does business and has qualified to do business in the Commonwealth of Massachusetts.

33. The defendant, Air Transport Association ("ATA"), is a corporation with its executive offices at 1301 Pennsylvania Avenue, N.W., Washington, D.C. ATA is the primary trade group for airlines and it assists airlines in looking for ways to reduce costs, maximize efficiency and increase profitability of its member airlines, which is most of the passenger airlines that fly in or to the USA. ATA provides expertise, guidance and assistance to its member airlines and Bruce Bishins, CTC, on behalf of travel agents and passengers, on several occasions, requested that ATA rectify and clarify the matter of airlines' refusal to return unused foreign taxes and user fees on nonrefundable or forfeited tickets but to no avail. ATA saw this as a matter which could have potentially serious implications and refused to take any position or responsibility for this "unjust enrichment" except to advise its members that there would be no policy covering these matter. As a result of ATA's position (or lack thereof), even though its officers knew that its members were violating the law, it has steadfastly refused to advise its members as to what should be done or to establish any policies. ATA was advised by Mr. Bishins that it was aiding and abetting unfair trade practices.

## III. CLASS ACTION ALLEGATIONS

34. Plaintiffs file this action as a Class Action pursuant to M.R.C.P. 23 on their own behalf and on behalf of all other purchasers of airline tickets that were not used and/or non refundable.

35. It is estimated that there are tens of thousands of people and entities who purchased airline tickets that they did not use them and/or purchased nonrefundable tickets. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members can be determined only by appropriate discovery, the plaintiffs believe that such Class Members number in excess of tens of thousands of separate people or entities.

36. There are three (3) categories of Class Members, people or entities who, during the Class Period, November 1, 1998 to date, forfeited and/or purchased nonrefundable airline tickets and paid one or more of the following taxes:

-5-

    a.      Passenger facility charge user fee;

    b.      Zip tax user fee; and

    c.      Foreign landing tax or user fee.

37.    The plaintiffs' claims are typical of the claims of the Members of the Class. The plaintiffs and all members of the Class sustained damages as a result of the defendants' wrongful conduct, as described in this complaint.

38.    The plaintiffs will fairly and adequately protect the interests of the Members of the Class, and they have retained counsel competent and experienced in class action litigation.

39.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The losses suffered by all of the Class Members are relatively small, albeit significant, and of so-called negative value variety where it would not make sense to file a complaint individually. Thus, the expense and burden of individual litigation makes it impractical for most Class Members, individually, to seek redress for the wrongful conduct alleged in this action.

40.    Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

    a.      Did the defendant airlines wrongfully retain for their own use the collected passenger facilities charge user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

    b.      Did he defendant airlines wrongfully retain for their own use the collected zip tax user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

    c.      Did he defendant airlines wrongfully retain for their own use the collected foreign landing tax or user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

41.    The plaintiffs know of no difficulty which will be encountered in the management of this litigation that would preclude its maintenance as a class action.

42.    Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of litigating individual lawsuits. Additionally, class certification in this matter would not impose any undue burden upon the court and will foster judicial economy. In this case, the certification of the class is appropriate as it would not complicate or delay disposition of the case, the defendants would suffer no prejudice as a result of certification and where certification would assure the Class Members that the defendant airlines would not evade their responsibilities in implementing any court orders.

**VIII.  JURY CLAIM**

The plaintiffs and the Class Members demand a trial by jury on all issues so triable.

Robert H. Harrington, Faye Byron, Craig Buck, Valerie L.
Payson, Jeff Golumbuk, Ray Drasnin, Wanda Mills,
Caroline Marshall-Smith, Anesia Kalaitzidis, Kenneth
Ivanowiz, Athanase Karagiorgos, Harriet Zalwango,
Michael Blau and Kenneth Micciche, individually and on
behalf of themselves and Class Members,
Plaintiffs,
By their Attorney,

Evans J. Carter (BBQ #076560)
HARGRAVES, KARB, WILCOX & GALVANI, LLP
550 Cochituate Road - P.O. Box 966
Framingham, MA  01701-0966
(508) 620-0140

Dated: November 4, 2004

F:\CARTER\HARRINGTON\complaint.wpd

-10-

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100 / FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
kcain@peabodyarnold.com

December 6, 2004

**VIA HAND DELIVERY**

Office of the Civil Clerk
United States District Court
U.S. Courthouse
One Courthouse Way
Boston, MA  02110

# 04   1255 8 NMG

Re:   *Robert J. Harrington, et al. v. Delta Air Lines, Inc., et al.*
      *Civil Action No. TBD*

Dear Sir/Madam:

I enclose for filing and docketing the following:

1.   Notice of Removal by Defendant, Alitalia-Linee Aree Itliane, S.p.A., Pursuant to the Foreign Sovereign Immunities Act;

2.   Affidavit of Support of Notice of Removal; and

3.   Civil Cover Sheet; and

4.   Check #32902 in the amount of $150.00.

Thank you for your attention to this matter.

Very truly yours,

Kevin C. Cain

KCC/maa
Enclosure
PABOS2:KCAIN:603212_1

cc:   Evans J. Carter, Esq.

IS 44
Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
ROBERT J. HARRINGTON, ET AL.

**DEFENDANTS**
DELTA AIRLINES, INC., ET AL.

FILED
IN CLERKS OFFICE

2004 DEC -6 P 4:50

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

DISTRICT COURT
MASS.

04    1255 8  NMG

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Evans J. Carter (BBO 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road, P.O. Box 966
Framingham, MA  01701-0966    508-620-0140

ATTORNEYS (IF KNOWN)
Kevin C. Cain (BBO 550055)
Peabody & Arnold LLP
30 Rowes Wharf, Boston, MA  02110
617-951-2100

## BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

| | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) |
|---|---|

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Removal pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. Section 1602 et seq.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  12/6/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

*Copy*

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

~~2004 DEC -6  P 4: 50~~

U.S. DISTRICT COURT
DISTRICT OF MASS.

Case No.: 04-CV

ROBERT J. HARRINGTON, FAYE BYRON,
CRAIG BUCK, VALERIE L. PAWSON, RAY
DRASNIN, WANDA MILLS, JEFF
GOLUMBUK, CAROLINE MARSHALL-
SMITH, ANESIA KALAITZIDIS, KENNETH
IVANOVITZ, ATHANASE KARAGIORGOS,
HARRIET ZALWANGO, MICHAEL BLAU,
KENNETH MICCICHE and JENNIEE
TSOUVRAKAS, on behalf of themselves and
others,

# 04  12558 NMG

Plaintiff,

**AFFIDAVIT IN SUPPORT OF
NOTICE OF REMOVAL**

-against-

DELTA AIRLINES, INC., AMERICAN
AIRLINES, US AIRWAYS GROUP, INC.,
d/b/a US AIRWAYS, NORTHWEST
AIRLINES, UNITED AIRLINES, INC.,
ALASKA AIRLINES, CONTINENTAL
AIRLINES, AIR CANADA, CHINA EASTERN
AIRLINES CORPORATION LIMITED, CHINA
SOUTHERN AIRLINES COMPANY LIMITED,
DEUTSCHE LUFTHANSA, A.G., d/b/a
LUFTHANSA AIRLINES, SWISS
INTERNATIONAL AIRLINES LTD., d/b/a
SWISSAIR, BRITISH AIRWAYS, PLC, d/b/a
BRITISH AIRWAYS, MIDWAY AIRLINES
CORP., d/b/a MIDWAY AIRLINES,
ALITALIA-LINEE AEREE ITALIANE S.p.A.,
d/b/a ALITALIA AIRLINES, SOUTHWEST
AIRLINES, CO., d/b/a SOUTHWEST
AIRLINES, OLYMPIC AIRWAYS-SERVICES,
SA, d/b/a OLYMPIC AIRWAYS and AIR
TRANSPORT ASSOCIATION

Defendants.

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

ORLANDO D'ORO, being first duly sworn, deposes and says, under penalties of perjury:

1.      I am employed by defendant ALITALIA-LINEE AEREE ITALIANE S.p.A. ("ALITALIA") as Vice President of Regulatory Affairs, Alitalia Group, North America & Mexico, and maintain my office at 350 Fifth Avenue, Suite 3700, New York, New York, 10118.

2.      I respectfully submit this Affidavit based on personal knowledge and I attest that if I were called upon to testify in open Court as a witness regarding the contents of this Affidavit, I would be able to offer competent and admissible fact testimony as to the matters stated herein.

3.      This Affidavit is submitted in support of ALITALIA's Removal of this matter from the Superior Court of Middlesex County, in the Commonwealth of Massachusetts.

## ALITALIA IS A FOREIGN STATE

4.      As is more fully set forth in detail below and in the accompanying Memorandum of Law, ALITALIA is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. §1602 et seq. ("FSIA").

5.      ALITALIA was at the time this action was commenced, and now is, a corporation duly organized and existing under the laws of the Republic of Italy.

6.      ALITALIA's principal place of business is in Rome, Italy.

7.      The majority of ALITALIA's capital shares are owned by the Republic of Italy.

8.      ALITALIA is neither a citizen of a State of the United States as defined in 28 U.S.C. §1332(c) and (d), nor has it been created under the laws of any third country.

9.      ALITALIA, therefore, properly qualifies as an agency or instrumentality of a foreign state within the meaning of the FSIA.

10.     As is set forth more fully in the accompanying Memorandum of Law, decisional law in the United States fully supports the proposition that pursuant to the FSIA, ALITALIA is

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA  PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
kcc@p-a.com

December 10, 2004

Clerk of Court - Civil
Middlesex Superior Court
Thorndike Street
East Cambridge, MA  02141

   Re:  Robert J. Harrington, et al. v. Delta Air Lines, Inc., et al.
       Civil Action No. 04-4410

Dear Sir/Madam:

   Enclosed for filing please find a Notice of Removal that has been filed with the
U.S.D.C. and a number issued.  The copy I enclose bears an original stamp from the
U.S.D.C.  Please forward certified copies of your docket and pleadings in the above-
referenced matter.

   Thank you for your attention to the foregoing.

             Very truly yours,

             Kevin C. Cain

KCC/dg
Enc.
603544_1
10586/91018

cc:  Evans J. Carter, Esq.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04-_____

## 04-4410

ROBERT J. HARRINGTON, FAYE BYRON,
CRAIG BUCK, VALERIE L. PAWSON, RAY
DRASNIN, WANDA MILLS, JEFF
GOLUMBUK CAROLINE MARSHALL-
SMITH, ANESIA KALAITZIDIS, KENNETH
IVANOVITZ, ATHANASE KARAGIORGOS,
HARRIET ZALWANGO, MICHAEL BLAU,
KENNETH MICCICHE and JENNIEE
TSOUVRAKAS on behalf of themselves and
others,

                                                    Plaintiffs

v.

DELTA AIR LINES, INC., AMERICAN
AIRLINES, US AIRWAYS GROUP, INC.,
d/b/a US AIRWAYS, NORTHWEST
AIRLINES, UNITED AIRLINES, INC.
ALASKA AIRLINES, CONTINENTAL
AIRLINES, AIR CANADA, CHINA EASTERN
AIRLINES CORPORATION LIMITED, CHINA
SOUTHERN AIRLINES COMPANY LIMITED,
DEUTSCHE LUFTHANSA, A.G., d/b/a
LUFTHANSA AIRLINES, SWISS
INTERNATIONAL AIRLINES LTD, d/b/a
SWISSAIR, BRITISH AIRWAYS, PLC, d/b/a
BRITISH AIRWAYS, MIDWAY AIRLINES
CORP., d/b/a MIDWAY AIRLINES;
ALITALIA-LINEE AEREE ITALIANE S.p.A,
d/b/a ALITALIA AIRLINES, SOUTHWEST
AIRLINES, CO., d/b/a SOUTHWEST
AIRLINES, OLYMPIC AIRWAYS-SERVICES,
SA, d/b/a OLYMPIC AIRWAYS and AIR
TRANSPORT ASSOCIATION,

                                                    Defendants

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR ~  ~~ESSEX

**NOV 04 2004**

_Edward J. Sullivan_
                            CLERK

**COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION**

1836E000011/04/04CIVIL            240.00
1836E000011/04/04SUR CHARGE    15.00
1836E000011/04/04SECC              20.00

## I. INTRODUCTION AND OVERVIEW OF ACTION

1.    The plaintiffs bring this action on behalf of themselves and on behalf of all others similarly
situated, specifically, people who have forfeited airline tickets and/or had nonrefundable

tickets for airline travel and who paid one or more of the following fees or taxes to the defendant airlines:

a.      Passenger facility charge user fee;
b.      Zip tax user fee; and
c.      Foreign landing tax or user fee.

The defendant airlines collect these taxes and fees as a fiduciary in order to pay them to the applicable government agencies but the plaintiff class did not use the airline tickets and the defendant airlines did not pay these fees and taxes to the government agencies but, rather, they wrongfully and unjustly enriched themselves by keeping said funds. The plaintiffs claims are of the "negative value" type as the value of each Class Member's claim is minimal and equitable restitution is being sought. The defendant airlines have hidden and concealed from the plaintiff class the fact that said fees and taxes collected have not been paid to the respective governmental agencies.

## II. PARTIES AND FACTS

2.      The plaintiff, Robert J. Harrington ("Harrington"), has a usual place of business at 7 Central Street, Framingham, Middlesex County, Massachusetts. Harrington purchased an electronic airline ticket on US Airways in September, 2002 and this was a nonrefundable ticket which he did not use.

3.      The plaintiff, Faye Bryon ("Bryon"), has a usual place of business at 7 Central Street, Framingham, Middlesex County, Massachusetts. Bryon purchased an electronic airline ticket on US Airways in September, 2002 and this was a nonrefundable ticket which she did not use.

4.      The plaintiff, Valerie L. Pawson ("Pawson"), has a usual place of business at 88 Black Falcon Avenue, Boston, Suffolk County, Massachusetts. Pawson purchased an airline ticket on Continental Airlines in November, 2002 and this was a nonrefundable ticket which she did not use.

5.      The plaintiff, Jeff Golumbuk ("Golumbuk"), resides at 7889 Clairemont Mesa Boulevard., San Diego, California 92111. Golumbuk purchased an airline ticket on China Eastern Airlines in September, 2002 on China Southern Airlines in September, 2002 and these were nonrefundable tickets which he did not use.

6.      The plaintiff, Craig Buck ("Buck'"), resides at 3078 Quince Street, San Diego, State of California. Buck purchased airline tickets on Alaska Airlines in March, 2002 and on American Airlines in March, 1999 and these were nonrefundable ticket and he did not use them.

7.      The plaintiff, Wanda Mills ("Mills") resides at 4 Mises Road Lady's Island, State of Carolina. Mills purchased airline tickets on Northwest Airlines in August, 2001 and these were nonrefundable tickets which she did not use.

8.  The plaintiff, Michael L. Blau ("Blau") resides in La Jolla, State of California. Blau purchased multiple airline tickets on United Airlines in December, 1998 and these were nonrefundable tickets which he not use.

9.  The plaintiff, Ray Drasnin ("Drasnin"), resides at 4330 Witherby Street, State of California. Drasnin purchased airline tickets on Air Canada in May, 2001 and on Continental in August, 2002 and these were nonrefundable tickets which he not use.

10. The plaintiff, Caroline Marshall-Smith ("Marshall-Smith"), resides in West Yarmouth, Barnstable County, Massachusetts. Marshall-Smith purchased five (5) airline tickets on Delta Airlines, Inc., in May, 2004 and these tickets were nonrefundable tickets which she did not use.

11. The plaintiff, Anesia Kalaitzidis ("Kalaitzidis") resides in Boston, Suffolk County, Massachusetts. Kalaitzidis purchased an airline ticket on Alitalia Airlines January, 2004 and this ticket was a nonrefundable ticket which she did not use.

12. The plaintiff, Athanase Karagiorgos ("Karagiorgos") resides in Newton, Middlesex County, Massachusetts. Karagiorgos purchased an airline ticket on British Airways in March, 2002 and this was a nonrefundable ticket which he did not use.

13. The plaintiff, Harriet Zalwango ("Zalwango") resides in Boston, Suffolk County, Massachusetts. Zalwango purchased an airline ticket on Midway Airlines in March, 2002 and this ticket was a nonrefundable ticket which she did not use.

14. The plaintiff, Kenneth Ivanovitz ("Ivanovitz") resides in Springfield, Hampden County, Massachusetts. Ivanovitz purchased an airline ticket on Swiss Air on November 12, 1998 and this was a nonrefundable ticket which he did not use.

15. The plaintiff, Kenneth Micciche ("Micciche") resides in Natick, Middlesex County, Massachusetts. Micciche purchased an airline ticket on Southwest Airlines in March 2000 and this was a nonrefundable ticket which he did not use.

16. The plaintiff, Jenniee Tsouvrakas ("Tsouvrakas"), resides in Boston, Suffolk County, Massachusetts. Tsouvrakas purchased an airline ticket on Olympic Airways in March, 2000 and this was a nonrefundable ticket which she did not use.

17. The defendant, Delta Air Lines, Inc. ("Delta"), is a Delaware corporation with its executive offices located at 1030 Delta Boulevard, Atlanta, State of Georgia. Delta does business and has qualified to do business in the Commonwealth of Massachusetts.

18. The defendant, American Airlines, Inc. ("American"), is a Delaware corporation with its executive offices at 4333 Amon Carter Boulevard, Fort Worth, State of Texas, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

19.    The defendant, US Airways Group, Inc., d/b/a US Airways ("US Airways"), is a Delaware corporation with its executive offices located at 2345 Capital Drive, Arlington, State of Virginia, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

20.    The defendant, Continental Airlines, Inc. ("Continental"), is a Delaware corporation with its executive offices located at 1600 Smith Street, Houston, State of Texas, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

21.    The defendant, Northwest Airlines, Inc. ("Northwest"), is a Minnesota corporation with its executive offices located at 2700 Lone Oak Parkway, Eagan, State of Minnesota, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

22.    The defendant, United Airlines, Inc. ("United"), is a Delaware corporation with its executive offices located at 1200 E. Algonquin Road, Elk Grove Township, State of 2700 Lone Oak Parkway, Eagan, State of Minnesota, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

23.    The defendant, Air Canada ("Air Canada") is a Canadian corporation with its executive offices located in Montreal, Province of Quebec, Dominion of Canada, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

24.    The defendant, China Eastern Airlines Corporation Limited ("China Eastern") is a corporation organized in China with its executive offices located at 2550 Hoqqiao Road, Shanghai, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

25.    The defendant, China Southern Airlines Corporation Limited ("China Southern") is a corporation organized in China with its executive offices located at Baiyon International Airport, Guang Zhuu, Guangdong 510405, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

26.    The defendant, Deutsche Lufthansa, A.G., d/b/a Lufthansa Airlines (Lufthansa Airlines) is a corporation organized in Germany, with its executive offices located at Cologne, Germany and it does business and has qualified to do business in the Commonwealth of Massachusetts.

27.    The defendant, Swiss International Airlines Ltd, d/b/a Swissair ("Swiss air") is a corporation organized in Switzerland with executive offices in Basel, Switzerland, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

28.    The defendant, British Airways, PLC d/b/a British Airways ("British Airways"), is a corporation organized in Great Briton with executive in Harmondsworth, Great Britain and it does business and has qualified to do business in the Commonwealth of Massachusetts,

29.   The defendant, Midway Airlines Corp., d/b/a Midway Airlines ("Midway Airlines") is a corporation with executive offices at Durham, North Carolina and it does business and has qualified to do business in the Commonwealth of Massachusetts.

30.   The defendant, Alitalia-Linee Aeree Italiane S.p.A, d/b/a Alitalia Airlines ("Alitalia Airlines'), is an Italian corporation with executive offices in Rome, Italy and it does business and has qualified to do business in the Commonwealth of Massachusetts.

31.   The defendant Southwest Airlines Co., d/b/a Southwest Airlines ("Southwest Airlines") is a Texas corporation with executive offices in Dallas, Texas and it does business and has qualified to do business in the Commonwealth of Massachusetts.

32.   The defendant, Olympic Airways-Services, SA, d/b/a Olympic Airways, is a Greek corporation with executive offices in Athens, Greece and it does business and has qualified to do business in the Commonwealth of Massachusetts.

33.   The defendant, Air Transport Association ("ATA"), is a corporation with its executive offices at 1301 Pennsylvania Avenue, N.W., Washington, D.C. ATA is the primary trade group for airlines and it assists airlines in looking for ways to reduce costs, maximize efficiency and increase profitability of its member airlines, which is most of the passenger airlines that fly in or to the USA. ATA provides expertise, guidance and assistance to its member airlines and Bruce Bishins, CTC, on behalf of travel agents and passengers, on several occasions, requested that ATA rectify and clarify the matter of airlines' refusal to return unused foreign taxes and user fees on nonrefundable or forfeited tickets but to no avail. ATA saw this as a matter which could have potentially serious implications and refused to take any position or responsibility for this "unjust enrichment' except to advise its members that there would be no policy covering these matter. As a result of ATA's position (or lack thereof), even though its officers knew that its members were violating the law, it has steadfastly refused to advise its members as to what should be done or to establish any policies. ATA was advised by Mr. Bishins that it was aiding and abetting unfair trade practices.

## III. CLASS ACTION ALLEGATIONS

34.   Plaintiffs file this action as a Class Action pursuant to M.R.C.P. 23 on their own behalf and on behalf of all other purchasers of airline tickets that were not used and/or non refundable.

35.   It is estimated that there are tens of thousands of people and entities who purchased airline tickets that they did not use them and/or purchased nonrefundable tickets. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members can be determined only by appropriate discovery, the plaintiffs believe that such Class Members number in excess of tens of thousands of separate people or entities.

36.   There are three (3) categories of Class Members, people or entities who, during the Class Period, November 1, 1998 to date, forfeited and/or purchased nonrefundable airline tickets and paid one or more of the following taxes:

a.     Passenger facility charge user fee;
b.     Zip tax user fee; and
c.     Foreign landing tax or user fee.

37.     The plaintiffs' claims are typical of the claims of the Members of the Class. The plaintiffs and all members of the Class sustained damages as a result of the defendants' wrongful conduct, as described in this complaint.

38.     The plaintiffs will fairly and adequately protect the interests of the Members of the Class, and they have retained counsel competent and experienced in class action litigation.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The losses suffered by all of the Class Members are relatively small, albeit significant, and of so-called negative value variety where it would not make sense to file a complaint individually. Thus, the expense and burden of individual litigation makes it impractical for most Class Members, individually, to seek redress for the wrongful conduct alleged in this action.

40.     Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

a.     Did the defendant airlines wrongfully retain for their own use the collected passenger facilities charge user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

b.     Did he defendant airlines wrongfully retain for their own use the collected zip tax user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

c.     Did he defendant airlines wrongfully retain for their own use the collected foreign landing tax or user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

41.     The plaintiffs know of no difficulty which will be encountered in the management of this litigation that would preclude its maintenance as a class action.

42.     Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of litigating individual lawsuits. Additionally, class certification in this matter would not impose any undue burden upon the court and will foster judicial economy. In this case, the certification of the class is appropriate as it would not complicate or delay disposition of the case, the defendants would suffer no prejudice as a result of certification and where certification would assure the Class Members that the defendant airlines would not evade their responsibilities in implementing any court orders.

43. The names and addresses of all Class Members are available from the defendant airlines and notice will be provided to Class Members via first-class mail using techniques and a notice approved by this court.

## IV. CAUSES OF ACTION

### COUNT I

### (Declaratory Judgment, G.L. Chapter 231A, Section 2)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 43, inclusive, as if fully set forth herein.

44. As defined by G.L. Chapter 231A, Section 2, an actual dispute and controversy exists as to whether the defendant airlines owe the plaintiffs' and the Class Members' refunds and equitable restitution for the following taxes and/or fees paid to the airlines but not paid by the airlines to the appropriate governmental agency. These fees and taxes include:

    a.    Passenger facility charge user fees;
    b.    Zip tax user fees; and
    c.    Foreign landing tax or user fees.

### COUNT II

### (Civil Conspiracy and Unjust Enrichment)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 44, inclusive, as if fully set forth herein.

45. The defendant airlines and ATA have joined together and committed a civil conspiracy to unjustly enrich themselves with a manifest common plan of not informing the plaintiffs and the Class Members of their rights to refunds and the airline defendants were willing participants of the common plan and its execution to wrongfully retain said funds and each took affirmative steps required in order to achieve this desired result. On several occasions, ATA has been contacted as to the claims made herein of the airlines' refusal to return unused foreign taxes and user fees on nonrefundable or forfeited ticket but to no avail.

46. As a result of the defendants' conduct, the plaintiffs and the Class Members have suffered monetary losses and the defendants are, or should be, jointly and severally liable to the plaintiffs and the Class Members for making restitution as prayed for herein.

## COUNT III

### (Breach of Fiduciary Duty)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 46, inclusive, as if fully set forth herein.

47.  Each of the defendant airlines' actions, voluntarily undertaken, induced a fiduciary relationship with the plaintiffs and the Class Members.

48.  Each of the defendants knew, or should have known, that the plaintiffs and the Class Members did not understand that they were entitled to a refund.

49.  With regard to the plaintiffs and the Class Members purchasing airline tickets, each of the defendants dominated them, causing special circumstances which created or contributed to a fiduciary relationship.

50.  Each of the defendant airlines owed a fiduciary duty to the plaintiffs and the Class Members whereby they were obligated to:

   a.  Disclose information they would otherwise have no duty to disclose.
   b.  Refrain from self-dealing.
   c.  Do nothing which could hurt the interests of the plaintiffs and the Class Members.
   d.  Generally owe a duty of utmost good faith and loyalty.

51.  By the above-stated conduct, each of the defendant airlines breached these duties owed to the plaintiffs and the Class Members who incurred damages as a result thereof.

## COUNT IV

### (Breach of Contract)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 51, inclusive, as if fully set forth herein.

52.  By the above stated actions, each of the defendant airlines have breached their agreement with the plaintiffs and the Class Members who, as a direct result, have incurred monetary damages plus interest, costs and attorneys' fees.

## COUNT V

### (Breach of Good Faith and Fair Dealing)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 52, inclusive, as if fully set forth herein.

53.   Each of the defendant airlines owed to the plaintiffs and the Class Members a covenant of good faith and fair dealing and the defendants breached said covenant as more fully described above.

54.   As a result of each of the defendant airlines' breach of the covenant of good faith and fair dealing, the plaintiffs and the Class Members have incurred monetary damages plus interest, costs and attorneys' fees.

## VI. **PRAYERS FOR RELIEF**

Wherefore, plaintiffs, on their own behalf and on behalf of others similarly situated (Class Members), pray for judgement as follows:

1.   Declare this action to be a Class Action;

2.   Enter a declaratory judgment determining that the defendant airlines have wrongfully retained taxes and fees from the plaintiffs and the Class Members.

3.   Award to the plaintiffs and to all Class Members restitution of all monies paid and wrongfully retained by the defendant airlines.

4.   Treble the restitutionary amounts awarded;

5.   Issue a permanent injunction to prevent the defendant airlines from retaining said fees and taxes in the future.

6.   Appoint an independent authority to review and assess the restitutionary claims of all Class Members.

7.   Award plaintiffs their costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

8.   Award to plaintiffs and to all Class Members such other and further relief as this court may deem meet, just and proper.

## VI. **CLASS ACTION STATUS**

The plaintiffs and Class Members request that this matter be certified as a class action pursuant to Mass. R. Civ. P. 23.

## VIII.  JURY CLAIM

The plaintiffs and the Class Members demand a trial by jury on all issues so triable.

> Robert J. Harrington, Faye Byron, Craig Buck, Valerie L.
> Pawson, Jeff Golumbuk, Ray Drasnin, Wanda Mills,
> Caroline Marshall-Smith, Anesia Kalaitzidis, Kenneth
> Ivanovitz, Athanase Karagiorgos, Harriet Zalwango,
> Michael Blau and Kenneth Micciche, individually and on
> behalf of themselves and Class Members,
> Plaintiffs
> By their Attorney,
>
>
>
> Evans J. Carter (BBO #076560)
> HARGRAVES, KARB, WILCOX & GALVANI, LLP
> 550 Cochituate Road - P.O. Box 966
> Framingham, MA  01701-0966
> (508) 620-0140

Dated: November 4, 2004

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-4410 | Trial Court of Massachusetts Superior Court Department County: MIDDLESEX |
|---|---|---|

| PLAINTIFF(S) ROBERT J. HARRINGTON, ET AL. | DEFENDANT(S) DELTA AIRLINES, INC., ET AL. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Evans J. Carter, Esq.  (508-620-0140) HARGRAVES, KARB, WILCOX & GALVANI, LLP 550 Cochituate Road  P.O. Box 966 Framingham, MA 01701-0966 Board of Bar Overseers Number: 076560 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.       TYPE OF ACTION (specify)     TRACK        IS THIS A JURY CASE?

D99            RESTITUTION                  ( F )        (X) Yes     ~~( ) No~~

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .

Subtotal $ . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . $ . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . $ . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
F. Other documented items of damages (describe)

$ . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ . . . . . . . . . . .
TOTAL $ . . . . . . . . . . .

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR
NOV 04 2004
Edward J. Sullivan
CLERK

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

The complaint is a G.L. Chapter 93A class action against 16 airlines for restitution. Jurisdiction is exclusively with the Superior Court, estimated to be in excess of

TOTAL $. 50,000,000 . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____     DATE: 11/03/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
Case Summary
Civil Docket

# MICV2004-04410
## Harrington et al v Delta Air Lines, Inc. et al

| | | | |
|---|---|---|---|
| **File Date** | 11/04/2004 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 12/20/2004 | **Session** | E - Cv E (7B Cambridge) |
| **Origin** | 1 | **Case Type** | D99 - Misc equitable remedy |
| **Lead Case** | | **Track** | F |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 02/02/2005 | **Answer** | 04/03/2005 | **Rule12/19/20** | 04/03/2005 |
| **Rule 15** | 04/03/2005 | **Discovery** | 08/31/2005 | **Rule 56** | 09/30/2005 |
| **Final PTC** | 10/30/2005 | **Disposition** | 12/29/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Robert J. Harrington
7 Central Street
Active 11/04/2004

**Private Counsel 657299**
SHERI F MURRY
385 BROADWAY, SUITE 201
Revere, MA 02151
Phone: 781-286-1560
Active 11/04/2004 Notify

**Plaintiff**
Faye Bryon
7 Central Street
Active 11/04/2004

**Private Counsel 076560**
Evans J Carter
Hargraves Karb Wilcox & Galvani
550 Cochituate Road
PO Box 966
Framingham, MA 01701-0966
Phone: 508-620-0140
Fax: 508-875-7728
Active 11/04/2004 Notify

**Plaintiff**
Valerie L. Pawson
88 Black Falcon Avenue
Active 11/04/2004

*** See Attorney Information Above ***

**Plaintiff**
Jeff Golumbuk
7880 Clairemont Mesa Boulevard
San Diego, CA 92111
Active 11/04/2004

*** See Attorney Information Above ***

MAS-20031124
gilmanr

Case 1:04-cv-12558-NMG    Document 3-2    Filed 12/23/2004    Page 5 of 12
Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

12/20/2004
11:27 AM

## MICV2004-04410
## Harrington et al v Delta Air Lines, Inc. et al

| | |
|---|---|
| **Plaintiff**<br>Craig Buck<br>3078 Quince Street<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Wanda Mills<br>4 Mises Road Lady's Island<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Michael L. Blau<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Ray Drasnin<br>4330 Witherby Street<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Caroline Marshall- Smith<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Anesia Kalatizidis<br>Active 11/04/2004 | *** See Attorney Information Above *** |

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2004-04410
## Harrington et al v Delta Air Lines, Inc. et al

| | |
|---|---|
| **Plaintiff**<br>Athanase Karagiorgos<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Harriet Zalwango<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Kenenth Ivanovitz<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Kenneth Miciche<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Jenniee Tsouvrakas<br>Active 11/04/2004 | *** See Attorney Information Above *** |
| **Defendant**<br>Delta Air Lines, Inc.<br>1030 Delta Boulevard<br>Service pending 11/04/2004 | **Private Counsel 630625**<br>Matthew A Porter<br>Dechert LLP<br>200 Clarendon Street<br>27th Floor<br>Boston, MA 02116<br>Phone: 617-728-7126<br>Fax: 617-426-6567<br>Active 12/03/2004 Notify |

MAS-20031124
gilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

12/20/2004
11:27 AM

## MICV2004-04410
## Harrington et al v Delta Air Lines, Inc. et al

| | |
|---|---|
| **Defendant**<br>American Airlines, Inc.<br>4333 Amon Carter Boulevard<br>Service pending 11/04/2004 | *** See Attorney Information Above *** |
| **Defendant**<br>US Airways Group, Inc., d/b/a US Airways<br>2345 Capital Drive<br>Voluntarily dismissed--plaintiff 11/18/2004 | |
| **Defendant**<br>Continental Airlines, Inc.<br>1600 Smith Street<br>Service pending 11/04/2004 | **Private Counsel 630625**<br>Matthew A Porter<br>Dechert LLP<br>200 Clarendon Street<br>27th Floor<br>Boston, MA 02116<br>Phone: 617-728-7126<br>Fax: 617-426-6567<br>Active 12/03/2004 Notify |
| **Defendant**<br>Northwest Airlines, Inc.<br>2700 Lone Oak Parkway<br>Served: 11/15/2004<br>Served (answr pending) 11/15/2004 | *** See Attorney Information Above *** |
| **Defendant**<br>United Arilines, Inc.<br>Voluntarily dismissed--plaintiff 11/18/2004 | |
| **Defendant**<br>Air Canada<br>Voluntarily dismissed--plaintiff 11/18/2004 | |

MAS-20031124
gilmanr

Case 1:04-cv-12558-NMG    Document 3-2    Filed 12/23/2004    Page 8 of 12

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

12/20/2004
11:27 AM

## MICV2004-04410
### Harrington et al v Delta Air Lines, Inc. et al

**Defendant**
China Eastern Airlines Corportion Limited
2550 Hoqqiao Road
Service pending 11/04/2004

**Defendant**
China Southern Airlines Corporation Limited
Baiyon International Airport
Guangdong, CN
Service pending 11/04/2004

**Defendant**
Deutsche Lufthansa A.G. d/b/a Lufthansa Airlines
Served: 11/10/2004
Served (answr pending) 11/10/2004

**Defendant**
Swiss International Airlines Ltd., d/b/a Swissair
Served: 11/10/2004
Voluntarily dismissed--plaintiff 12/06/2004

**Defendant**
British Airways, PLC d/b/a British Airways
Served: 11/15/2004
Served (answr pending) 11/15/2004

**Defendant**
Midway Airlines Corp., d/b/a Midway Airlines
Voluntarily dismissed--plaintiff 11/18/2004

gilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

12/20/2004
11:27 AM

## MICV2004-04410
## Harrington et al v Delta Air Lines, Inc. et al

**Defendant**
Alaska Airlines, Inc.
Service pending 11/04/2004

**Defendant**
Alitalia-Linee Aeree Italiane S.p.A, d/b/a Alitalia
Airlines
Served: 11/16/2004
Served (answr pending) 11/16/2004

**Private Counsel 550055**
Kevin C Cain
Peabody & Arnold
30 Rowes Wharf
Boston, MA 02110-
Phone: 617-951-2045
Fax: 617-951-2125
Active 12/20/2004 Notify

**Defendant**
Southwest Airlines Company d/b/a Southwest
Airlines
Service pending 11/04/2004

**Private Counsel 630625**
Matthew A Porter
Dechert LLP
200 Clarendon Street
27th Floor
Boston, MA 02116
Phone: 617-728-7126
Fax: 617-426-6567
Active 12/03/2004 Notify

**Defendant**
Olympic Airways-Services, SA, d/b/a Olympic
Airways
Served: 11/10/2004
Served (answr pending) 11/10/2004

**Defendant**
AirTransport Association
1301 Pennsylvania Avenue N.W.
Service pending 11/04/2004

**Private Counsel 630625**
Matthew A Porter
Dechert LLP
200 Clarendon Street
27th Floor
Boston, MA 02116
Phone: 617-728-7126
Fax: 617-426-6567
Active 12/03/2004 Notify

| Date | Paper | Text |
|---|---|---|
| | | **ENTRIES** |
| 11/04/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 11/04/2004 | | Origin 1, Type D99, Track F. |
| 11/18/2004 | 2.0 | Plffs' Notice of voluntary dismissal (41a.l.i) against defts US |
| | | Airways Group, Inc., d/b/a US Airways, United Ariiines, Inc., Air |

case01 199789 y y y y n n

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
Case Summary
Civil Docket

## MICV2004-04410
### Harrington et al v Delta Air Lines, Inc. et al

| Date | Paper | Text |
|---|---|---|
| | 2.0 | Canada & Midway Airlines Corp., d/b/a Midway Airlines (ONLY) Without Prejudice, as they are presently in bankruptcy. |
| 12/02/2004 | 3.0 | Stipulation to extend time to answer or otherwise respond to the complaint up to and including 1/6/05 |
| 12/02/2004 | 4.0 | Stipulation to extend time for Delta Air Lines, Inc., American Airlines, Inc., Northwest Airlines, Inc., Alaska Airlines, Inc., Continental Airlines, Inc., Southwest Airlines Company d/b/a Southwest Airlines & AirTransport Association to file an answer/responsive pleading to the complaint to and including January 31, 2005 |
| 12/03/2004 | 5.0 | SERVICE RETURNED: Olympic Airways-Services, SA, d/b/a Olympic Airways(Defendant) 11/10/04 by Registered mail return receipt attached, 96, Sygrou Av. 11741 Athens, Greece |
| 12/03/2004 | 6.0 | SERVICE RETURNED: Northwest Airlines, Inc.(Defendant) 11/15/04 by certified mail return receipt attached, John H. Dasburg, President, 2700 Lone Oak Parkway, Magan, MN 55111 |
| 12/03/2004 | 7.0 | SERVICE RETURNED: Alitalia-Linee Aeree Italiane S.p.A, d/b/a Alitalia Airlines(Defendant) 11/16/04 by certified mail return receipt attached, Giolio Libuti, Vice President, Empire State Building, Suite 3700, New York, NY 10118-3799 |
| 12/03/2004 | 8.0 | SERVICE RETURNED: British Airways, PLC d/b/a British Airways(Defendant) 11/15/04 by certified mail return receipt attached, President & CEO, 75-20 Astoria Boulevard, Jackson Heights, NY 11370 |
| 12/03/2004 | 9.0 | SERVICE RETURNED: Swiss International Airlines Ltd., d/b/a Swissair(Defendant) 11/10/04 by Registered mail return receipt attached, Andre Dose, President, 4051 Aeschenvorstadt 4, Basel, Switzerland, FF 00000 CHE |
| 12/03/2004 | 10.0 | SERVICE RETURNED: Deutsche Lufthansa A.G. d/b/a Lufthansa Airlines(Defendant) 11/10/04 by Registered mail return receipt attached, Wolfgang Mayrhuber, CEO, Von-Gablenz-Strasse 2-6, Cologne, Germany 50679 |
| 12/06/2004 | | Notice of voluntary dismissal without prejudice, of the defendant Swiss International Airlines LTD, d/b/a Swiss Air ONLY |
| 12/20/2004 | 11.0 | Case REMOVED this date to US District Court of Massachusetts by defendant Alitalia-Linee Aree Itliane, SpA |
| 12/20/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04-4410E

ROBERT J. HARRINGTON, et al.,

Plaintiffs

v.

DELTA AIR LINES, INC., et al.,

Defendants

## PLAINTIFFS' DISMISSAL, WITHOUT PREJUDICE, OF THE DEFENDANTS, US AIRWAYS GROUP, INC., D/B/A US AIRWAYS, UNITED AIRLINES, AIR CANADA AND MIDWAY AIRLINES

The plaintiffs herewith dismiss, without prejudice, the complaints against the defendants, US Airways Group, Inc., d/b/a US Airways, United Airlines, Air Canada and Midway Airlines as each of these defendants are presently in bankruptcy.

Robert J. Harrington, et al.
Plaintiffs
By their Attorney,

Evans J. Carter (BBO #076560)
HARGRAVES, KARB, WILCOX & GALVANI, LLP
550 Cochituate Road - P.O. Box 966
Framingham, MA  01701-0966
(508) 620-0140

Dated:  November 17, 2004