UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------x
                           :

ROBERT J. HARRINGTON, FAYE BYRON,
CRAIG BUCK, VALERIE L. PAWSON,              04 12558 NMG
RAY DRASNIN, WANDA MILLS, JEFF          :
GOLUMBUK, CAROLINE MARSHALL-
SMITH, ANESIA KALAITZIDIS,           :  **ANSWER**
KENNETH IVANOVITZ, ATHANASE
KARAGIORGOS, HARRIET ZALWANGO.   :
MICHAEL BLAU, KENNETH MICCICHE
and JENNIEE TSOUVRAKAS, on behalf of   :
themselves and others,

                           :

        Plaintiffs,

                           :

    - against -

                           :

DELTA AIRLINES, INC., AMERICAN
AIRLINES, US AIRWAYS GROUP, INC.,   :
d/b/a US AIRWAYS, NORTHWEST
AIRLINES, UNITED AIRLINES, INC.,     :
ALASKA AIRLINES, CONTINENTAL
AIRLINES, AIR CANADA, OLYMPIC     :
AIRLINES CORPORATION LIMITED,
CHINA SOUTHERN AIRLINES COMPANY  :
LIMITED, DEUTSCHE LUFTHANSA, A.G.,
d/b/a LUFTHANSA AIRLINES, SWISS    :
INTERNATIONAL AIRLINES LTD., d/b/a
SWISSAIR, BRITISH AIRWAYS, PLC, d/b/a  :
BRITISH AIRWAYS, MIDWAY AIRLINES
CORP., d/b/a MIDWAY AIRLINES,     :
ALITALIA-LINEE AEREE ITALIANE S.p.A.,
d/b/a ALITALIA AIRLINES, SOUTHWEST  :
AIRLINES, CO., d/b/a SOUTHWEST
AIRLINES, CHINA SOUTHERN AIRWAYS-  :
SERVICES, SA, d/b/a CHINA SOUTHERN
AIRWAYS and AIR TRANSPORT      :
ASSOCIATION,

                           :

        Defendants.

-------------------------------------------------------------------x

Defendant China Southern Airlines Company Limited, by its attorneys Campbell, Campbell & Edwards and Condon & Forsyth LLP, answers plaintiffs' Complaint, Jury Claim and Request for Class Certification ("Complaint") as follows:

## AS TO INTRODUCTION AND OVERVIEW OF ACTION

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint to the extent they are directed at parties other than CHINA SOUTHERN. CHINA SOUTHERN specifically denies the allegations in paragraph 1 of the Complaint to the extent they are directed toward CHINA SOUTHERN or can be construed to assert a claim against CHINA SOUTHERN, and leaves all questions of law for the Court.

## AS TO PARTIES AND FACTS

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and 33 of the Complaint except admits that plaintiff Jeff Golumbuk purchased an airline ticket for travel on CHINA SOUTHERN, that CHINA SOUTHERN is a foreign corporation organized and existing under the laws of China with its executive offices located at Baiyon International Airport, Guang Zhuu, Guandong 510405, China, and leaves all questions of law for the Court.

## AS TO CLASS ACTION ALLEGATIONS

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 34, 38, and 41 of the Complaint, and leaves all questions of law for the Court.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 35, 36, 37, 39, 40, 42 and 43 of the Complaint to the extent they are

directed at parties other than CHINA SOUTHERN. CHINA SOUTHERN specifically denies the allegations in paragraphs 35, 36, 37, 39, 40, 42 and 43 of the Complaint to the extent they are directed toward CHINA SOUTHERN or can be construed to assert a claim against CHINA SOUTHERN, and leaves all questions of law for the Court.

## AS TO COUNT I

5.     In response to the introductory paragraph of Count I of the Complaint, CHINA SOUTHERN repeats, reiterates and realleges each and every response contained in paragraphs 1 through 4 of this Answer with the same force and effect as if set forth fully and at length herein.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint to the extent they are directed at parties other than CHINA SOUTHERN. CHINA SOUTHERN specifically denies the allegations in paragraph 44 of the Complaint to the extent they are directed toward CHINA SOUTHERN or can be construed to assert a claim against CHINA SOUTHERN, and leaves all questions of law for the Court.

## AS TO COUNT II

7.     In response to the introductory paragraph of Count II of the Complaint, CHINA SOUTHERN repeats, reiterates and realleges each and every response contained in paragraphs 1 through 6 of this Answer with the same force and effect as if set forth fully and at length herein.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 45 and 46 of the Complaint to the extent they are directed at parties other than CHINA SOUTHERN. CHINA SOUTHERN specifically denies the allegations in paragraphs 45 and 46 of the Complaint to the extent they are directed toward CHINA SOUTHERN or can be construed to assert a claim against CHINA SOUTHERN, and leaves all questions of law for the Court.

## AS TO COUNT III

9.     In response to the introductory paragraph of Count III of the Complaint, CHINA SOUTHERN repeats, reiterates and realleges each and every response contained in paragraphs 1 through 8 of this Answer with the same force and effect as if set forth fully and at length herein.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 47, 48, 49, 50 and 51 of the Complaint to the extent they are directed at parties other than CHINA SOUTHERN.    CHINA SOUTHERN specifically denies the allegations in paragraphs 47, 48, 49, 50 and 51 of the Complaint to the extent they are directed toward CHINA SOUTHERN or can be construed to assert a claim against CHINA SOUTHERN, and leaves all questions of law for the Court.

## AS TO COUNT IV

11.     In response to the introductory paragraph of Count IV of the Complaint, CHINA SOUTHERN repeats, reiterates and realleges each and every response contained in paragraphs 1 through 10 of this Answer with the same force and effect as if set forth fully and at length herein.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint to the extent they are directed at parties other than CHINA SOUTHERN.  CHINA SOUTHERN specifically denies the allegations in paragraph 52 of the Complaint to the extent they are directed toward CHINA SOUTHERN or can be construed to assert a claim against CHINA SOUTHERN, and leaves all questions of law for the Court.

## AS TO COUNT V

13.     In response to the introductory paragraph of Count V of the Complaint, CHINA SOUTHERN repeats, reiterates and realleges each and every response contained in paragraphs 1 through 12 of this Answer with the same force and effect as if set forth fully and at length herein.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 53 and 54 of the Complaint to the extent they are directed at parties other than CHINA SOUTHERN.  CHINA SOUTHERN specifically denies the allegations in paragraphs 53 and 54 of the Complaint to the extent they are directed toward CHINA SOUTHERN or can be construed to assert a claim against CHINA SOUTHERN, and leaves all questions of law for the Court.

## AS TO CLASS ACTION STATUS

15.    CHINA SOUTHERN denies the allegations contained in the Complaint that this matter can be certified as a class action jointly against all airline defendants or individually against any airline.

## AS TO JURY CLAIM

16.    CHINA SOUTHERN denies the allegations contained in Complaint demanding a jury trial.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

17.    The Complaint fails to state a claim against CHINA SOUTHERN upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

18.    The Class Representative fails to state a claim against CHINA SOUTHERN upon which relief can be granted.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

19.    CHINA SOUTHERN is a "foreign state" as that term is defined in 28 U.S.C. §

1603 and, therefore, is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976, Pub. L. 94-853, 90 Stat. 2891 *codified at* 28 U.S.C. §§ 1330, 1332, 1391 (f), 1441 (d) and 1602-1611.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

20.    The Court lacks personal jurisdiction over the person of CHINA SOUTHERN.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

21.    The Complaint should be dismissed for improper service of process.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

22.    Plaintiffs' state law claims constitute a suit for recovery of a United States federal tax and are barred by 26 U.S.C. § 7422.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

23.    Plaintiffs' claims against CHINA SOUTHERN are preempted by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. § 40101 *et seq.*), and 49 U.S.C. § 41713.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

24.    Plaintiffs' are not entitled to the claimed refund as they have failed to comply with the relevant requirements or conditions precedent to obtain the claimed refund.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

25.    Pursuant to its tariffs and contract of transportation, CHINA SOUTHERN is not

liable to plaintiffs.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

26.   CHINA SOUTHERN performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by CHINA SOUTHERN, in accordance with such terms and conditions of contract.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

27.   Plaintiffs' claims are barred by the relevant statute of limitations set forth by federal and Massachusetts law.

## AS AND FOR AN TWELFTH
## AFFIRMATIVE DEFENSE

28.   No fiduciary relationship exists between CHINA SOUTHERN and plaintiffs.

## AS AND FOR AN THIRTEEN
## AFFIRMATIVE DEFENSE

29.   Plaintiffs' remedy, if any, for the claimed refunds of taxes/fees/charges is not properly against CHINA SOUTHERN but rather is against the governmental or non-governmental entity to whom the taxes/fees/charges were remitted.

## AS AND FOR AN FOURTEENTH
## AFFIRMATIVE DEFENSE

30.   Plaintiffs' class action suit is not permitted under the Federal Rules of Civil Procedure.

WHEREFORE, defendant CHINA SOUTHERN demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements.

Dated: January 25, 2005

By:____/s/ Kathleen M. Guilfoyle_____
       Kathleen M. Guilfoyle, BBO #546512
       CAMPBELL CAMPBELL EDWARDS
       & CONROY P.C.
       One Constitution Plaza
       Boston, Massachusetts 02129
       (617) 241-3000

          -and-

       CONDON & FORSYTH LLP
       Thomas J. Whalen, Esq.
       685 Third Avenue
       New York, New York 10017
       (212) 490-9100

       Attorneys for Defendant
       CHINA SOUTHERN AIRLINES COMPANY LTD

To:    Evans J. Carter, Esq.
       HARGARVES, KARB, WILCOX & GALVANI, LLP
       550 Cochituate Road – P.O. Box 966
       Framingham, MA  01701-0966
       (508) 620-0140
       Attorneys for Plaintiffs

       Sheri F. Murry, Esq.
       385 Broadway, Suite 201
       Revere, MA  02151
       (781) 286-1560
       Attorney for Plaintiff
       Robert J. Harrington

       Matthew A. Porter, Esq.
       Michael S. Shin, Esq.
       DECHERT LLP
       200 Clarendon Street
       27th Floor
       Boston, MA  02116
       (617) 728-7100
       Attorneys for Defendants
       Delta Air Lines, Inc.,
       American Airlines, Inc., Northwest
       Airlines, Inc., Alaska Airlines, Inc.
       Continental Airlines, Inc., Southwest
       Airlines Co., and Air Transport
       Association of America, Inc.

       Andrew J. Harakas, Esq.
       CONDON & FORSYTH LLP
       685 Third Avenue
       New York, New York 10017
       Attorneys for Defendant
       Olympic Airways, SA

David W. Ogden, Esq.
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2445 M Street, NW
Washington, DC  20037-1420
(202) 663-6000
Attorneys for Defendant
Deutsche Lufthansa, A.G. d/b/a
Lufthansa Airlines

Kevin C. Cain, Esq.
PEABODY & ARNOLD
30 Rowes Wharf
Boston, MA  02110
(617) 951-2045
Attorneys for Defendants
Alitalia-Linee Aeree Italiane S.p.A., d/b/a
Alitalia Airlines

British Airways PLC
75-20 Astoria Boulevard
Jackson Heights, NY  11370