UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HARRINGTON, et al., ) <br> ) <br> Plaintiffs ) <br> v. ) <br> ) <br> DELTA AIR LINES, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 04-12558-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AIR TRANSPORT ASSOCIATION OF AMERICA, INC. TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Air Transport Association of America, Inc. ("ATA"), by its attorneys, respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Plaintiffs' Complaint, Jury Claim and Request for Class Certification (the "Complaint") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[1]

**INTRODUCTION AND SUMMARY OF ARGUMENT**

The Complaint contains only two references to ATA, neither of which provides a sufficient basis for this Court to assert jurisdiction over ATA. In the first reference, the Complaint alleges that ATA is the primary trade group for airlines and provides "expertise, guidance and assistance to its members." Complaint, ¶ 33. The Complaint further alleges that

> Bruce Bishins, CTC, on behalf of travel agents and passengers, on several occasions, requested that ATA rectify and clarify the matter of airlines' refusal to return unused foreign taxes and user fees on nonrefundable or forfeited tickets but to no avail. ATA saw this as a matter which could have potentially serious implications and refused to take any position or responsibility for this "unjust

---

[1] ATA, along with Defendants Delta Air Lines, Inc., American Airlines, Inc., Northwest Airlines, Inc., Alaska Airlines, Inc., Continental Airlines, Inc., and Southwest Airlines Co. (collectively the "Domestic Defendants"), is also filing contemporaneously herewith a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The arguments set forth in those motion papers are incorporated herein by reference.

enrichment' [sic] except to advise its members that there would be no policy covering these matter [sic]. As a result of ATA's position (or lack thereof), even though its officers knew that its members were violating the law, it has steadfastly refused to advise its members as to what should be done or to establish any policies. ATA was advised by Mr. Bishins that it was aiding and abetting unfair trade practices.

Id.

The second reference to ATA is in Count II, which alleges a civil conspiracy and unjust enrichment. Specifically, the Complaint alleges that the defendant airlines and ATA "have joined together and committed a civil conspiracy to unjustly enrich themselves with a manifest common plan of not informing the plaintiffs and the Class Members of their rights to refunds" and that ATA has been contacted regarding the Plaintiffs' claims in this case. Id. ¶ 45.

Even assuming for the purposes of this motion that they are true, these two sets of allegations against ATA are entirely insufficient to provide a basis on which this Court can assert personal jurisdiction -- either general or specific -- over ATA. ATA is a nonprofit, nonstock trade association with, as the Plaintiffs acknowledge in the Complaint, offices in the District of Columbia.[2] As a trade association, ATA does not engage in the activities at issue in this case: it does not sell, issue, or distribute tickets for air transportation, nor does it collect, retain, or otherwise handle taxes or fees associated with passenger air transportation. Moreover, the Plaintiffs have not identified *any* alleged conduct by ATA in Massachusetts. While the Complaint expressly alleges that certain of the defendant airlines "do[] business and [are] qualified to do business in the Commonwealth of Massachusetts," Complaint, ¶¶ 17-32, it makes no such allegation as to ATA. Accordingly, for the reasons set forth more fully below, the

---

[2] The Plaintiffs correctly identify ATA as a corporation with its executive offices in the District of Columbia. See Complaint, ¶ 33. In addition, ATA is incorporated in and a citizen of the District of Columbia. See Berg Aff., ¶5; see also Strotek v. Air Transport Ass'n of Am., 300 F.3d 1129, 1130 (9th Cir. 2002) (holding that as an incorporated trade association ATA is a citizen of the District of Columbia for diversity jurisdiction purposes). Moreover, no ATA-member airline is incorporated in Massachusetts. See Berg Aff., ¶5.

allegations in the Complaint as to ATA do not provide an adequate basis for this Court to assert personal jurisdiction over ATA. Therefore, the Complaint must be dismissed as to ATA for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## ARGUMENT & AUTHORITIES

It is well settled that to establish personal jurisdiction over a defendant, a plaintiff must meet both (1) the requirements of the Massachusetts long-arm statute, Mass. Gen. Laws. c. 223A, § 3, and (2) the basic due process requirements of the United States Constitution. See Nowak v. Tak How Inv., Ltd., 94 F.3d 708, 712 (1st Cir. 1996).

The Plaintiffs in this case bear the burden of demonstrating the existence of personal jurisdiction over ATA. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003). Thus, unless the Plaintiffs can set forth "specific facts" upon which this Court can assert personal jurisdiction over ATA and, in addition, provide "affirmative proof" of those facts, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). See Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992).

Here, the Plaintiffs cannot satisfy either the requirements of the Massachusetts long-arm statute or the requirements of the due process clause because they have not provided *any* specific facts, let alone affirmative proof, to support personal jurisdiction over ATA in Massachusetts. See Noonan v. The Winston Co., 902 F. Supp. 298, 302 (D. Mass. 1995), aff'd, 135 F.3d 85 (1st Cir. 1998). Accordingly, the Complaint must be dismissed as to ATA.

### A. The Massachusetts Long-Arm Statute Does Not Authorize Personal Jurisdiction Over ATA.

Under the Massachusetts long-arm statute, a court may assert jurisdiction over a defendant

> who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
> - (a) transacting any business in [Massachusetts];
> - (b) contracting to supply services or things in [Massachusetts];
> - (c) causing tortious injury by an act or omission in [Massachusetts]; [or]
> - (d) causing tortious injury in [Massachusetts] by an act or omission outside [Massachusetts] if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [Massachusetts].

Mass. Gen. Laws c. 223A, § 3. The Plaintiffs cannot establish personal jurisdiction over ATA under any of these provisions.

In order for jurisdiction to exist under Sections 3(a) or (b), the Plaintiffs would have to demonstrate that their claims arise out of ATA's business transactions in Massachusetts or ATA's contracts to supply services in Massachusetts. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). Similarly, for Section 3(c) to apply, the Plaintiffs would have to demonstrate that ATA committed an act or omission in Massachusetts that caused tortious injury. The Complaint, however, fails to allege *any* conduct, act, or omission in Massachusetts by ATA connected to the Plaintiffs' claims or alleged injury. The Plaintiffs' claims and alleged injury are based on their alleged nonreceipt of refunds for taxes and fees associated with unused, nonrefundable airline tickets, but it is indisputable that ATA does not issue, sell, or distribute tickets to the public for air travel, nor does it play any role in the collection of any taxes or fees associated with airline tickets. See Berg Affidavit, ¶ 6. Thus, the Plaintiffs' claims as to ATA do not arise from any transaction or contract in Massachusetts, nor did any act or omission by

ATA in Massachusetts cause the Plaintiffs' alleged injury. Accordingly, the Court cannot assert personal jurisdiction over ATA under Sections 3(a), (b), or (c) of the long-arm statute.[3]

Sections 3(d) is equally inapplicable to this case. For Section 3(d) to apply, the Plaintiffs would have to demonstrate that ATA (1) regularly does or solicits business in Massachusetts, (2) engages in a persistent course of conduct in Massachusetts, or (3) generates substantial revenue from goods or services. Again, the Plaintiffs have failed to allege that ATA engages in *any* activity in Massachusetts, and thus Section 3(d) is inapplicable.

Finally, to the extent the Plaintiffs attempt to argue in response to this Motion that this Court could assert personal jurisdiction over ATA by virtue of the civil conspiracy allegations in the Complaint, that argument would also fail. As set forth in the Memorandum of Law in support of the Domestic Defendants' Rule 12(b)(6) motion, the civil conspiracy allegations are unfounded and conclusory, and as such are insufficient to support personal jurisdiction. See Noonan v. The Winston Co., 902 F. Supp. at 302 ("bare allegations" insufficient to establish jurisdiction). Moreover, even assuming, *arguendo*, the allegations are sufficient to state a claim against ATA, the First Circuit has expressly refused to recognize a "conspiracy theory of personal jurisdiction." Glaros v. Rese, 628 F.2d 679, 682 (1st Cir. 1980); In re Lernout & Hauspie Sec. Litig., No 00-11589, 2004 WL 1490435, at *7 (D. Mass. June 28, 2004) (unpublished decision). Thus, the Plaintiffs cannot meet the requirements of the Massachusetts long-arm statute, and the claims against ATA must be dismissed.

---

[3] ATA has no record verifying the Plaintiffs allegation that Bruce Bishins contacted ATA regarding refunds. See Berg Affidavit, ¶ 8. In any event, the allegation even if true is not jurisdictionally relevant because it is not in any way connected to Massachusetts. Bishins is the President and Chief Executive Officer of the United States Travel Agent Registry, which is located in New York.

**B.    The Due Process Clause of the United States Constitution Does Not Authorize Personal Jurisdiction Over ATA.**

Even if the Plaintiffs were able to establish that personal jurisdiction is proper under the provisions of the Massachusetts long-arm statute, they must *additionally* show that ATA has minimum contacts with Massachusetts such that "the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994). Because, as demonstrated above, the Plaintiffs cannot satisfy the requirements of the long-arm statute, it is unnecessary even to undertake a due process analysis. Nevertheless, even a cursory glance at the constitutional requirements indicates that personal jurisdiction under the due process clause is wholly unsupported.

A court may exercise personal jurisdiction over a defendant under either specific or general jurisdiction. Specific jurisdiction exists if there is a "demonstrable nexus between a plaintiff's claims and a defendant's forum based activities." Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). In contrast, general jurisdiction exists where the plaintiff's claims are "not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in a systematic activity, unrelated to the suit, in the forum state. . . ." United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992).

Here, for the same reasons that the Plaintiffs cannot meet the requirements of the long-arm statute, the Court cannot assert either type of jurisdiction over ATA.[4] To reiterate, the Plaintiffs have not alleged *any* activity in Massachusetts by ATA -- much less any activity related to the claims at issue in this case. More significantly, as a factual matter, ATA does not

---

[4] Indeed, the Massachusetts long-arm statute was intended to extend personal jurisdiction in Massachusetts to the outer limits of the United States Constitution, and thus the requirements "tend to converge." Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979).

sell or issue tickets for air travel or collect taxes or fees associated with such tickets. See Berg Affidavit, ¶ 6. Thus, there is no basis for this Court to assert specific jurisdiction over ATA. See Pritzker, 42 F.3d at 60 (specific personal jurisdiction "may only be relied upon 'where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts'" (quoting 163 Pleasant St., 960 F.3d at 1088)).

Moreover, for this Court to assert general jurisdiction over ATA, the Plaintiffs must demonstrate that ATA has contacts with Massachusetts that are "sufficiently continuous and systematic" such that the assertion of jurisdiction is "reasonable and just." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984). The Plaintiffs, however, have made no such allegations, and thus clearly cannot meet the narrow test for general jurisdiction. See Noonan, 135 F.3d at 93 (test for general jurisdiction "considerably more stringent than that applied to specific jurisdiction questions").

In sum, because the Plaintiffs have failed to allege any facts to support personal jurisdiction over ATA, the Complaint must be dismissed as to ATA. See Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001) ("The [plaintiff] failed even to allege--let along offer competent proof--that [the defendant] had conducted any business in Massachusetts or that it had any significant ties to the state.").

## CONCLUSION

For the foregoing reasons, this Court lacks personal jurisdiction over ATA, and accordingly, ATA respectfully requests that, pursuant to Fed. R. Civ. P. 12(b)(2), this Court dismiss the Complaint in its entirety and with prejudice as to ATA.

DECHERT LLP

By: */s/ Matthew Porter/*
Matthew A. Porter, BBO #630625
Michael S. Shin, BBO # 658134
200 Clarendon Street, 27th Floor
Boston, MA 02116
(617) 728-7100

Attorneys for Air Transport Association of America, Inc.