UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT HARRINGTON, et al., )<br>)<br>Plaintiffs )<br>v. )<br>)<br>DELTA AIR LINES, INC., et al., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>04-12558-NMG |

## AFFIDAVIT OF DAVID A. BERG IN SUPPORT OF AIR TRANSPORT ASSOCIATION OF AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

David A. Berg, under oath, deposes and states as follows:

1. I am Vice President, General Counsel & Secretary for Air Transport Association of America, Inc. ("ATA"). I understand that ATA has been named as a defendant in the above-captioned lawsuit in the Commonwealth of Massachusetts. I make this affidavit on personal knowledge to establish that ATA is not a proper party to this lawsuit.

2. ATA is a nonprofit corporate entity organized under the laws of the District of Columbia with its principal place of business in the District of Columbia. ATA does not issue stock, and no publicly-held company controls more than 10% of ATA.

3. ATA has executive offices at 1301 Pennsylvania Avenue, NW, Washington, D.C. ATA maintains no other offices anywhere in the United States.

4.  ATA is the principal trade organization for domestic scheduled air carriers (passenger and cargo). ATA's primary focus is on public policy issues that affect the U.S. airline industry. ATA discloses the following operator members: ABX Air, Inc.; Alaska Airlines, Inc.; Aloha Airlines, Inc.; America West Airlines, Inc.; American Airlines, Inc.; ASTAR Air Cargo, Inc.; ATA Airlines, Inc.; Atlas Air, Inc. Continental Airlines, Inc.; Delta Air Lines, Inc.; Evergreen International Airlines, Inc.; FedEx Corporation Hawaiian Airlines; JetBlue Airways Corp.; Midwest Airlines, Inc.; Northwest Airlines, Inc.; Polar Air Cargo; Southwest Airlines Co.; United Airlines, Inc.; UPS Airlines; and US Airways, Inc.

5.  Each member of ATA is a separate corporation with distinct management and corporate directorship. No ATA member is incorporated in Massachusetts.

6.  ATA is not in the business of selling air transportation. ATA does not issue, sell or distribute tickets for air transportation to the public, nor does it collect taxes or fees in connection with the sale or purchase of airline travel.

7.  ATA does not maintain an office, mailing address, telephone listing, bank account, or other business facility in Massachusetts; does not have any employees in Massachusetts; does not own or rent property or pay real estate taxes in Massachusetts; and does not own or control any companies or other business entities within Massachusetts.

8.  ATA has no record indicating that Bruce Bishins of United States Travel Agency Registry ever contacted ATA regarding the claims at issue in the above-captioned case.

9. At no time did ATA conspire with or engage in a conspiracy or common plan with any air carrier, in Massachusetts or elsewhere, regarding the allegedly improper handling, refund or remittance of taxes and fees associated with tickets purchased for air transportation.

Signed under the pains and penalties of perjury on this 28th day of January, 2005.

David A. Berg
Vice President, General Counsel & Secretary
Air Transport Association of America, Inc.