UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HARRINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIRLINES, INC., et al.,<br><br>Defendants. | Civil Action No. 04-12558-NMG |

**DEFENDANT ALASKA AIRLINES' MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I.   INTRODUCTION AND RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Alaska Airlines, Inc. ("Alaska"), submits this Memorandum Of Law In Support Of Its Motion To Dismiss For Lack Of Personal Jurisdiction.[1] Plaintiffs have failed to allege any facts authorizing personal jurisdiction under the Massachusetts long-arm statute. Moreover, the exercise of jurisdiction over Alaska would be inconsistent with federal standards of due process.

## II.   STATEMENT OF FACTS

### A.   The Parties and Procedural History

Plaintiffs filed this putative class action on November 4, 2004 in Middlesex Superior Court against seventeen airlines, asserting state law claims for civil conspiracy

---

[1]   This Motion is filed concurrently with a Rule 12(b)(6) motion filed by all of the domestic airline defendants (Alaska Airlines, Delta Air Lines, American Airlines, Northwest Airlines, Continental Airlines, Southwest Airlines) and Defendant Air Transport Association of America, Inc. ("ATA") as well as a Rule 12(b)(2) motion filed by Defendant ATA.

BOS1457320.2                                    1

and unjust enrichment, breach of fiduciary duty, breach of contract, and breach of good faith and fair dealing. Compl. ¶¶ 45-54. Plaintiffs also request a declaratory judgment pursuant to Mass. G.L. 231A, § 2, ordering the Defendant Airlines to refund certain passenger facility charger user fees, zip tax user fees, and foreign landing tax or user fees allegedly wrongfully withheld. Compl. ¶ 44.

Defendant Alaska is an Alaska corporation with its principal place of business in Seattle, Washington. Plaintiffs are fifteen individuals, ten of whom appear to be Massachusetts residents, four of whom appear to be California residents, and another who appears to reside in either North or South Carolina. Compl. ¶¶ 2-16. Each Plaintiff allegedly bought a nonrefundable ticket from one or more of the Defendant Airlines.[2] *Id.*

On November 15, 2004, Alaska received a summons and copy of the complaint at its Seattle headquarters by certified mail, return receipt requested, pursuant to M.G.L. 223A. Copies of the summons and complaint can be found at Exhibits A and B to the Affidavit of Attorney Michael L. Cornell ("Cornell Aff."), which is filed herewith. On December 6, 2004 Defendant Alitalia Airlines filed a notice of removal pursuant to 28 U.S.C. §§ 1441(d) and 1603(a) on the grounds that it is an agency or instrumentality of a foreign state within the meaning of the Foreign Sovereign Immunities Act. On December 8, 2004, all Defendants filed a notice of additional grounds for removal on the basis of, *inter alia*, 28 U.S.C. §§ 1441(d), 1603(a) and 1442(a)(1), and 49 U.S.C. § 41713. Defendants expressly stated that by filing the notice of removal, they were not waiving their right to raise any grounds for dismissal, including for lack of personal jurisdiction.

---

[2] In addition to Alaska, the following parties are named defendants in this action: Delta Air Lines, American Airlines, US Airways, Northwest Airlines, United Airlines, Continental Airlines, Air Canada, China Eastern Airlines, China Southern Airlines, Lufthansa Airlines, SwissAir,

**B.     Facts Relevant to Jurisdiction**

The Complaint's sole factual allegation concerning Alaska is that a San Diego, California resident, Craig Buck, bought a nonrefundable ticket from Alaska in March 2002 that he did not use. Compl. ¶ 6. The Complaint does not allege that Mr. Buck's ticket was for travel to or from Massachusetts, that he was at any time a Massachusetts resident, that he was injured in Massachusetts as a result of Alaska's conduct, or that Alaska committed any tortious act or omission in Massachusetts. Moreover, in contrast to the allegations against the other Airline Defendants, the complaint does <u>not</u> allege that Alaska "does business and has qualified to do business in the Commonwealth of Massachusetts." Compl. ¶¶ 17-32.

### III.     STATEMENT OF ISSUES

1.     Should the complaint be dismissed as to Alaska for lack of personal jurisdiction where Plaintiffs have alleged no facts suggesting that their claims arise from Alaska's transaction of business in Massachusetts?

### IV.     AUTHORITY

**A.     Standard Under Rule 12(b)(2)**

When faced with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing "every fact required to satisfy both the forum state's long-arm statute and the Due Process Clause of the Constitution." *Boit v. Gar-Tec Products*, 967 F.2d 671, 675 (1st Cir. 1992). In order to satisfy this burden, a plaintiff cannot rely on unsupported allegations in the pleadings. *Id.*; *Sheridan v. Ascutney Mountain Resort Serv.*, 925 F.Supp. 872, 875 (D. Mass. 1996). Rather, to make a prima

---

British Airways, Midway Airlines, Alitalia Airlines, Southwest Airlines, Olympic Airways, and the Air Transport Association.

facie showing of personal jurisdiction sufficient to survive a defendant's 12(b)(2) motion to dismiss, the "plaintiff must go beyond the pleadings and make affirmative proof" of personal jurisdiction through "evidence of specific facts set forth in the record." *Id.* (*quoting Boit*, 967 F.2d at 675 (1st Cir. 1992)).

**B.    The Massachusetts Long-Arm Statute Does Not Authorize Personal Jurisdiction Over Alaska**

Personal jurisdiction requirements in a class action with multiple defendants are no different than in individual suits. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* vol. 7A, § 1757; *Cornell v. Assicurazioni Generali S.p.A.*, 2000 U.S. Dist. LEXIS 11004, *8 (S.D.N.Y. 2000) (dismissing class action as to one of 20 defendant insurers on the grounds that plaintiffs failed to show that New York's long-arm statute authorized personal jurisdiction). Thus, Plaintiffs here must first show that the Massachusetts long-arm statute, M.G.L. 223A, § 3, authorizes the exercise of personal jurisdiction over Alaska and, second, that the exercise of personal jurisdiction over Alaska is consistent with federal due process standards. *Sheridan*, 925 F. Supp. at 876. This two-fold inquiry applies in diversity and federal question cases alike. *See, e.g., Id.*; *P.I.E. Nationwide, Inc. v. New England Tech Air, Inc.*, 751 F. Supp. 316, 318 (D. Mass. 1990).

The Massachusetts long-arm statute imposes "a set of constraints on the assertion of in personam jurisdiction *in addition to* the restraints imposed by the Constitution." *Gray v. O'Brien*, 777 F.2d 864, 866 (1st Cir. 1985) (emphasis added) (*quoting Hahn v. Vermont Law School*, 698 F. 2d 48, 50 (1st Cir. 1983)). Thus, only "when some basis for jurisdiction enumerated in the statute has been established" need the court even undertake a constitutional due process analysis. *Gray*, 777 F.2d at 866; *United States v. Swiss*

*American Swiss Bank, Ltd.*, 191 F.3d 30, 36 (1st Cir. 1999) (holding court "need not even consider [federal constitutional requirements] unless it possesses statutory authorization to exercise specific personal jurisdiction over defendants of the type that the plaintiff targets"). Where a plaintiff is clearly unable to establish a basis for personal jurisdiction under the long-arm statute, "it is the better practice to end the inquiry without addressing constitutional concerns." *Noonan v. The Winston Co.*, 902 F. Supp. 298, 305 n. 12 (D. Mass. 1995) (*citing Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 205 (1st Cir. 1994)).

> The relevant portions of the Massachusetts long-arm statute provide:
>
> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity *arising from* the person's
>
> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

Mass. G.L. 223A, § 3 (emphasis added).

Thus, for the Court to have personal jurisdiction over Alaska, Plaintiffs must show that their cause of action *arises from* either: a) Alaska's transaction of business in Massachusetts; b) its contracting to provide services or things in Massachusetts; c) its causing tortious injury by an act or omission in Massachusetts; or d) its causing tortious injury in Massachusetts by an act or omission elsewhere, provided that it has certain regular and persistent contacts with Massachusetts.

Plaintiffs cannot establish that personal jurisdiction is authorized under any of these provisions. To show that a cause of action "arises from" a defendant's Massachusetts contacts within the meaning of the long-arm statute, a plaintiff must prove but-for causation. *Tatro v. Manor Care*, Inc., 416 Mass. 763, 625 N.E.2d 549, 553 (Mass. 1994). Hence, Plaintiffs must show that but for Alaska's contacts with Massachusetts, the events underlying the lawsuit would not have occurred. *Sheridan*, 925 F. Supp. at 877.

Plaintiffs' complaint fails to allege any facts to support a showing that, but for Alaska's transaction of business, contracting to supply services or things, or causing a tortious injury in Massachusetts, the events underlying the lawsuit would not have occurred. Indeed, the sole fact alleged in the complaint regarding Alaska is that Plaintiff Buck, a California resident, allegedly purchased a nonrefundable ticket from Alaska in March 2002. That "fact," however, is unaccompanied by any allegation that could connect it to Alaska transacting any business in Massachusetts. For example, there is no allegation that Mr. Buck – or any other plaintiff – bought an Alaska ticket for travel to or from Massachusetts. In fact, on or about December 15, 2004, Alaska searched its ticketing records from March 2002 through June 2002 and found no record of any unused ticket, either refundable or nonrefundable, purchased by a "Craig Buck." Affidavit of Carla Weiler (hereinafter, "Weiler Aff.") at ¶ 5.[3]  Nor does the complaint contain an

---

[3]     As a practical matter, it seems unlikely that Mr. Buck would have done so, as Alaska did not operate any flights to or from Massachusetts in March 2002. Weiler Aff. at ¶ 6. Moreover, Alaska has no record of any unused ticket, either refundable or nonrefundable, purchased by a "Craig Buck". Weiler Aff. at ¶ 5. Even if Mr. Buck did purchase an unused nonrefundable ticket to or from Massachusetts on Alaska, this would not amount to transacting business in Massachusetts sufficient to authorize personal jurisdiction. *See Lyle Richards Int'l, Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997) (holding "purely incidental" contacts insufficient to authorize personal jurisdiction in Massachusetts).

allegation that Mr. Buck – or any other plaintiff – purchased a ticket from Alaska while in Massachusetts. Thus, the complaint fails to allege any Massachusetts connection to its claims against Alaska, and therefore fails as a matter of law to establish personal jurisdiction.

Under similar circumstances in *Harvard University v. Pretsch*, 1996 Mass. App. Div. 100 (1996), the court granted the defendant's motion to dismiss for lack of personal jurisdiction because of the insufficiency of the complaint's jurisdictional allegations. There, as here, the complaint was "devoid of any indication that the plaintiff's…claim arose from any business or other 'purposeful' activities by the defendant in Massachusetts." *Id.* at 101. The court specifically rejected the plaintiff's assertion that a "pyramiding of possible inferences" from a lone jurisdictional allegation in the complaint could meet its affirmative burden of establishing specific facts in support of personal jurisdiction under § 3(a) of the long-arm statute. *Id.*

Moreover, were Plaintiffs able to establish contacts between Alaska and Massachusetts, it would not be enough to authorize personal jurisdiction under § 3(a) without a showing of "but-for" causation. For instance, in *Sheridan*, 925 F. Supp. 872, the court held that a personal injury plaintiff failed to establish personal jurisdiction in Massachusetts over the defendant resort where she was injured. While the plaintiff had shown that the resort, a Vermont resident, directed frequent solicitations to Massachusetts, the court held that such contacts did not establish the but-for cause of the plaintiff's presence at the resort, and thus could not authorize jurisdiction under § 3(a). *Id.* at 878. Rather, it was the plaintiff's ownership of a condominium at the resort that was the but-for cause of her injury. *Id.*

C.  **The Assertion Of Personal Jurisdiction Over Alaska In Massachusetts Would Be Inconsistent With Federal Standards Of Due Process.**

Even if the Massachusetts long-arm statute could somehow be construed as authorizing personal jurisdiction over Alaska, the assertion of jurisdiction over Alaska would run afoul of restraints imposed by the due process clause of the United States Constitution and would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).

In applying *International Shoe*, courts consider three criteria: 1) the reasonableness of the assertion of jurisdiction; 2) the relatedness of the action to any of the defendant's contacts with the forum state, and 3) the purposefulness of the defendant's contacts with the forum state. *Sawtelle v. Farrell*, 70 F.3d 1381, 1388-89 (1st Cir. 1995). These criteria are evaluated on a sliding scale:

> ....in certain circumstances, unreasonableness can trump a minimally sufficient showing of relatedness and purposefulness....[T]he reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment) the less a defendant need show in terms of unreasonableness to defeat jurisdiction.

*Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994). In evaluating the reasonableness of the assertion of personal jurisdiction, courts weigh the following five factors:

1) the burden on the defendant in appearing;

2) the interest of the forum state in adjudicating the dispute;

3) the interest of the plaintiff in obtaining convenient and effective relief;

4) the interest of the judicial system in obtaining the most effective resolution of the controversy; and

5) the interests common to all sovereigns in promoting substantive social policies. *Sawtelle*, 70 F.3d at 1394.

First, even though Alaska has a business presence in Massachusetts, there is nonetheless a burden to appearing in the Commonwealth in connection with this case. Any relevant records are at Alaska's headquarters in Seattle. Any Alaska witnesses with knowledge relevant to the complaint's allegations would likewise be located in Seattle. Second, Massachusetts has no interest in adjudicating Plaintiffs' complaint against Alaska since the claims do not arise from any transaction of business by Alaska in Massachusetts, and no plaintiff with claims against Alaska is a Massachusetts resident. Third, Plaintiffs' interest in obtaining a convenient and effective forum weighs heavily against the exercise of jurisdiction over Alaska in Massachusetts. Simply put, Massachusetts is a far less convenient forum for Mr. Buck – the only plaintiff with a claim against Alaska – than the state of Washington, which is far closer to his home state of California. Fourth, the most effective resolution of the Alaska/Buck controversy would be in Washington, where Alaska's headquarters are located and where any alleged wrongful acts took place. In sum, the "reasonableness factors" weigh strongly in favor of the conclusion that the assertion of personal jurisdiction over Alaska in Massachusetts would be inappropriate.

This showing of unreasonableness is all the more compelling in light of Plaintiffs' inability to establish the requisite "relatedness." The relatedness requirement is not satisfied "merely because a plaintiff's cause of action arose out of the general relationship between the parties; *rather the action must directly arise out of the specific contacts between the defendant and the forum state.*" *Sawtelle*, 70 F.3d at 1389

(emphasis added). Plaintiffs do not allege and cannot show that this action arises out of Alaska's contacts with Massachusetts. For this reason, any attempt by Plaintiffs to show relatedness would likewise fail. *Id.* at 1390-91 (where defendants' out-of-forum conduct caused plaintiffs' out-of-forum injury, showing of relatedness between cause of action and contacts with forum "hangs, as it were, by a thread"). In short, the exercise of personal jurisdiction over Alaska in Massachusetts would be inconsistent with federal standards of due process. The exercise of jurisdiction over Alaska would be unreasonable, and Plaintiffs cannot show this action is related to any contacts Alaska may have with Massachusetts.[4]

## V.    CONCLUSION

Because the assertion of personal jurisdiction over Alaska would violate both the Massachusetts long-arm statute and federal due process standards, Alaska respectfully requests that the Court dismiss it from this action pursuant to Rule 12(b)(2).

---

[4] Given the Plaintiffs' inability to satisfy the first two prongs of the International Shoe test, there is no need to discuss the third prong, "purposefulness." Suffice it to say, however, that the plaintiffs could not meet that prong of the test either.

                                      Respectfully submitted,

                                      **ALASKA AIRLINES, INC.**

                                      By its attorneys,

Date: January 31, 2005          _____
                                      Dennis M. Duggan, Jr., P.C. (BBO# 137460)
                                      Michael L. Cornell (BBO # 651405)
                                      Nixon Peabody LLP
                                      100 Summer Street
                                      Boston, MA 02110-2131
                                      (617) 345-1000 (telephone)
                                      (617) 345-1300 (facsimile)

*Of Counsel*:

Kelly Corr, Esq.
Andrew H. May, Esq.
Corr Cronin Michelson Baumgardner & Preece LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600 (telephone)
(206) 625-0900 (facsimile)