UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT HARRINGTON, et al.,

Plaintiffs,

v.

DELTA AIRLINES, INC., et al.,

Defendants.

Civil Action No. 04-12558-NMG

**AFFIDAVIT OF MICHAEL L.
CORNELL IN SUPPORT OF ALASKA'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

I, MICHAEL L. CORNELL, state as follows on the basis of my personal
knowledge:

1.      I am an attorney licensed to practice in the Commonwealth of
Massachusetts and admitted to practice before the U.S. District Court for the District of
Massachusetts.  I am an associate at the law firm of Nixon Peabody LLP and I am one of
the attorneys representing defendant Alaska Airlines, Inc. in this action.  I submit this
Affidavit in support of Alaska Airlines' Motion to Dismiss for Lack of Personal
Jurisdiction.

2.      Attached as **Exhibit A** is a true and accurate copy of the complaint in this
action.

3.      Attached as **Exhibit B** are true and accurate copies of the cover letter and
summons received by Alaska Airlines on November 15, 2004.

BOS1457322.1

*Signed under the pains and penalties of perjury this 27th day of January 2005.*

Michael L. Cornell

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS
                                                    SUPERIOR COURT DEPARTMENT
                                                        OF THE TRIAL COURT
                                                    CIVIL ACTION NO. 04-  4410

---

ROBERT J. HARRINGTON, FAYE BYRON,
CRAIG BUCK, VALERIE L. PAWSON, RAY
DRASNIN, WANDA MILLS, JEFF
GOLUMBUK CAROLINE MARSHALL-
SMITH, ANESIA KALAITZIDIS, KENNETH
IVANOVITZ, ATHANASE KARAGIORGOS,
HARRIET ZALWANGO, MICHAEL BLAU,
KENNETH MICCICHE and JENNIEE
TSOUVRAKAS on behalf of themselves and
others,
                                        Plaintiffs

v.

DELTA AIR LINES, INC., AMERICAN
AIRLINES, US AIRWAYS GROUP, INC.,
d/b/a US AIRWAYS, NORTHWEST
AIRLINES, UNITED AIRLINES, INC.
ALASKA AIRLINES, CONTINENTAL
AIRLINES, AIR CANADA, CHINA EASTERN
AIRLINES CORPORATION LIMITED, CHINA
SOUTHERN AIRLINES COMPANY LIMITED,
DEUTSCHE LUFTHANSA, A.G., d/b/a
LUFTHANSA AIRLINES, SWISS
INTERNATIONAL AIRLINES LTD, d/b/a
SWISSAIR, BRITISH AIRWAYS, PLC, d/b/a
BRITISH AIRWAYS, MIDWAY AIRLINES
CORP., d/b/a MIDWAY AIRLINES;
ALITALIA-LINEE AEREE ITALIANE S.p.A,
d/b/a ALITALIA AIRLINES, SOUTHWEST
AIRLINES, CO., d/b/a SOUTHWEST
AIRLINES, OLYMPIC AIRWAYS-SERVICES,
SA, d/b/a OLYMPIC AIRWAYS and AIR
TRANSPORT ASSOCIATION,
                                        Defendants

COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION

---

## I. INTRODUCTION AND OVERVIEW OF ACTION

1.    The plaintiffs bring this action on behalf of themselves and on behalf of all others similarly
      situated, specifically, people who have forfeited airline tickets and/or had nonrefundable

**EXHIBIT A**

tickets for airline travel and who paid one or more of the following fees or taxes to the defendant airlines:

    a.     Passenger facility charge user fee;

    b.     Zip tax user fee; and

    c.     Foreign landing tax or user fee.

The defendant airlines collect these taxes and fees as a fiduciary in order to pay them to the applicable government agencies but the plaintiff class did not use the airline tickets and the defendant airlines did not pay these fees and taxes to the government agencies but, rather, they wrongfully and unjustly enriched themselves by keeping said funds. The plaintiffs claims are of the "negative value" type as the value of each Class Member's claim is minimal and equitable restitution is being sought. The defendant airlines have hidden and concealed from the plaintiff class the fact that said fees and taxes collected have not been paid to the respective governmental agencies.

## II. PARTIES AND FACTS

2.     The plaintiff, Robert J. Harrington ("Harrington"), has a usual place of business at 7 Central Street, Framingham, Middlesex County, Massachusetts. Harrington purchased an electronic airline ticket on US Airways in September, 2002 and this was a nonrefundable ticket which he did not use.

3.     The plaintiff, Faye Bryon ("Bryon"), has a usual place of business at 7 Central Street, Framingham, Middlesex County, Massachusetts. Bryon purchased an electronic airline ticket on US Airways in September, 2002 and this was a nonrefundable ticket which she did not use.

4.     The plaintiff, Valerie L. Pawson ("Pawson"), has a usual place of business at 88 Black Falcon Avenue, Boston, Suffolk County, Massachusetts. Pawson purchased an airline ticket on Continental Airlines in November, 2002 and this was a nonrefundable ticket which she did not use.

5.     The plaintiff, Jeff Golumbuk ("Golumbuk"), resides at 7889 Clairemont Mesa Boulevard., San Diego, California 92111. Golumbuk purchased an airline ticket on China Eastern Airlines in September, 2002 on China Southern Airlines in September, 2002 and these were nonrefundable tickets which he did not use.

6.     The plaintiff, Craig Buck ("Buck"), resides at 3078 Quince Street, San Diego, State of California. Buck purchased airline tickets on Alaska Airlines in March, 2002 and on American Airlines in March, 1999 and these were nonrefundable ticket and he did not use them.

7.     The plaintiff, Wanda Mills ("Mills") resides at 4 Mises Road Lady's Island, State of Carolina. Mills purchased airline tickets on Northwest Airlines in August, 2001 and these were nonrefundable tickets which she did not use.

8. The plaintiff, Michael L. Blau ("Blau") resides in La Jolla, State of California. Blau purchased multiple airline tickets on United Airlines in December, 1998 and these were nonrefundable tickets which he not use.

9. The plaintiff, Ray Drasnin ("Drasnin"), resides at 4330 Witherby Street, State of California. Drasnin purchased airline tickets on Air Canada in May, 2001 and on Continental in August, 2002 and these were nonrefundable tickets which he not use.

10. The plaintiff, Caroline Marshall-Smith ("Marshall-Smith"), resides in West Yarmouth, Barnstable County, Massachusetts. Marshall-Smith purchased five (5) airline tickets on Delta Airlines, Inc., in May, 2004 and these tickets were nonrefundable tickets which she did not use.

11. The plaintiff, Anesia Kalaitzidis ("Kalaitzidis") resides in Boston, Suffolk County, Massachusetts. Kalaitzidis purchased an airline ticket on Alitalia Airlines January, 2004 and this ticket was a nonrefundable ticket which she did not use.

12. The plaintiff, Athanase Karagiorgos ("Karagiorgos") resides in Newton, Middlesex County, Massachusetts. Karagiorgos purchased an airline ticket on British Airways in March, 2002 and this was a nonrefundable ticket which he did not use.

13. The plaintiff, Harriet Zalwango ("Zalwango") resides in Boston, Suffolk County, Massachusetts. Zalwango purchased an airline ticket on Midway Airlines in March, 2002 and this ticket was a nonrefundable ticket which she did not use.

14. The plaintiff, Kenneth Ivanovitz ("Ivanovitz") resides in Springfield, Hampden County, Massachusetts. Ivanovitz purchased an airline ticket on Swiss Air on November 12, 1998 and this was a nonrefundable ticket which he did not use.

15. The plaintiff, Kenneth Micciche ("Micciche") resides in Natick, Middlesex County, Massachusetts. Micciche purchased an airline ticket on Southwest Airlines in March 2000 and this was a nonrefundable ticket which he did not use.

16. The plaintiff, Jenniee Tsouvrakas ("Tsouvrakas"), resides in Boston, Suffolk County, Massachusetts. Tsouvrakas purchased an airline ticket on Olympic Airways in March, 2000 and this was a nonrefundable ticket which she did not use.

17. The defendant, Delta Air Lines, Inc. ("Delta"), is a Delaware corporation with its executive offices located at 1030 Delta Boulevard, Atlanta, State of Georgia. Delta does business and has qualified to do business in the Commonwealth of Massachusetts.

18. The defendant, American Airlines, Inc. ("American"), is a Delaware corporation with its executive offices at 4333 Amon Carter Boulevard, Fort Worth, State of Texas, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

19.   The defendant, US Airways Group, Inc., d/b/a US Airways ("US Airways"), is a Delaware corporation with its executive offices located at 2345 Capital Drive, Arlington, State of Virginia, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

20.   The defendant, Continental Airlines, Inc. ("Continental"), is a Delaware corporation with its executive offices located at 1600 Smith Street, Houston, State of Texas, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

21.   The defendant, Northwest Airlines, Inc. ("Northwest"), is a Minnesota corporation with its executive offices located at 2700 Lone Oak Parkway, Eagan, State of Minnesota, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

22.   The defendant, United Airlines, Inc. ("United"), is a Delaware corporation with its executive offices located at 1200 E. Algonquin Road, Elk Grove Township, State of 2700 Lone Oak Parkway, Eagan, State of Minnesota, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

23.   The defendant, Air Canada ("Air Canada") is a Canadian corporation with its executive offices located in Montreal, Province of Quebec, Dominion of Canada, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

24.   The defendant, China Eastern Airlines Corporation Limited ("China Eastern") is a corporation organized in China with its executive offices located at 2550 Hoqqiao Road, Shanghai, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

25.   The defendant, China Southern Airlines Corporation Limited ("China Southern") is a corporation organized in China with its executive offices located at Baiyon International Airport, Guang Zhuu, Guangdong 510405, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

26.   The defendant, Deutsche Lufthansa, A.G., d/b/a Lufthansa Airlines (Lufthansa Airlines) is a corporation organized in Germany, with its executive offices located at Cologne, Germany and it does business and has qualified to do business in the Commonwealth of Massachusetts.

27.   The defendant, Swiss International Airlines Ltd, d/b/a Swissair ("Swiss air") is a corporation organized in Switzerland with executive offices in Basel, Switzerland, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

28.   The defendant, British Airways, PLC d/b/a British Airways ("British Airways"), is a corporation organized in Great Briton with executive in Harmondsworth, Great Britain and it does business and has qualified to do business in the Commonwealth of Massachusetts,

29.    The defendant, Midway Airlines Corp., d/b/a Midway Airlines ("Midway Airlines") is a corporation with executive offices at Durham, North Carolina and it does business and has qualified to do business in the Commonwealth of Massachusetts.

30.    The defendant, Alitalia-Linee Aeree Italiane S.p.A, d/b/a Alitalia Airlines ("Alitalia Airlines'), is an Italian corporation with executive offices in Rome, Italy and it does business and has qualified to do business in the Commonwealth of Massachusetts.

31.    The defendant Southwest Airlines Co., d/b/a Southwest Airlines ("Southwest Airlines") is a Texas corporation with executive offices in Dallas, Texas and it does business and has qualified to do business in the Commonwealth of Massachusetts.

32.    The defendant, Olympic Airways-Services, SA, d/b/a Olympic Airways, is a Greek corporation with executive offices in Athens, Greece and it does business and has qualified to do business in the Commonwealth of Massachusetts.

33.    The defendant, Air Transport Association ("ATA"), is a corporation with its executive offices at 1301 Pennsylvania Avenue, N.W., Washington, D.C. ATA is the primary trade group for airlines and it assists airlines in looking for ways to reduce costs, maximize efficiency and increase profitability of its member airlines, which is most of the passenger airlines that fly in or to the USA. ATA provides expertise, guidance and assistance to its member airlines and Bruce Bishins, CTC, on behalf of travel agents and passengers, on several occasions, requested that ATA rectify and clarify the matter of airlines' refusal to return unused foreign taxes and user fees on nonrefundable or forfeited tickets but to no avail. ATA saw this as a matter which could have potentially serious implications and refused to take any position or responsibility for this "unjust enrichment' except to advise its members that there would be no policy covering these matter. As a result of ATA's position (or lack thereof), even though its officers knew that its members were violating the law, it has steadfastly refused to advise its members as to what should be done or to establish any policies. ATA was advised by Mr. Bishins that it was aiding and abetting unfair trade practices.

### III.  CLASS ACTION ALLEGATIONS

34.    Plaintiffs file this action as a Class Action pursuant to M.R.C.P. 23 on their own behalf and on behalf of all other purchasers of airline tickets that were not used and/or non refundable.

35.    It is estimated that there are tens of thousands of people and entities who purchased airline tickets that they did not use them and/or purchased nonrefundable tickets. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members can be determined only by appropriate discovery, the plaintiffs believe that such Class Members number in excess of tens of thousands of separate people or entities.

36.    There are three (3) categories of Class Members, people or entities who, during the Class Period, November 1, 1998 to date, forfeited and/or purchased nonrefundable airline tickets and paid one or more of the following taxes:

      a.      Passenger facility charge user fee;

      b.      Zip tax user fee; and

      c.      Foreign landing tax or user fee.

37.      The plaintiffs' claims are typical of the claims of the Members of the Class. The plaintiffs and all members of the Class sustained damages as a result of the defendants' wrongful conduct, as described in this complaint.

38.      The plaintiffs will fairly and adequately protect the interests of the Members of the Class, and they have retained counsel competent and experienced in class action litigation.

39.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The losses suffered by all of the Class Members are relatively small, albeit significant, and of so-called negative value variety where it would not make sense to file a complaint individually. Thus, the expense and burden of individual litigation makes it impractical for most Class Members, individually, to seek redress for the wrongful conduct alleged in this action.

40.      Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

      a.      Did the defendant airlines wrongfully retain for their own use the collected passenger facilities charge user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

      b.      Did he defendant airlines wrongfully retain for their own use the collected zip tax user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

      c.      Did he defendant airlines wrongfully retain for their own use the collected foreign landing tax or user fees instead of paying said funds to the appropriate governmental agencies and/or refunding said funds to the Class Members?

41.      The plaintiffs know of no difficulty which will be encountered in the management of this litigation that would preclude its maintenance as a class action.

42.      Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of litigating individual lawsuits. Additionally, class certification in this matter would not impose any undue burden upon the court and will foster judicial economy. In this case, the certification of the class is appropriate as it would not complicate or delay disposition of the case, the defendants would suffer no prejudice as a result of certification and where certification would assure the Class Members that the defendant airlines would not evade their responsibilities in implementing any court orders.

43.    The names and addresses of all Class Members are available from the defendant airlines and notice will be provided to Class Members via first-class mail using techniques and a notice approved by this court.

## IV.  CAUSES OF ACTION

### COUNT I

### (Declaratory Judgment, G.L. Chapter 231A, Section 2)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 43, inclusive, as if fully set forth herein.

44.    As defined by G.L. Chapter 231A, Section 2, an actual dispute and controversy exists as to whether the defendant airlines owe the plaintiffs' and the Class Members' refunds and equitable restitution for the following taxes and/or fees paid to the airlines but not paid by the airlines to the appropriate governmental agency.  These fees and taxes include:

a.    Passenger facility charge user fees;
b.    Zip tax user fees; and
c.    Foreign landing tax or user fees.

### COUNT II

### (Civil Conspiracy and Unjust Enrichment)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 44, inclusive, as if fully set forth herein.

45.    The defendant airlines and ATA have joined together and committed a civil conspiracy to unjustly enrich themselves with a manifest common plan of not informing the plaintiffs and the Class Members of their rights to refunds and the airline defendants were willing participants of the common plan and its execution to wrongfully retain said funds and each took affirmative steps required in order to achieve this desired result.  On several occasions, ATA has been contacted as to the claims made herein of the airlines' refusal to return unused foreign taxes and user fees on nonrefundable or forfeited ticket but to no avail.

46.    As a result of the defendants' conduct, the plaintiffs and the Class Members have suffered monetary losses and the defendants are, or should be, jointly and severally liable to the plaintiffs and the Class Members for making restitution as prayed for herein.

## COUNT III

### (Breach of Fiduciary Duty)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 46, inclusive, as if fully set forth herein.

47.  Each of the defendant airlines' actions, voluntarily undertaken, induced a fiduciary relationship with the plaintiffs and the Class Members.

48.  Each of the defendants knew, or should have known, that the plaintiffs and the Class Members did not understand that they were entitled to a refund.

49.  With regard to the plaintiffs and the Class Members purchasing airline tickets, each of the defendants dominated them, causing special circumstances which created or contributed to a fiduciary relationship.

50.  Each of the defendant airlines owed a fiduciary duty to the plaintiffs and the Class Members whereby they were obligated to:

    a.  Disclose information they would otherwise have no duty to disclose.
    b.  Refrain from self-dealing.
    c.  Do nothing which could hurt the interests of the plaintiffs and the Class Members.
    d.  Generally owe a duty of utmost good faith and loyalty.

51.  By the above-stated conduct, each of the defendant airlines breached these duties owed to the plaintiffs and the Class Members who incurred damages as a result thereof.

## COUNT IV

### (Breach of Contract)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 51, inclusive, as if fully set forth herein.

52.  By the above stated actions, each of the defendant airlines have breached their agreement with the plaintiffs and the Class Members who, as a direct result, have incurred monetary damages plus interest, costs and attorneys' fees.

## COUNT V

### (Breach of Good Faith and Fair Dealing)

The plaintiffs incorporate by reference and reallege paragraphs 1 through 52, inclusive, as if fully set forth herein.

53.   Each of the defendant airlines owed to the plaintiffs and the Class Members a covenant of good faith and fair dealing and the defendants breached said covenant as more fully described above.

54.   As a result of each of the defendant airlines' breach of the covenant of good faith and fair dealing, the plaintiffs and the Class Members have incurred monetary damages plus interest, costs and attorneys' fees.

## VI.   PRAYERS FOR RELIEF

Wherefore, plaintiffs, on their own behalf and on behalf of others similarly situated (Class Members), pray for judgement as follows:

1.   Declare this action to be a Class Action;

2.   Enter a declaratory judgment determining that the defendant airlines have wrongfully retained taxes and fees from the plaintiffs and the Class Members.

3.   Award to the plaintiffs and to all Class Members restitution of all monies paid and wrongfully retained by the defendant airlines.

4.   Treble the restitutionary amounts awarded;

5.   Issue a permanent injunction to prevent the defendant airlines from retaining said fees and taxes in the future.

6.   Appoint an independent authority to review and assess the restitutionary claims of all Class Members.

7.   Award plaintiffs their costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

8.   Award to plaintiffs and to all Class Members such other and further relief as this court may deem meet, just and proper.

## VI.   CLASS ACTION STATUS

The plaintiffs and Class Members request that this matter be certified as a class action pursuant to Mass. R. Civ. P. 23.

## VIII.  JURY CLAIM

The plaintiffs and the Class Members demand a trial by jury on all issues so triable.

> Robert J. Harrington, Faye Byron, Craig Buck, Valerie L. Pawson, Jeff Golumbuk, Ray Drasnin, Wanda Mills, Caroline Marshall-Smith, Anesia Kalaitzidis, Kenneth Ivanovitz, Athanase Karagiorgos, Harriet Zalwango, Michael Blau and Kenneth Micciche, individually and on behalf of themselves and Class Members,
> Plaintiffs
> By their Attorney,
>
>
> Evans J. Carter (BBO #076560)
> HARGRAVES, KARB, WILCOX & GALVANI, LLP
> 550 Cochituate Road - P.O. Box 966
> Framingham, MA  01701-0966
> (508) 620-0140

Dated: November 4, 2004

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
### Attorneys at Law

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

November 9, 2004

RECEIVED

NOV 15 2004

SEAZO

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

William S. Ayer, President
Alaska Airlines, Inc.
19300 international Boulevard So.
Seattle, WA  98188

Re:    Robert J. Harrington, et al. vs. Alaska Airlines, Inc., et al.
       Middlesex Superior Court - Civil Action No. 04-4410

Dear Mr. Ayer:

Enclosed please find a summons to your airline as well as a copy of the Compliant in the above-stated case.

Service of process is herewith made upon your airline pursuant to Massachusetts General Laws, Chapter 223A.

As stated in the Complaint, an answer must be timely filed with Middlesex Superior Court in Cambridge, Massachusetts, or your airline may be defaulted.

A number of airlines are now in bankruptcy and if your airline is in bankruptcy, then please supply me, as soon as possible, with the Bankruptcy Court, Docket Number and the court where it is pending, and the name and address of the attorney who is representing you in the bankruptcy matter.

I remain

Very truly yours,

EVANS J CARTER

EJC/aec
Enclosures

**EXHIBIT B**

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX          , ss
[seal]

04-4410

Robert J. Harrington, et al., Plaintiff(s)

v.

Alaska Airlines, Inc., et al., Defendant(s)

## SUMMONS

To the above-named Defendant:  Alaska Airlines, Inc., 19300 International Boulevard, So.,
Seattle, Washington 98188
You are hereby summoned and required to serve upon      Evans J. Carter, Esq.

Hargraves, Karb, Wilcox & Galvani, plaintiff's attorney, whose address is      P.O. Box 966

Framingham, MA 01701-0966                         , an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ....Cambridge,

Massachusetts
.......................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ....Cambridge, Massachusetts

the ....... 9th ......................... day of ....... November

................., in the year of our Lord ....2004

**EXHIBIT B**                     *Edward J Sullivan*

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP — 001