UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

ROBERT J. HARRINGTON, FAYE BYRON,
CRAIG BUCK, VALERIE L. PAWSON, RAY
DRASNIN, WANDA MILLS, JEFF
GOLUMBUK, CAROLINE MARSHALL-
SMITH, ANESIA KALAITZIDIS, KENNETH
IVANOVITZ, ATHANASE KARAGIORGOS,
HARRIET ZALWANGO, MICHAEL BLAU,
KENNETH MICCICHE and JENNIEE
TSOUVRAKAS, on behalf of themselves and
others,

                       Plaintiff,

      -against-

DELTA AIRLINES, INC., AMERICAN
AIRLINES, US AIRWAYS GROUP, INC.,
d/b/a US AIRWAYS, NORTHWEST
AIRLINES, UNITED AIRLINES, INC.,
ALASKA AIRLINES, CONTINENTAL
AIRLINES AIR CANADA, CHINA EASTERN
AIRLINES CORPORATION LIMITED, CHINA
SOUTHERN AIRLINES COMPANY LIMITED,
DEUTSCHE LUFTHANSA, A.G., d/b/a
LUFTHANSA AIRLINES, SWISS
INTERNATIONAL AIRLINES LTD., d/b/a
SWISSAIR, BRITISH AIRWAYS, PLC, d/b/a
BRITISH AIRWAYS, MIDWAY AIRLINES
CORP., d/b/a MIDWAY AIRLINES,
ALITALIA-LINEE AEREE ITALIANE S.p.A.,
d/b/a ALITALIA AIRLINES, SOUTHWEST
AIRLINES, CO., d/b/a SOUTHWEST
AIRLINES, OLYMPIC AIRWAYS-SERVICES,
SA, d/b/a OLYMPIC AIRWAYS and AIR
TRANSPORT ASSOCIATION

                       Defendants.
_____

FILED
IN CLERKS OFFICE

2005 FEB -8  P 12: 54

U.S. DISTRICT COURT
DISTRICT OF MASS

Case No.: 04-12558 NMG

**ANSWER**

Defendant, ALITALIA-LINEE AEREE ITALIANE S.p.A., d/b/a ALITALIA AIRLINES,

(hereinafter referred to as "Alitalia"), by its attorneys Biedermann, Hoenig, Massamillo & Ruff, P.C.,

as and for its Answer to the Complaint, alleges as follows:

## I. INTRODUCTION AND OVERVIEW OF ACTION

FIRST: Defendant Alitalia denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "1" of the Complaint.

## II. PARTIES AND FACTS

SECOND: Defendant Alitalia denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraphs "1" through "29", "31", "32" and "33" of the Complaint.

THIRD: As and for an answer to paragraph "30", defendant Alitalia admits that Alitalia's corporate offices are in Rome, and in further answering denies the remaining allegations.

## III. CLASS ACTION ALLEGATIONS

FOURTH: Defendant Alitalia denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraphs "34" through "43" of the Complaint.

## IV. CAUSES OF ACTION

### COUNT I

(Declaratory Judgment, G.L. Chapter 231A, Section 2)

FIFTH: Defendant Alitalia denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "44" of the Complaint.

### COUNT II

(Civil Conspiracy and Unjust Enrichment)

SIXTH: Defendant Alitalia denies each and every allegation contained in paragraphs "45" and "46" of the Complaint to the extent they apply to defendant Alitalia, and in further

answering denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they apply to the remaining defendants.

### COUNT III

### (Breach of Fiduciary Duty)

SEVENTH: Defendant Alitalia denies each and every allegation contained in paragraphs "47", "48, "49", "50" and "51" of the Complaint.

### COUNT IV

### (Breach of Contract)

EIGHTH: Defendant Alitalia denies each and every allegation contained in paragraph "52" of the Complaint to the extent they apply to defendant Alitalia, and in further answering denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they apply to the remaining defendants.

### COUNT V

### (Breach of Good Faith and Fair Dealing)

NINTH: Defendant Alitalia denies each and every allegation contained in paragraphs "53" and "54" of the Complaint to the extent they apply to defendant Alitalia, and in further answering denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they apply to the remaining defendants.

### VI. PRAYERS FOR RELIEF

TENTH: Defendant Alitalia denies each and every allegation contained in paragraphs "1" through "8 of the Complaint.

### VI. CLASS ACTION STATUS

ELEVENTH: ALITALIA denies the allegations contained in the Complaint that this matter

can be certified as a class action jointly against all airline defendants or individually against any airline.

## VII. JURY CLAIM

THIRTEENTH:   ALITALIA denies the allegations in the Complaint demanding a jury trial.

FOURTEENTH:   Pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1603 *et seq.*, ALITALIA, an instrumentality of the Republic of Italy, invokes its right to a trial of this matter by the Court without a jury. Plaintiffs' request for a trial before a jury must necessarily be denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

ALITALIA is an "agency" or "instrumentality" of a "foreign state" within the meaning of 28 U.S.C. §1603 et seq. (the Foreign Sovereign Immunities Act of 1976) and, accordingly, is entitled to, and does here assert, all of the privileges, immunities and defenses provided to ALITALIA by virtue of said Act, *codified* at 28 U.S.C. §§1330, 1332, 1391(f), 1441(d) and 1602-1611, including the right to trial by the Court without jury.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ALITALIA is immune from suit in the United States pursuant to the Foreign Sovereign Immunities Act.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of estoppel, waiver, ratification and laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If plaintiff sustained or suffered damage as alleged in the Complaint, such damages were

sustained by reason of the negligence or other culpable conduct of person(s) or entities over whom defendant ALITALIA exercised no control or supervision, and not by reason of any culpable conduct of defendant ALITALIA.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against the defendant ALITALIA upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because there was no contract between plaintiff and ALITALIA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Frauds.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not typical of the claims of the members of the proposed class, common questions of law and fact do not exist as to all members of the class and class treatment of potential actions is not a superior adjudication mechanism.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to proceed on behalf of the proposed class

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against ALITALIA are barred by the applicable statute of limitations.

### AS AN FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as they have failed to pursue all available administrative remedies, including but not limited to those required by Internal Revenue Code §7422 (26 U.S.C. 7422).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to take due and appropriate care in the mitigation of their damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

ALITALIA breached no duty imposed by law or contract to to the plaintiffs or the proposed class members.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Whatever injury or damage was allegedly sustained by plaintiff was caused, or, contributed to by, the negligence or culpable conduct of plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against ALITALIA are preempted by federal law, including the Federal Aviation Act of 1958 as amended. 49 U.S.C. §40101 *et seq.*

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, which relate to the rates, routes and services of ALITALIA, are preempted by operation of the Airline Deregulation Act. 49 U.S.C. § 41713.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' are not entitled to the claims refund as they have failed to comply with the relevant requirements or conditions precedent to obtain the claimed refund.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Pursuant to its tariffs and contract of transportation, ALITALIA is not liable to plaintiffs.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

No fiduciary relationship exists between ALITALIA and plaintiffs.

**WHEREFORE**, Defendant ALITALIA-LINEE AEREE ITALIANE S.p.A., d/b/a ALITALIA AIRLINES demands judgment dismissing the Complaint in its entirety with prejudice, together with the costs and disbursements of this action, or in the alternative demands an order denying Plaintiffs' application for certification of the proposed class, directing that trial of this matter is to be by the Court without the presence of a jury, and such other and further relief as to this Court may deem just and proper in the circumstances.

Dated: February 7, 2005

                          Respectfully submitted,
                          ALITALIA - LINEE AEREE ITALIANE S.p.A.
                          By its attorneys,

                          Kevin C. Cain (BBO # 550055)
                          Peabody & Arnold LLP
                          30 Rowes Wharf
                          Boston, MA 02110
                          (617) 951-2100

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury

DATED: _____

## SERVICE LIST

Evans J. Carter, Esq.
HARGRAVES, KARB, WILCOX
& GALVANI, LLP
550 Cochituate Road - P.O. Box 966
Framingham, MA 01701-0966
*Attys for Plaintiffs*

Andrew Harakas, Esq.
CONDON & FORSYTH LLP
685 Third Avenue
New York, NY 10017
*Attys for Olympic Airways-Services, SA,
d/b/a Olympic Airways*

Matthew A. Porter, Esq.
DECHERT LLP
200 Clarendon Street, 27th Floor
Boston, MA 02116
*Attys for Defendants Delta Air Lines, Inc.,
American Airlines, Inc., Northwest Airlines,
Inc., Alaska Airlines, Inc., Continental
Airlines, Inc., Southwest Airlines Co., and
Air Transport Association of America, Inc.*

Sheri F. Murry, Esq.
385 Broadway, Suite 201
Revere, MA 02151

604531
10586-91018

Thomas J. Whalen, Esq.
CONDON & FORSYTH LLP
685 Third Avenue
New York, NY 10017
*Attys for Defendants China Eastern Airlines
Corporation Limited and China Southern
Airlines Corporation Limited*

David W. Ogden, Esq.
WILMER CUTLER PICKERING
HALE AND DORR LLP
2445 M Street, NW
Washington, DC 20037-1420
*Attys for Defendant Deutsche Lufthansa, A.G.
d/b/a Lufthansa Airlines*

Kathleen M. Guilfoyle, Esq.
Campbell Campbell Edwards & Conroy P.C.
One Constitution Plaza
Boston, MA 02129

FILED
IN CLERKS OFFICE
2005 FEB -8 P 12:54
U.S. DISTRICT COURT
DISTRICT OF MASS