UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------x
:
CRAIG BUCK, KENNETH MICCICHE, :
VALERIE L. PAWSON, CAROLINE : 04 12558 NMG
MARSHALL-SMITH, WANDA MILLS, JEFF :
GOLUMBUK, ANESIA KALAITZIDIS, :
ATHANASE KARAGIORGOS, and : **ANSWER TO AMENDED**
JENNIFER TSOUVRAKAS, on behalf of : **COMPLAINT**
themselves and others, :
:
Plaintiffs, :
:
- against - :
:
ALASKA AIRLINES, AMERICAN :
AIRLINES, CONTINENTAL AIRLINES, :
DELTA AIR LINES, INC., NORTHWEST :
AIRLINES, SOUTHWEST AIRLINES CO., :
d/b/a SOUTHWEST AIRLINES, CHINA :
EASTERN AIRLINES CORP. LTD., CHINA :
SOUTHERN AIRLINES CO. LTD., AER :
LINGUS LIMITED, ALITALIA-LINEE :
AEREE ITALIANE S.p.A., d/b/a ALITALIA :
AIRLINES, BRITISH AIRWAYS, PLC, d/b/a :
BRITISH AIRWAYS, DEUTSCHE :
LUFTHANSA, A.G., d/b/a LUFTHANSA :
AIRLINES, OLYMPIC AIRWAYS- :
SERVICES, SA, d/b/a OLYMPIC AIRWAYS, :
AIR TRANSPORT ASSOCIATION OF :
AMERICA, INC., AIRLINES REPORTING :
CORP., and the FEDERAL AVIATION :
ADMINISTRATION, :
:
Defendants. :
:
-----------------------------------------------------------------x

Defendant OLYMPIC AIRWAYS S.A. (incorrectly sued herein as "OLYMPIC AIRWAYS-SERVICES, SA, d/b/a OLYMPIC AIRWAYS" and hereinafter "OLYMPIC"), by its attorneys, Campbell, Campbell Edwards & Conroy PC and Condon & Forsyth LLP, answers

plaintiffs' Amended Complaint, Jury Claim and Request for Class Certification ("Amended Complaint") as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 3 and 4 of the Amended Complaint to the extent they are directed at parties other than OLYMPIC. OLYMPIC specifically denies the allegations in paragraphs 1, 2, 3 and 4 of the Amended Complaint to the extent they are directed toward OLYMPIC or can be construed to assert a claim against OLYMPIC, and leaves all questions of law for the Court.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint to the extent that any response is required to plaintiffs' "definitions," and leaves all questions of law for the Court

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 6-12 of the Amended Complaint to the extent they are directed at parties other than OLYMPIC. OLYMPIC specifically denies the allegations in paragraphs 6-12 of the Amended Complaint to the extent they are directed toward OLYMPIC or can be construed to assert a claim against OLYMPIC, but admits OLYMPIC collects certain taxes or fees which are then remitted to the appropriate governmental authorities, and leaves all questions of law for the Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 13-34 of the Amended Complaint.

5. Denies the allegations in paragraph 35 of the Amended Complaint except admits that OLYMPIC is a foreign corporation organized and existing under the laws Hellenic Republic of Greece with its principal place of business in Athens, Greece, that it maintained an office in the Commonwealth of Massachusetts and leaves all questions of law for the Court.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36(a)-(f) of the Amended Complaint and denies the allegations in paragraph 36(g) of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 37, 38 and 39 of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 40 and 41 of the Amended Complaint to the extent they are directed at parties other than OLYMPIC. OLYMPIC specifically denies the allegations in paragraphs 40 and 41 of the Amended Complaint to the extent they are directed toward OLYMPIC or can be construed to assert a claim against OLYMPIC, and leaves all questions of law for the Court.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 42, 43, 44, 45, 46 and 47 of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint to the extent they are directed at parties other than OLYMPIC but admits that OLYMPIC was a participant of the Airlines Reporting Corporation.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 49-57 of the Amended Complaint, and leaves all questions of law for the Court.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 58, 59 and 60 of the Amended Complaint to the extent they are directed at parties other than OLYMPIC. OLYMPIC specifically denies the allegations in paragraphs 58, 59 and 60 of the Amended Complaint but admits that plaintiff JENNIFER TSOUVRAKAS was

issued a ticket for international air transportation on OLYMPIC on or about March 30, 1998, and the total fare for the international air transportation included certain taxes and fees.

13.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 61, 62 and 63 of the Amended Complaint to the extent they are directed at parties other than OLYMPIC. OLYMPIC specifically denies the allegations in paragraphs 61, 62 and 63 of the Amended Complaint to the extent they are directed toward OLYMPIC or can be construed to assert a claim against OLYMPIC.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 64, 65, 66 and 67 of the Amended Complaint and leaves all questions of law for the Court.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 68 and 69 of the Amended Complaint to the extent they are directed at parties other than OLYMPIC. OLYMPIC specifically denies the allegations in paragraphs 68 and 69 of the Amended Complaint to the extent they are directed toward OLYMPIC or can be construed to assert a claim against OLYMPIC.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 70, 71, 72 and 73 of the Amended Complaint and leaves all questions of law for the Court.

17.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 74, 75 and 76 of the Amended Complaint to the extent they are directed at parties other than OLYMPIC. OLYMPIC specifically denies the allegations in paragraphs 74, 75 and 76 of the Amended Complaint to the extent they are directed toward OLYMPIC or can be construed to assert a claim against OLYMPIC and leaves all questions of law for the Court.

18. Paragraph 77 is not an averment requiring a response but rather a request for relief.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 78-104 the Amended Complaint to the extent they are directed at parties other than OLYMPIC. OLYMPIC specifically denies the allegations in paragraph 78-104 of the Amended Complaint to the extent they are directed toward OLYMPIC or can be construed to assert a claim against OLYMPIC and leaves all questions of law for the Court.

## AS TO REQUEST FOR CLASS CERTIFICATION

20. OLYMPIC denies the allegations contained in the Amended Complaint in that this matter can be certified as a class action jointly against all airline defendants or individually against any airline.

## AS TO JURY CLAIM

21. OLYMPIC denies the allegations contained in the Amended Complaint demanding a jury trial.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Amended Complaint fails to state a claim against OLYMPIC upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The Class Representative fails to state a claim against OLYMPIC upon which relief can be granted.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

24. OLYMPIC is a "foreign state" as that term is defined in 28 U.S.C. § 1603 and, therefore, is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976, Pub. L. 94-853, 90 Stat. 2891 *codified at* 28 U.S.C. §§ 1330, 1332, 1391 (f), 1441 (d) and 1602-1611.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

25. The Court lacks personal jurisdiction over the person of OLYMPIC.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

26. The Amended Complaint should be dismissed for improper service of process.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

27. Plaintiffs' state law claims constitute a suit for recovery of an United States federal tax and are barred by 26 U.S.C. § 7422.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

28. Plaintiffs' claims against OLYMPIC are preempted by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. § 40101 *et seq.*), and 49 U.S.C. § 41713.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

29. Plaintiffs' are not entitled to the claimed refund as they have failed to comply with the relevant requirements or conditions precedent to obtain the claimed refund.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

30. Pursuant to its tariffs and contract of transportation, OLYMPIC is not liable to plaintiffs.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

31. OLYMPIC performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by OLYMPIC, in accordance with such terms and conditions of contract.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

32. Plaintiffs' claims are barred by the relevant statute of limitations set forth by federal and Massachusetts law.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

33. No fiduciary relationship exists between OLYMPIC and plaintiffs.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

34. Plaintiffs' remedy, if any, for the claimed refunds of taxes/fees/charges is not properly against OLYMPIC but rather is against the governmental or non-governmental entity to whom the taxes/fees/charges were remitted.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

35. Plaintiffs' class action suit is not permitted under the Federal Rules of Civil Procedure.

WHEREFORE, defendant OLYMPIC AIRWAYS S.A. demands judgment dismissing the Amended Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements.

Dated:  July 15, 2005

                By:    <u>s/ Kathleen M. Guilfoyle</u>
                       Kathleen M. Guilfoyle, Esq. (BBO#546512)
                       CAMPBELL CAMPBELL EDWARDS
                       & CONROY, PC
                       One Constitution Plaza
                       Boston, Massachusetts 02129
                       (617) 241-3000

                       -and-

                       CONDON & FORSYTH LLP
                       Andrew J. Harakas, Esq.
                       7 Times Square
                       New York, New York 10036
                       (212) 490-9100

                       Attorneys for Defendant
                       OLYMPIC AIRWAYS S.A.

## CERTIFICATE OF SERVICE

     I hereby certify that on July 15, 2005, I served a copy of the Answer to Amend Complaint via electronic filing and first-class mail, postage prepaid, to the following counsel of record:

To:    Evans J. Carter, Esq.
HARGARVES, KARB, WILCOX & GALVANI, LLP
550 Cochituate Road – P.O. Box 966
Framingham, MA 01701-0966
(508) 620-0140
Attorneys for Plaintiffs

Matthew A. Porter, Esq.
Michael S. Shin, Esq.
DECHERT LLP
John Hancock Tower
200 Clarendon Street
27th Floor
Boston, MA 02116
(617) 728-7100
Attorneys for Defendants
Delta Air Lines, Inc.,
American Airlines, Inc., Northwest Airlines, Inc., Alaska Airlines, Inc.
Continental Airlines, Inc., Southwest Airlines Co., and Air Transport Association of America, Inc.

Thomas J. Whalen, Esq.
CONDON & FORSYTH LLP
1016 Sixteenth Street, NW
Washington, DC 20036
(202) 289-0500
Attorneys for Defendants
China Eastern Airlines
Corporation Limited, China Southern Airlines Corporation Limited and Swiss International Airlines, LTD., d/b/a SwissAir

Daniel M. Esrick, Esq.
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6529
Attorneys for Defendant
Deutsche Lufthansa, AG d/b/a
Lufthansa Airlines; British Airways, PLC


Kevin C. Cain, Esq.
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2045
Attorneys for Defendants
Alitalia-Linee Aeree Italiane S.p.A., d/b/a
Alitalia Airlines

Michael Lawrence Cornell, Esq.
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1043
Attorneys for Defendant
Alaska Airlines

Eugene Massamillo, Esq.
Peter W. Beadle, Esq.
Thomas Carulli, Esq.
BIEDERMANN, HOENIG, MASSAMILLO & RUFF
90 Park Avenue
New York, New York 10000
Attorneys for Defendant
Alitalia-Linee Aeree Italiane S.p.A.
d/b/a Alitalia Airlines

Airlines Reporting Corp.
Defendant Pro Se
Arlington, Virginia

_/s/ Kathleen M. Guilfoyle_
Kathleen M. Guilfoyle