UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CRAIG BUCK, KENNETH MICCICHE, VALERIE L. PAWSON, CAROLINE MARSHALL-SMITH, WANDA MILLS; JEFF GOLUMBUK, ANESIA KALAITZIDIS, ATHANASE KARAGIORGOS; AND JENNIFER TSOUVRAKAS, on behalf of themselves and others, | : : : : : : : | 04 12558 NMG<br><br>**ANSWER OF CHINA EASTERN AIRLINES CORP. LTD. TO THE AMENDED COMPLAINT** |
| *Plaintiffs,* | : | |
| v. | : | |
| ALASKA AIRLINES, AMERICAN AIRLINES, CONTINENTAL AIRLINES, DELTA AIR LINES, INC., NORTHWEST AIRLINES, SOUTHWEST AIRLINES CO., d/b/a SOUTHWEST AIRLINES, CHINA EASTERN AIRLINES CORP. LTD, CHINA SOUTHERN AIRLINES CO. LTD., AER LINGUS LIMITED, ALITALIA-LINEE AEREE ITALINE S.P.A., D/B/A ALITALIA AIRLINES, BRITISH AIRWAYS, PLC, D/B/A BRITISH AIRWAYS, DEUTSCHE LUFTHANSA, A.G., D/B/A LUFTHANSA AIRLINES, OLYMPIC AIRWAYS-SERVICES, SA, D/B/A OLYMPIC AIRWAYS, AIR TRANSPORT ASSOCIATION OF AMERICA, INC., AIRLINES REPORTING CORP., AND THE FEDERAL AVIATION ADMINISTRATION | : : : : : : : : : : : | |
| *Defendants.* | : | |

-------------------------------------------------------------------x

Defendant China Eastern Airlines Corp. Ltd. (CHINA EASTERN), by its attorneys, Campbell, Campbell Edwards & Conroy PC and Condon & Forsyth LLP, answers plaintiffs' Amended Complaint and Request for Class Certification ("Complaint") as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint to the extent they are directed at parties other than CHINA EASTERN. CHINA EASTERN specifically denies the allegations in paragraph 1 of the Complaint to the extent they are directed toward CHINA EASTERN.

2. Denies the allegations in paragraphs 2, 3 and 4 to the extent they are directed towards CHINA EASTERN.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 to the extent that any response is required to plaintiff's "definitions."

4. Admits paragraphs 6-8 as they pertain to fees which apply to CHINA EASTERN and are collected by CHINA EASTERN, except denies that all the alleged fees are held in Trust, as alleged in paragraph 7.

5. Denies the allegations in paragraph 9 and leaves all questions of law to the Court.

6. Denies the allegations in paragraph 10.

7. Denies the allegations in paragraph 11 and leaves all questions of law to the Court.

8. Denies the allegations in paragraph 12 and leaves all questions of law to the Court.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 13-32.

10. Admits the allegations in paragraph 33.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 34-36.

12. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraphs 37-53.

13. Admits the allegations in paragraph 54.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

15. Denies the allegations in paragraphs 56.

16. Leaves all questions of law to the Court in regard to paragraph 57.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59-61.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 62, except denies the allegation in paragraph 62 as they pertain to CHINA EASTERN.

20. Denies the allegation in paragraph 63.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 64-76.

22. States that paragraph 77 is not an averment requiring a response but rather a request for relief.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 78-104 to the extent they are directed at parties other than CHINA EASTERN. CHINA EASTERN specifically denies the allegations in paragraphs 78-104 to the extent they are directed toward CHINA EASTERN and leaves all questions of law for the Court.

## AS TO CLASS ACTION STATUS

24. CHINA EASTERN denies the allegations contained in the Complaint that this matter can be certified as a class action jointly against all airline defendants or individually against any airline.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

25. The Complaint fails to state a claim against CHINA EASTERN upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

26. The Class Representative fails to state a claim against CHINA EASTERN upon which relief can be granted.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

27. CHINA EASTERN is a "foreign state" as that term is defined in 28 U.S.C. § 1603 and, therefore, is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976, Pub. L. 94-853, 90 Stat. 2891 *codified at* 28 U.S.C. §§ 1330, 1332, 1391 (f), 1441 (d) and 1602-1611.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

28. The Court lacks personal jurisdiction over the person of CHINA EASTERN.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

29. The Complaint should be dismissed for improper service of process.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

30.  Plaintiffs' state law claims constitute a suit for recovery of a United States federal tax and are barred by 26 U.S.C. § 7422.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

31.  Plaintiffs' claims against CHINA EASTERN are preempted by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. § 40101 *et seq.*), and 49 U.S.C. § 41713.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

32.  Plaintiffs' are not entitled to the claimed refund as they have failed to comply with the relevant requirements or conditions precedent to obtain the claimed refund.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

33.  Pursuant to its conditions of carriage and contract of transportation, CHINA EASTERN is not liable to plaintiffs.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

34.  CHINA EASTERN performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by CHINA EASTERN.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

35.  Plaintiffs' claims are barred by the relevant statute of limitations set forth by federal and Massachusetts law.

## AS AND FOR AN TWELFTH
## AFFIRMATIVE DEFENSE

36. No fiduciary relationship exists between CHINA EASTERN and plaintiffs.

## AS AND FOR AN THIRTEEN
## AFFIRMATIVE DEFENSE

37. Plaintiffs' remedy, if any, for the claimed refunds of taxes/fees/charges is not properly against CHINA SOUTHERN but rather is against the governmental or non-governmental entity to whom the taxes/fees/charges were remitted.

## AS AND FOR AN FOURTEENTH
## AFFIRMATIVE DEFENSE

38. Plaintiffs' class action suit is not permitted under the Federal Rules of Civil Procedure.

WHEREFORE, defendant CHINA EASTERN demands judgment dismissing the Complaint in its entirety, together with costs and disbursements.

Dated: July 15, 2005

By: s/ Kathleen M. Guilfoyle
Kathleen M. Guilfoyle, Esq. (BBO# 546512)
CAMPBELL CAMPBELL EDWARDS
& CONROY, PC
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000

-and-

CONDON & FORSYTH LLP
Thomas J. Whalen, Esq.
Philip M. Livingston, Esq.
1016 Sixteenth Street, N.W.
Washington, D.C. 20036
(202) 289-0500

Attorneys for Defendant
CHINA EASTERN AIRLINES CORP. LTD.

CERTIFICATE OF SERVICE

     I hereby certify that on July 15, 2005, I served a copy of the Answer of China Eastern Airlines Co. LTD. To the Amended Complain via electronic filing and first-class mail, postage prepaid, to the following counsel of record:

To:    Evans J. Carter, Esq.
        HARGARVES, KARB, WILCOX & GALVANI, LLP
        550 Cochituate Road – P.O. Box 966
        Framingham, MA  01701-0966
        (508) 620-0140
        Attorneys for Plaintiffs

        Matthew A. Porter, Esq.
        Michael S. Shin, Esq.
        DECHERT LLP
        John Hancock Tower
        200 Clarendon Street
        27th Floor
        Boston, MA  02116
        (617) 728-7100
        Attorneys for Defendants
        Delta Air Lines, Inc.,
        American Airlines, Inc., Northwest
        Airlines, Inc., Alaska Airlines, Inc.
        Continental Airlines, Inc., Southwest
        Airlines Co., and Air Transport
        Association of America, Inc.

        Thomas J. Whalen, Esq.
        CONDON & FORSYTH LLP
        1016 Sixteenth Street, NW
        Washington, DC  20036
        (202) 289-0500
        Attorneys for Defendants
        China Eastern Airlines
        Corporation Limited, China Southern
        Airlines Corporation Limited and
        Swiss International Airlines, LTD.,
        d/b/a SwissAir

Daniel M. Esrick, Esq.
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6529
Attorneys for Defendant
Deutsche Lufthansa, AG d/b/a
Lufthansa Airlines; British Airways, PLC


Kevin C. Cain, Esq.
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2045
Attorneys for Defendants
Alitalia-Linee Aeree Italiane S.p.A., d/b/a
Alitalia Airlines

Michael Lawrence Cornell, Esq.
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1043
Attorneys for Defendant
Alaska Airlines

Eugene Massamillo, Esq.
Peter W. Beadle, Esq.
Thomas Carulli, Esq.
BIEDERMANN, HOENIG, MASSAMILLO & RUFF
90 Park Avenue
New York, New York 10000
Attorneys for Defendant
Alitalia-Linee Aeree Italiane S.p.A.
d/b/a Alitalia Airlines

Airlines Reporting Corp.
Defendant Pro Se
Arlington, Virginia

*Kathleen M. Guilfoyle* (signature)
Kathleen M. Guilfoyle