UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HARRINGTON, et al., ) | |
| ) | |
| Plaintiffs ) | Civil Action No. |
| v. ) | 04-12558-NMG |
| ) | |
| DELTA AIR LINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF AIR TRANSPORT
ASSOCIATION OF AMERICA, INC.'S MOTION TO DISMISS THE
AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Air Transport Association of America, Inc. ("ATA") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Plaintiffs' Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[1]

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Even assuming for the purposes of this motion that they are true, the allegations in the Amended Complaint pertaining to ATA are entirely insufficient to provide a basis on which this Court can assert personal jurisdiction -- either general or specific -- over ATA. ATA is a nonprofit, nonstock trade association with, as the Plaintiffs acknowledge in the Amended Complaint, offices in the District of Columbia.[2] As a trade association, ATA does not engage in

---

[1] ATA previously filed a motion and supporting memorandum under Fed. R. Civ. P. 12(b)(2) to dismiss the Plaintiffs original Complaint. By stipulation with the Plaintiffs, ATA withdrew its motion to allow the Plaintiffs to file an amended complaint, reserving its right to renew its 12(b)(2) motion thereafter. Accordingly, ATA submits this memorandum in support of its Motion to Dismiss the Plaintiffs' Amended Complaint. In addition, ATA, joins Defendants Delta Air Lines, Inc., American Airlines, Inc., Northwest Airlines, Inc., Alaska Airlines, Inc., Continental Airlines, Inc., Southwest Airlines Co., and Airlines Reporting Corp. (collectively the "Domestic Defendants"), in refiling contemporaneously herewith a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The arguments set forth in those motion papers are incorporated herein by reference.

[2] The Plaintiffs correctly identify ATA as a corporation with its executive offices in the District of Columbia. See Amended Complaint, ¶ 37. In addition, ATA is incorporated in and a citizen of the District of Columbia. See

the activities at issue in this case: it does not sell, issue, or distribute tickets for air transportation, nor does it collect, retain, or otherwise handle taxes or fees associated with passenger air transportation. Thus, the Plaintiffs' alleged injury in this case does not arise out of any conduct by ATA in Massachusetts. Moreover, the Amended Complaint does not allege any facts which demonstrate that ATA does regular business or derives substantial revenue from Massachusetts or otherwise has any continuous or systematic general business contacts with Massachusetts. Nor could it truthfully allege such facts given that ATA's only business contacts with Massachusetts are *de minimis*. Accordingly, the Amended Complaint must be dismissed as to ATA for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## SUMMARY OF ALLEGATIONS

The Amended Complaint refers to ATA in only two separate contexts, the description of the parties and the civil conspiracy count, neither of which contain allegations that provide a sufficient factual basis for this Court to assert personal jurisdiction over ATA. In describing the parties, the Amended Complaint alleges that ATA is the primary trade group for airlines and that it "assists airlines in looking for ways to reduce costs, maximize efficiency, and increase profitability of its member airlines, which include most of the passenger airlines that fly in or to the United States." Amended Complaint, ¶ 38. The Amended Complaint further alleges that ATA provides "expertise, guidance, and assistance to its member airlines," id. ¶ 39, and that

> Bruce Bishins, CTC, on behalf of travel agents and passengers, on several occasions, requested that ATA rectify and clarify the matter of airlines' refusal to return unused foreign taxes and user fees on nonrefundable or forfeited tickets but to no avail.

---

Affidavit of David A. Berg, ¶ 2; see also Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1130 (9th Cir. 2002) (holding that as an incorporated trade association ATA is a citizen of the District of Columbia for diversity jurisdiction purposes). Moreover, no ATA-member airline is incorporated in Massachusetts. See Berg Aff., ¶ 6.

> ATA saw this as a matter which could have potentially serious implications and refused to take any position or responsibility for this "unjust enrichment," except to advise its members that there would be no policy covering these matters.
>
> As a result of ATA's position (or lack thereof), even though its officers knew that its members were violating the law, it has steadfastly refused to advise its members as to what should be done or to establish any policies.
>
> ATA was aware that it was aiding and abetting unfair trade practices.

Id. ¶ 39-42. In addition, the Amended Complaint alleges that ATA "operates at least one Internet Web site available to the general public (including residents of Massachusetts, California, and South Carolina)," which it identifies as http://www.airlines.org/. Id. ¶ 43.

Apart from the description of the parties, the only reference to ATA is in Count VII, which alleges civil conspiracy.[3]  Specifically, the Amended Complaint alleges that the defendant airlines, ARC, and ATA "have joined together and committed a civil conspiracy to unjustly enrich the Airline Industry with a manifest common plan of not informing (or misinforming) Air Passengers of their rights to refunds." Id. ¶ 97. The Amended Complaint further alleges that the defendants were "willing participants in the common plan and in its execution to wrongfully retain such funds, and each took affirmative steps required in order to achieve this desired result." Id. ¶ 98. As to ATA in particular, the Amended Complaint states:

> Defendant ATA describes itself, at least in part as "serv[ng] [sic] its member airlines . . . by developing and coordinating industry actions . . . ." [sic] and "serv[ing] as a focal point for industry efforts to standardize practices . . . of the air transport system. These statements may describe a sinister purpose with respect to ATA's role in guiding or setting Airline Industry policy, especially if the "industry actions" it coordinates or the "standardize[d] practices" it seeks to establish are unlawful, as alleged in this action."

Id. ¶ 99.

---

[3] As noted in the Memorandum in Support of the Domestic Defendants' Motion to Dismiss the Amended Complaint Pursuant to 12(b)(6), only the civil conspiracy count allegations implicate ATA. Each of the other substantive counts centers around the alleged conduct of the "defendant airlines." See Amended Complaint, ¶¶ 78, 83, 85, 91, 95.

## **ARGUMENT & AUTHORITIES**

It is well settled that to establish personal jurisdiction over a defendant, a plaintiff must meet both (1) the requirements of the Massachusetts long-arm statute, Mass. Gen. Laws. c. 223A, § 3, and (2) the basic due process requirements of the United States Constitution. See Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 712 (1st Cir. 1996).

The Plaintiffs in this case bear the burden of demonstrating the existence of personal jurisdiction over ATA. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003). Thus, unless the Plaintiffs can set forth "specific facts" upon which this Court can assert personal jurisdiction over ATA and, in addition, provide "affirmative proof" of those facts, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). See Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992).

Here, the Plaintiffs cannot satisfy either the requirements of the Massachusetts long-arm statute or the requirements of the Due Process Clause because they have not provided *any* specific facts or proof to support personal jurisdiction over ATA in Massachusetts. See Noonan v. Winston Co., 902 F. Supp. 298, 302 (D. Mass. 1995), aff'd, 135 F.3d 85 (1st Cir. 1998). Accordingly, the Amended Complaint must be dismissed as to ATA.

**A.  The Massachusetts Long-Arm Statute Does Not Authorize Personal Jurisdiction Over ATA.**

Under the Massachusetts long-arm statute, a court may assert jurisdiction over a defendant

> who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
> 
> (a)   transacting any business in [Massachusetts];
> (b)   contracting to supply services or things in [Massachusetts];
> (c)   causing tortious injury by an act or omission in [Massachusetts]; [or]

      (d)      causing tortious injury in [Massachusetts] by an act or omission outside [Massachusetts] if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [Massachusetts].

Mass. Gen. Laws c. 223A, § 3. The Plaintiffs cannot establish personal jurisdiction over ATA under any of these provisions.

    1.    *Jurisdiction Over ATA is Not Proper Under Sections 3(a), (b), or (c) of the Massachusetts Long-Arm Statute.*

In order for jurisdiction to exist under Sections 3(a) or (b), the Plaintiffs would have to demonstrate that their claims arise out of ATA's business transactions in Massachusetts or ATA's contracts to supply services in Massachusetts. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). Similarly, for Section 3(c) to apply, the Plaintiffs would have to demonstrate that ATA committed an act or omission in Massachusetts that caused tortious injury. The Amended Complaint, however, fails to allege *any* conduct, act, or omission in Massachusetts by ATA connected to the Plaintiffs' claims or alleged injury. The Plaintiffs' claims and alleged injury are based on their alleged nonreceipt of refunds for taxes and fees associated with unused, nonrefundable airline tickets. But it is indisputable, and Plaintiffs have not alleged otherwise, that ATA does not, issue, sell, or distribute tickets to the public for air travel, nor does it play any role in the collection of any taxes or fees associated with airline tickets. See Affidavit of David A. Berg ("Berg Aff."), ¶ 6. Thus, the Plaintiffs' claims as to ATA cannot arise from any transaction or contract by ATA in Massachusetts, and no act or omission by ATA in Massachusetts could have caused the Plaintiffs' alleged injury.

To the extent the Plaintiffs attempt to argue in response to this Motion that this Court could assert personal jurisdiction over ATA by virtue of the civil conspiracy allegations in the Amended Complaint, that argument would also fail. As set forth in the Memorandum of Law in

support of the Domestic Defendants' Rule 12(b)(6) motion, the civil conspiracy allegations are unfounded and conclusory, and as such are insufficient to support personal jurisdiction. See Noonan, 902 F. Supp. at 302 ("bare allegations" insufficient to establish jurisdiction).

Even assuming, *arguendo*, the civil conspiracy allegations are sufficient to state a claim, they do not provide a basis on which this court can assert personal jurisdiction over ATA. As an initial matter, the First Circuit has expressed doubt about the viability of a "conspiracy theory of personal jurisdiction." Glaros v. Rese, 628 F.2d 679, 682 (1st Cir. 1980); see also In re: Lupron Marketing and Sales Practices Litig., 245 F. Supp. 2d 280, 295 (D. Mass. 2003) ("Whether the conspiracy theory of jurisdiction comports with federal due process requirements is another matter."). More importantly, the Plaintiffs' allegations here lack the specificity required for the Court to assert personal jurisdiction over ATA even under a conspiracy theory of jurisdiction. See Glaros, 628 F.2d at 682 ("[T]o sustain jurisdiction over an out-of-state co-conspirator [courts recognizing conspiracy theory of jurisdiction have] required something more than the presence of a co-conspirator within the forum state, such as substantial acts performed there in furtherance of the conspiracy and of which the out-of-state co-conspirator was or should have been aware."). Thus, the First Circuit in Glaros held that the exercise of personal jurisdiction was not warranted where "allegations of conspiracy were purely conclusory and did not specifically link the out-of-state governmental defendants to acts committed within Massachusetts." Id. Similarly, courts in this District have consistently refused to assert jurisdiction over defendants under a conspiracy theory of jurisdiction where plaintiffs, like the Plaintiffs here, have not pled with specificity conduct in furtherance of the conspiracy linking the defendants to Massachusetts. See In re Lernout & Hauspie Sec. Litig., No 00-11589, 2004 WL 1490435, at *7 (D. Mass. June 28, 2004) (unpublished decision) ("The plaintiffs' bare-bones allegations and unsupported arguments are

not sufficient to make out a case of jurisdiction over [the defendant] under the conspiracy theory."); Salvador v. Meese, 641 F. Supp. 1409, 1413 (D. Mass. 1986) ("[T]he facts of this case as alleged by the plaintiffs do not sufficiently link the Florida defendants to a conspiracy to defraud Massachusetts investors."); see also In re: Lupron, 245 F. Supp. 2d at 294-95 (general allegations of conspiracy insufficient to meet evidentiary burden of showing jurisdiction); Van Schaick v. Church of Scientology of Calif., Inc., 535 F. Supp. 1125, 1133 (D. Mass. 1982) ("insufficient factual foundation" for personal jurisdiction under conspiracy theory because allegations were "based on nothing but speculation and conjecture on the essential issue of connecting each of the . . . defendants with acts or transactions within the forum state"); Gilday v. Quinn, 547 F. Supp. 803, 807 (D. Mass. 1982) (plaintiff did not "present the Court with facts sufficient to allow the Court to exert personal jurisdiction . . . under the conspiracy theory of personal jurisdiction").

Here, the Plaintiffs have not specifically alleged any conduct in furtherance of the alleged conspiracy in Massachusetts, much less any such conduct linked to ATA. Accordingly, the Court cannot assert personal jurisdiction over ATA under Sections 3(a), (b), or (c) of the long-arm statute either on the basis of direct conduct by ATA or under a conspiracy theory of jurisdiction.[4]

    2.    *Jurisdiction Over ATA is Not Proper Under Sections 3(d) of the Massachusetts Long-Arm Statute.*

Section 3(d) is equally inapplicable to this case. For Section 3(d) to apply, the Plaintiffs would have to demonstrate that ATA (1) regularly does or solicits business in Massachusetts, (2) engages in a persistent course of conduct in Massachusetts, or (3) generates substantial revenue

---

[4] ATA has no record verifying the Plaintiffs' allegation that Bruce Bishins contacted ATA regarding refunds. See Berg Aff., ¶ 9. In any event, that allegation even if true is not jurisdictionally relevant because it is not in any way connected to Massachusetts. Bishins is the President and Chief Executive Officer of the United States Travel Agent Registry, which is located in New York.

from goods or services.  Again, the Plaintiffs have failed to allege that ATA engages in *any* activity in Massachusetts, and thus Section 3(d) is inapplicable to the Plaintiffs' claims as pled in the Amended Complaint.  While the Plaintiffs have alleged that ATA maintains a website accessible to Massachusetts residents, they have not properly alleged that ATA does substantial business through the website.  See Ecological Sys. Tech. v. Aquatic Wildlife Co., 142 F. Supp. 2d 122, 125  (D. Mass. 2000) ("Plaintiffs state that [the defendant] maintains a web site accessible in Massachusetts, but fail to allege that [the defendant] took any direct actions toward the resident of Massachusetts . . . .").

Pleading deficiencies aside, as a plain factual matter, ATA's contacts with Massachusetts, through it website or otherwise, simply are not legally significant for purposes of Section 3(b).  As noted in the Berg Affidavit, ATA does not does maintain any regular presence in Massachusetts:  it does not have an office, employees, or any property in the state.  See Berg Aff., ¶ 8.  Nor does ATA regularly solicit business in Massachusetts by, for example, deploying sales representatives to or maintaining any significant advertising presence in the state.  Id.

Moreover, while ATA admittedly sells certain of its publications to residents of Massachusetts through its internet website, its overall sales in Massachusetts do not constitute either regularly doing business or generating substantial revenue under Section 3(d).  As noted in the Berg Affidavit, in the twelve years spanning 1993 to 2004, ATA has made a total of 379 sales transactions in Massachusetts for total sales of $35,669.44.[5]  Berg Affidavit, ¶ 9.

As such, ATA's sales in Massachusetts neither reflect a regular course of business nor constitute the generation of substantial revenue in the state.  The sales average approximately 32 transactions and $2972 worth of sales revenue per year, and they account for only 0.77% of

---

[5] ATA does not maintain any sales data records before 1993.

ATA's total sales revenue over the twelve-year period. See id. ¶ 9. Moreover, the sales in Massachusetts have tapered off in recent years, averaging of 16 sales per year, and accounting for 0.5% of total overall sales since 2000. Given their low levels, ATA's sales in Massachusetts as a matter of law cannot not satisfy the requirements of Section 3(d). Accordingly, the allegations as to ATA do not satisfy the requirements of Massachusetts long-arm statute, and the claims against ATA must be dismissed.

### B. The Due Process Clause of the United States Constitution Does Not Authorize Personal Jurisdiction Over ATA.

Even if the Plaintiffs were able to establish that personal jurisdiction is proper under the provisions of the Massachusetts long-arm statute, they must *additionally* show that ATA has minimum contacts with Massachusetts such that "the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994).

A court may exercise personal jurisdiction over a defendant under either specific or general jurisdiction. Specific jurisdiction exists if there is a "demonstrable nexus between a plaintiff's claims and a defendant's forum based activities." Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). In contrast, general jurisdiction exists where the plaintiff's claims are "not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in a systematic activity, unrelated to the suit, in the forum state. . . ." United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). Neither specific nor general jurisdiction lie over ATA in this case.

1.   *There is No Basis for the Court to Assert Specific Jurisdiction Over ATA.*

For the same reasons that the Plaintiffs cannot meet the requirements of Sections 3(a), (b), and (c) of the long-arm statute, it is abundantly clear that the Court cannot assert specific jurisdiction over ATA. To reiterate, the Plaintiffs have not alleged *any* activity in Massachusetts by ATA -- much less any activity related to the claims at issue in this case. More significantly, as a factual matter, ATA does not sell or issue tickets for air travel or collect taxes or fees associated with such tickets. See Berg Aff., ¶ 7. Thus, there is no basis for this Court to assert specific jurisdiction over ATA. See Pritzker, 42 F.3d at 60 (specific personal jurisdiction "may only be relied upon 'where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts'" (quoting 163 Pleasant St., 960 F.3d at 1088)).

2.   *ATA's Contacts with Massachusetts Are Not Sufficiently Systematic or Continuous to Support General Jurisdiction.*

For this Court to assert general jurisdiction over ATA, the Plaintiffs must demonstrate that ATA has contacts with Massachusetts that are "sufficiently continuous and systematic" such that the assertion of jurisdiction is "reasonable and just." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984). In evaluating whether the exercise of personal jurisdiction is warranted, courts focus on the "quality and quantity of contacts between the potential defendant and the forum." Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999). As a threshold matter, "[t]he standard for evaluating whether [a defendant's contacts with the forum] satisfy the constitutional general jurisdictional test is considerably more stringent than that applied to specific jurisdiction questions." Noonan, 135 F.3d at 93.

In conducting the "fact-specific" evaluation of a defendant's contacts with the forum, a court is "guided by the types of contacts deemed sufficiently continuous and systematic in other

cases." Id. at 93. Here, ATA's contacts with Massachusetts do not even approximate the number or type of contacts that the case law indicates is necessary for the exercise of general jurisdiction. For example, in Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984), the Supreme Court noted that even though the defendant sold 10 to 15,000 magazines in New Hampshire *per month*, its "activities in the forum may not be so substantial as to support jurisdiction over a cause of action unrelated to those activities." Id. at 779.

Similarly, the First Circuit in a number of cases has refused to allow the assertion of general jurisdiction over defendants with contacts with forum states much more substantial than ATA's contacts with Massachusetts. In Noonan, the court found that the district court could not exercise general jurisdiction over a British company that directly solicited business from a Massachusetts company and received $585,000 in orders from that same company. 135 F.3d at 93-94. In Donatelli v. National Hockey League, 893 F.2d 459 (1st Cir. 1990), the court held jurisdiction was not proper over the National Hockey League in Rhode Island, even though the League had provided its officials at exhibition games for ten years, telecast games in Rhode Island, and sold products with its logo. Id. at 470-71. In Glater v. Eli Lilly & Co., 744 F.2d 213 (1st Cir. 1984), the out-of-state defendant employed eight sales representatives in the forum state, conducted business in the state, and advertised in trade journals that circulated there, and the court held that such "vestigial contacts" did not support the exercise of general jurisdiction. Id. at 217.

More specifically related to the issue of sales revenue, a number of district courts have held that general jurisdiction could not be asserted over defendants whose sales revenue in the forum state was more than, or at least comparable, to ATA's sales in Massachusetts. See Brock Supply Co. v. Moulding Assocs. Inc., 81 F. Supp. 2d 338, 342-43 (D.P.R. 2000) (sales of over

900 doors totaling over $230,000 in sales insufficient for general jurisdiction); Romann v. Geissenberger Mfg. Corp., 865 F. Supp. 255, 260 (E.D. Pa. 1994) (no general jurisdiction where only two to four percent of sales in forum state); Modern Mailers, Inc. v. Johnson & Quin, Inc., 844 F. Supp. 1048, 1054 (E.D. Pa. 1994) (0.5% of sales in forum insufficient for general jurisdiction). Here, ATA's total sales of $35,669.44 over the past 12 years, which constitute less than 0.77% of its total sales over that period, do not provide a sufficient basis for this Court to assert personal jurisdiction over ATA.[6] Accordingly, the claims against ATA must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court lacks personal jurisdiction over ATA, and accordingly, ATA respectfully requests that, pursuant to Fed. R. Civ. P. 12(b)(2), this Court dismiss the Amended Complaint in its entirety and with prejudice as to ATA.

DECHERT LLP

By: /s/ Matthew Porter
Matthew A. Porter, BBO #630625
Michael S. Shin, BBO # 658134
200 Clarendon Street, 27th Floor
Boston, MA 02116
(617) 728-7100

Attorneys for Air Transport Association of America, Inc.

---

[6] While it is generally true that the Massachusetts long-arm statute was intended to extend personal jurisdiction in Massachusetts to the outer limits of the Constitution, and thus the requirements of the two "tend to converge," see Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979), it is possible for the requirements to diverge. See, e.g., Noonan, 135 F.3d at 92-94 (finding that defendant's contacts satisfied Section 3(d) but did not satisfy Constitution). Thus, even if the Court were to find that ATA's contacts with Massachusetts meet the requirements of Section 3(d), they would not necessarily be sufficiently systematic and continuous to satisfy the Due Process requirements.