UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT HARRINGTON, et al., ) | |
| ) | |
| Plaintiffs ) | Civil Action No. |
| v. ) | 04-12558-NMG |
| ) | |
| DELTA AIR LINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF DAVID A. BERG IN SUPPORT OF AIR TRANSPORT ASSOCIATION OF AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

David A. Berg, under oath, deposes and states as follows:

1. I am Vice President, General Counsel & Secretary for Air Transport Association of America, Inc. ("ATA"). I understand that ATA has been named as a defendant in the above-captioned lawsuit in the Commonwealth of Massachusetts. I make this affidavit on personal knowledge to establish that ATA is not a proper party to this lawsuit.

2. ATA is a nonprofit entity organized under the laws of the District of Columbia with its principal place of business in the District of Columbia. ATA does not issue stock, and no publicly-held company controls more than 10% of ATA.

3. ATA has executive offices at 1301 Pennsylvania Avenue, NW, Washington, D.C. ATA maintains no other offices anywhere in the United States.

4. ATA acts as the principal trade organization for U.S. scheduled air carriers (passenger and cargo). Its primary focus is on public policy issues that affect the U.S.

airline industry. Its secondary purpose is to assist its members in understanding the multitude of Federal regulations they must follow affecting their operations (agencies regulating airline operations include the Federal Aviation Administration, Department of Transportation, Department of Homeland Security, Transportation Security Administration, Bureau of Customs and Border Protection, Bureau of Citizen and Immigration Services, and the Environmental Protection Agency); as such, it is important that compliance is relatively uniform across the industry. In addition, ATA assists in the development of industry standards and practices relating to certain customer and baggage services to facilitate passenger convenience when traveling on more than one airline (commonly referred to as interline practices).

5. ATA discloses the following operator members: ABX Air, Inc.; Alaska Airlines, Inc.; Aloha Airlines, Inc.; America West Airlines, Inc.; American Airlines, Inc.; ASTAR Air Cargo, Inc.; ATA Airlines, Inc.; Atlas Air, Inc., Continental Airlines, Inc.; Delta Air Lines, Inc.; Evergreen International Airlines, Inc.; FedEx Corp., Hawaiian Airlines, Inc.; JetBlue Airways Corp.; Midwest Airlines, Inc.; Northwest Airlines, Inc.; Polar Air Cargo; Southwest Airlines Co.; United Air Lines, Inc.; UPS Airlines, Inc.; and US Airways, Inc.

6. Each member of ATA is a separate corporation with distinct management and corporate directorship. No ATA member is incorporated in Massachusetts.

7. ATA is not in the business of selling air transportation. ATA does not issue, sell or distribute to the public tickets for air transportation, nor does it collect taxes or fees in connection with the sale or purchase of airline tickets.

8. ATA does not maintain an office, mailing address, telephone listing, bank account, or other business facility in Massachusetts; does not have any employees in Massachusetts; does not own or rent property or pay real estate taxes in Massachusetts; and does not own or control any companies or other business entities within Massachusetts. ATA does not regularly send any sales representatives to Massachusetts or have any advertisements that target Massachusetts or its residents.

9. ATA has no record indicating that Bruce Bishins of United States Travel Agency Registry ever contacted ATA regarding the claims at issue in the above-captioned case.

10. From 1993 through 2004, ATA had 379 sales transactions in Massachusetts having a total value of $35,669.44. ATA's overall sales revenue for the same period was $4,990,793.90. In recent years, ATA has had limited sales transactions in Massachusetts, as follows: 2000 – 23; 2001 – 21; 2002 – 12; 2003 – 9; 2004 – 15. These transactions totaled $14,245.76 in value, compared to overall sales revenue of $2,599,117.02.

11. At no time did ATA conspire with or engage in a common plan with any air carrier, in Massachusetts or elsewhere, regarding the allegedly improper handling, refund or remittance of taxes and fees associated with tickets purchased for air transportation.

Signed under the pains and penalties of perjury on this 15th day of July, 2005.

_____
David A. Berg
Vice President, General Counsel & Secretary
Air Transport Association of America, Inc.