UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT J. HARRINGTON, et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DELTA AIRLINES, INC., et al., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>04-12558-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF
DEUTSCHE LUFTHANSA A.G.'S MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

Defendant Deutsche Lufthansa, A.G. ("Lufthansa") respectfully submits this Memorandum of Law in support of its motion to dismiss plaintiffs' claims against Lufthansa pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Based on the allegations in both the original and amended complaints, plaintiffs lack standing under Article III of the U.S. Constitution to raise their claims against Lufthansa. Dismissal of the claims against Lufthansa is therefore required pursuant to Fed. R. Civ. P. 12(b)(1). In addition, dismissal of plaintiffs' claims against Lufthansa is required pursuant to Fed. R. Civ. P. 12(b)(6) for two independent reasons. First, plaintiffs fail to state a claim for each of the claims alleged in the amended complaint. Second, plaintiffs' state law claims are expressly preempted by the Airline Deregulation Act of 1978 (the "ADA").

1

## STATEMENT OF ALLEGED FACTS AND PROCEDURAL HISTORY

The Domestic Defendants' Memorandum of Law In Support of the Motion to Dismiss Plaintiffs' Amended Complaint ("Domestic Defendants' Memorandum") summarizes the history of this matter and the general allegations of the original and amended complaints.  See Domestic Defs.' Mem. at 2-3.  We refer the Court to that discussion and focus here on aspects specific to Lufthansa.

### 1. Plaintiffs' Original Complaint Lacked Allegations Establishing Standing With Respect To Lufthansa.

On November 4, 2004, Plaintiffs filed a putative class action complaint in Middlesex Superior Court.  The original complaint raised multiple claims for relief under state law against a group of domestic air carriers, several foreign flag carriers (including Lufthansa), and the Air Transport Association of America, Inc. ("ATA").  In particular, the fifteen plaintiffs named in that complaint alleged that they had purchased "nonrefundable" tickets from each of the defendant airlines *except for Lufthansa*.  Compl. ¶¶ 2-16.  Plaintiffs alleged further (a) that they did not use those tickets and (b) that defendants retained certain taxes and fees rather than paying them to the government authorities or refunding them to plaintiffs.  See id. at ¶ 1.  *But—as plaintiffs did not allege they had purchased a Lufthansa ticket—they did not make these allegations about Lufthansa*.  Plaintiffs did not allege that they had ever requested a refund of these taxes and fees from, or had such a request denied by, the other named airlines.  They nonetheless alleged that the failure to pay such refunds gave rise to a variety of state-law claims: civil conspiracy and unjust enrichment; breach of fiduciary duty; breach of contract; and breach of good faith and fair dealing.  See id. at ¶¶ 45-54.  In any event, because they never alleged that they purchased a nonrefundable ticket from Lufthansa, none of their allegations of injury related to any action taken by Lufthansa.

2

The case was removed to the United States District Court for the District of Massachusetts, and various defendants moved to dismiss the complaint. The domestic carriers filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); Alaska Airlines and the ATA each filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2); and Lufthansa filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Lufthansa argued, among other things, that the complaint should be dismissed against it for lack of standing because of the absence of any allegation that a named plaintiff had purchased a nonrefundable ticket from Lufthansa. See Mem. in Support of Lufthansa's Mot. to Dismiss Pls.' Compl. at 3-7.

Plaintiffs filed a combined opposition to the motions to dismiss. In response to Lufthansa's standing argument, plaintiffs stated that the "[o]mission of a paragraph alleging similar claims [against Lufthansa] as made against the other defendants was, plaintiffs acknowledge, a significant oversight, which will be corrected in the Amended Complaint." Pls.' Combined Opp'n To The Mots. To Dismiss ("Pls.' Opp'n") at 10; see also id. ("The lack of any specific allegations related to Lufthansa was an oversight to be corrected in the Amended Complaint.").

### 2. Plaintiffs' Amended Complaint Still Lacks Allegations Establishing Standing With Respect To Lufthansa.

Pursuant to a joint stipulation entered by the Court on March 30, 2005, plaintiffs filed their amended complaint on May 31, 2005, two months later. Their amended complaint drops six of the fifteen named plaintiffs that had been included in the original complaint and adds no new plaintiffs.[1] The surviving nine plaintiffs had alleged in the original complaint, as noted

---

[1] The amended complaint names many of the same defendants as in the original complaint, while adding three new defendants: Aer Lingus Limited, the Federal Aviation Administration, and Airlines Reporting Corp.

above, that they had purchased nonrefundable tickets from certain of the defendant airlines, but not including Lufthansa.  Remarkably, despite plaintiffs' commitment in response to Lufthansa's earlier motion to "correct[]" this omission, the amended complaint does not contain an allegation that any of the nine named plaintiffs had, since the filing of the original complaint or at any earlier time, purchased a nonrefundable ticket from Lufthansa.  Indeed, in contrast to the original complaint, the amended complaint omits all specific allegations identifying the particular airlines from which the named plaintiffs allegedly made such purchases.  Instead, the amended complaint merely alleges (a) that "[e]ach defendant airline sold *one or more tickets for air travel* to one or more of the individual plaintiffs" and (b) that "[t]he plaintiffs each purchased (and may purchase in the future) nonrefundable airfare from *one or more defendant airlines* for domestic or foreign travel, which provided (or may provide) the basis for the plaintiffs' advance payment (or prepayment) of anticipated domestic or foreign taxes, fees, or charges."  Am. Compl. ¶¶ 58, 59 (emphasis added).

It is, of course, irrelevant if one of the named plaintiffs purchased a fully refundable ticket from Lufthansa, because none of their claims or claimed injuries relate to such tickets.  And plaintiffs clearly do not claim that they purchased *nonrefundable* tickets from every defendant airline, that they requested a refund on such a ticket from each defendant, or that each defendant denied such a request.  Thus, the amended complaint does not cure the defect that plaintiffs conceded was contained in the original complaint.

4

**ARGUMENT**

I.  **The Amended Complaint Fails to Establish that Plaintiffs Have Standing To Raise Their Claims Against Lufthansa.**

    A.  **At Least One Named Plaintiff Must Have Standing to Sue Lufthansa.**

Standing must be demonstrated by all "those who seek to invoke the power of the federal courts." O'Shea v. Littleton, 414 U.S. 488, 493 (1974). This is a "threshold question[]" because "standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Warth v. Seldin, 422 U.S. 490, 498 (1975). "[T]he irreducible constitutional minimum of standing" requires a plaintiff to show (1) injury in fact, (2) traceability, or a causal connection between the injury and the purported illegal conduct, and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). See also Blum v. Yaretsky, 457 U.S. 991, 999 (1982) ("It is axiomatic that the judicial power conferred by Art. III may not be exercised unless the plaintiff shows 'that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" (quoting Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979))).

That a plaintiff brings claims as part of a class action does not relieve it of this threshold obligation or otherwise alter the requirements for standing. In particular, the Supreme Court has repeatedly held that the named plaintiffs in a putative class action "must allege and show that they personally have been injured." Warth, 422 U.S. at 502. It is insufficient to allege that "injury has been suffered by other, unidentified members of the class to which [the named plaintiffs] belong and which they purport to represent." Id.; see also Blum, 457 U.S. at 999 ("The complaining party must also show that he is within the class of persons who will be concretely affected." (emphasis in original)). In short, "'[t]hat a suit may be a class action . . .

5

adds nothing to the question of standing.'" Lewis v. Casey, 518 U.S. 343, 357 (1996) (quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976)). See generally 1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 1:2 (4th ed. 2002) ("Significantly, procedural Rule 23 cannot be construed to extend or limit the jurisdiction and venue of federal courts or to abridge, modify, or enlarge any substantive right. Thus, for example, a class action cannot confer standing to sue on a named plaintiff who seeks to represent a class." (footnotes omitted)).

Accordingly, as recent case law from this Court establishes, in a case such as this one—where named plaintiffs seek to sue multiple defendants on behalf of a class—it is necessary that *at least one* named plaintiff have standing to sue *each* of the defendants. That is, if none of the named plaintiffs in a putative class action alleges that he or she has been injured by a particular defendant, the named plaintiffs lack standing and the claims must be dismissed against that defendant. In In re Eaton Vance Corporation Securities Litigation, 219 F.R.D. 38 (D. Mass. 2003) ("Eaton Vance I"), for example, a group of investors sued several defendants, including four mutual funds, which were separately incorporated. The named plaintiffs had not purchased shares in two of the mutual funds but nonetheless attempted to bring suit on behalf of a class of investors who purchased shares in any of the four funds. This Court determined that the named plaintiffs could not have been injured by the two funds in which they had not invested and, accordingly, it dismissed all of the named plaintiffs' claims against these two funds. Because "plaintiffs 'cannot demonstrate the requisite case or controversy between themselves personally and [the two funds in which they had not invested,] none may seek relief on behalf of himself or

6

any other member of the class.'" Id. at 41 (quoting Blum, 457 U.S. at 1001 n.13 (internal quotation marks omitted)). [2]

Likewise, in In re Pharmaceutical Industry Average Wholesale Price Litigation, 263 F. Supp. 2d 172 (D. Mass. 2003), this Court dismissed claims against certain pharmaceutical company defendants because no named plaintiff alleged any injury caused by those defendants. This Court found that "several pharmaceutical companies correctly argue that the individually named plaintiffs do not have standing to bring suit against *them* because no plaintiff claims to have purchased *their* drug." Id. at 193 (emphasis in original) (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). This Court rejected plaintiffs' argument that a named plaintiff who purchased drugs from one company can serve as representative for a class of persons who made purchases from other companies: "[U]nder long-standing case law, '[a] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs . . . . Standing cannot be acquired through the backdoor of a class action.'" Id. (quoting Allee v. Medrano, 416 U.S. 802, 828-29 (1974) and citing O'Shea v. Littleton, 414 U.S. 488, 494 (1974)). [3]

---

[2] This decision also addressed class certification questions that were appealed to the First Circuit. The First Circuit stayed the case and remanded to the district court for further consideration. On remand, the district court concluded that the prior decision had taken the "proper approach" to the standing inquiry. See In re Eaton Vance Corp. Sec. Litig., 220 F.R.D. 162, 169 (D. Mass. 2004).

[3] Other courts have reached the same conclusion in comparable cases. See, e.g., Easter v. American W. Fin., 381 F.3d 948, 961-62 (9th Cir. 2004) ("Here, no named plaintiff can trace the alleged injury in fact—payment of usurious interest rates—to all of the Trust Defendants, but only to the Trust Defendant that holds or held that plaintiff's note. As to those trusts which have never held a named plaintiff's loan, Borrowers cannot allege a traceable injury and lack standing."); Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev. 2004) ("[W]hat is required is that for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant"); In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 272 F. Supp. 2d 243, 255 (S.D.N.Y. 2003) ("Plaintiff's claim against the Defendants

The instant case is indistinguishable, and thus all claims against Lufthansa must be dismissed.

> B. **The Original Complaint Failed To Allege Facts Sufficient To Establish Standing Against Lufthansa And The Amended Complaint Does Not Remedy This Defect.**

The original complaint included detailed allegations concerning the nonrefundable tickets that formed the basis of the complaint, including the name of the airline that sold the ticket to each of the fifteen named plaintiffs, the date of the purchase, and the city and state of residence of the purchaser. See Compl. ¶¶ 2-16. Because no named plaintiff in the original complaint alleged purchasing a ticket from Lufthansa, Lufthansa moved to dismiss for lack of standing. See Mem. in Support of Lufthansa's Mot. to Dismiss Pls.' Compl. at 3-7. In Plaintiffs' Combined Opposition to the Motions to Dismiss, plaintiffs conceded that the absence of any allegation concerning the purchase of a nonrefundable ticket on Lufthansa was "a significant oversight, which will be corrected in the Amended Complaint." Pls.' Opp'n at 10.

Plaintiffs, however, have failed to correct this deficiency in their amended complaint. There are no new named plaintiffs included in the amended complaint—no new individuals with new ticket purchases on which to base standing. In fact, six of the original named plaintiffs have been *dropped* from the amended complaint, leaving only nine of the original named plaintiffs. And the allegations in the amended complaint fail to establish standing against it for any of the

---

under Section 12(a)(2) of the Securities Act also fails because plaintiff has not sufficiently alleged that she purchased the mutual fund shares directly from any of the Defendants [and] it is axiomatic that a putative class representative must be able to individually state a claim against defendants, even though he or she purports to act on behalf of a class."); see also Griffin v. Dugger, 823 F.2d 1476, 1483 (11th Cir. 1987) ("Thus, a plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, 'even if the persons described in the class definition would have standing themselves to sue.'" (quoting Brown v. Sibley, 650 F.2d 760, 771 (5th Cir. 1981))).

remaining nine named plaintiffs (each of whom lacked standing based on the facts alleged in the original complaint). The allegations in the amended complaint relevant to standing are, in contrast to those in the original complaint, highly generalized and vague. The vague language, however, cannot disguise the absence of adequate allegations to establish the standing of any named plaintiff to sue Lufthansa.

Specifically, the amended complaint cannot be read to allege that any of the named plaintiffs purchased a nonrefundable ticket from Lufthansa. The amended complaint makes two potentially relevant allegations, but neither suffices on this point. Plaintiffs claim that each named plaintiff has "purchased (and may purchase in the future) nonrefundable airfare from *one or more* defendant airlines." Am. Compl. ¶ 59 (emphasis added). This assertion merely goes to establishing standing for each named plaintiff to sue *some* carrier, it does not establish their standing to sue Lufthansa specifically. Moreover, the possibility that some plaintiff might at some point "in the future" purchase a ticket from Lufthansa is too hypothetical and temporally remote to establish standing. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Plaintiffs also allege that "[e]ach defendant airline sold one or more tickets for air travel to one or more of the individual plaintiffs." Am. Compl. ¶ 58. Although this claim does allege that at least one of the named plaintiffs purchased a ticket from Lufthansa, it pointedly does *not* assert that Lufthansa sold a *nonrefundable* ticket to any of the named plaintiffs in this case. Having failed to allege that they purchased a *nonrefundable* ticket from Lufthansa, it follows that they have also failed to allege that such a ticket went unused or that they requested and did not receive a refund of taxes, fees, or charges paid on such a ticket.[4]

---

[4] Plaintiffs do not allege—with respect to *any* of the defendant airlines—that they ever requested a refund from, or that such a request was denied by, the airlines.

"The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." Cotter v. City of Boston, 323 F.3d 160, 166 (1st Cir. 2003).  Careful scrutiny is especially warranted here, where plaintiffs' original complaint included detailed allegations against certain defendants but specifically excluded Lufthansa, and where plaintiffs acknowledged that deficiency and promised to cure it in their amended complaint.  Under these circumstances, plaintiffs had an obligation squarely to assert that a named plaintiff was injured by Lufthansa in an actionable manner.  Plaintiffs should not be permitted to paper over their lack of standing by replacing the specific allegations in their original complaint (that excluded Lufthansa) with the vague and amorphous allegations in their amended complaint that fail to demonstrate that any one of the named plaintiffs has necessarily been injured by Lufthansa. Because plaintiffs' standing to raise claims on behalf of purchasers of nonrefundable Lufthansa tickets "does not adequately appear from all materials of record," these claims must be dismissed.[5]  Warth, 422 U.S. at 502; see also Fed. R. Civ. P. 12(b)(1).

**II.     Plaintiffs Fail to State a Claim.**

The amended complaint alleges, first, that the payments for the nonrefundable tickets included various taxes, fees, and charges.  See Am. Compl. ¶ 1.  Plaintiffs further allege that they did not receive refunds of these taxes, fees, and charges for their unused, nonrefundable tickets. See id.  They allege that the funds collected by the carriers were either not remitted to the relevant authorities or, if remitted, constituted overpayments.  See id. ¶¶ 1, 3.  In addition,

---

[5] Plaintiffs cannot avoid this result by citing their conclusory allegations of civil conspiracy in Count VII of the complaint.  As discussed below, plaintiffs fail to state a claim of civil conspiracy under state law, and such bare-boned, unsupported conclusions cannot manufacture standing where it otherwise does not exist.

10

plaintiffs allege that the carriers failed adequately to disclose to the plaintiffs whether the funds collected as taxes, fees, and charges were paid to the authorities (even though not due) or retained by the carriers. See id. ¶ 4.

Based on these allegations, plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57 (Count I). Plaintiffs also seek to rescind the portions of the (unspecified) contracts that are allegedly in violation of 14 C.F.R. pt. 253, which subjects contracts of carriage to certain notice requirements (Count II). Plaintiffs raise several claims under state law including breach of contract (Count III), unjust enrichment (Count IV), breach of good faith and fair dealing (Count V), breach of fiduciary duty (Count VI), and civil conspiracy (Count VII). Plaintiffs raise these claims as a putative class action and purport to represent all similarly situated individuals. See Am. Compl. ¶¶ 1, 64-76. In addition to a declaratory judgment, plaintiffs seek permanent injunctive relief, restitution, costs and fees, and any other relief the Court deems appropriate. See Am. Compl. § V, Prayer for Relief.

For the reasons set forth below, plaintiffs fail to state a claim upon which relief may be granted for any of these claims[6] and thus the amended complaint must be dismissed under Rule 12(b)(6).[7]

---

[6] The claim for declaratory relief is premised on the other claims alleged by plaintiffs and, accordingly, if the other claims are dismissed, the declaratory judgment claim must also be dismissed. See, e.g., Akins v. Penobscot Nation, 130 F.3d 482, 490 & n.9 (1st Cir. 1997).

[7] For purposes of the present motion to dismiss, Lufthansa assumes that Massachusetts law applies to these common claims. It is unclear, however, what state's law would apply if the amended complaint were to include a named plaintiff who claims to have purchased a nonrefundable ticket from Lufthansa. The determination of the applicable state law would likely depend on the particular allegations related to Lufthansa—allegations that are wholly absent from the amended complaint.

11

*Breach of Contract:* The elements of a contract claim are (a) a valid contract, (b) the breach of the contract, and (c) damages to the plaintiff from the breach. See Mass Cash Register, Inc. v. Comtrex Sys. Corp., 901 F. Supp. 404, 415 (D. Mass. 1995).  In this case, plaintiffs have failed to allege *any* nonrefundable ticket contract between a named plaintiff and Lufthansa, let alone any breach or damages stemming from the breach of that contract.  This claim against Lufthansa must therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

Even if a named plaintiff had alleged she or he entered into a nonrefundable ticket contract with Lufthansa, however, plaintiffs' allegations would still fail to state a claim.  As explained in the Domestic Defendants' Memorandum, plaintiffs have failed to allege that any actual term or provision of any contract has been breached; indeed the notion of a breach arising out of the failure to refund is inherently incompatible with the very nature of the tickets held forth as forming the basis for the suit, namely *nonrefundable* tickets.  See Domestic Defs.' Mem. at 18.

*Unjust Enrichment*: An unjust enrichment claim requires an allegation, *inter alia*, that the plaintiff conferred a benefit on the defendant.  See, e.g., Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co., 534 F. Supp. 340, 347 (D. Mass 1982).  In this case, plaintiffs have failed to allege that a named plaintiff conferred any sort of benefit on Lufthansa in connection with the purchase of a nonrefundable ticket, and the claim fails for this reason alone.  Moreover, for the reasons explained in the Domestic Defendants' Memorandum, even if a named plaintiff had purchased a nonrefundable ticket for travel on Lufthansa, the existence of an express contract between the parties would bar any claims of unjust enrichment, which is an equitable remedy.  See Domestic Defs.' Mem. at 19.

12

*Breach of Good Faith and Fair Dealing*: "A contract is a necessary element of a claim for . . . breach of the implied covenant of good faith and fair dealing." Moore v. Marty Gilman, Inc., 965 F. Supp. 203, 222 n.16 (D. Mass. 1997). As explained above, plaintiffs have failed to allege the existence of a contract for a nonrefundable ticket between a named plaintiff and Lufthansa. Accordingly, this claim must be dismissed under Fed. R. Civ. P. 12(b)(6). Even if a named plaintiff had alleged she or he entered into a nonrefundable ticket contract with Lufthansa, however, the claim would fail for the independent reasons set forth in the Domestic Defendants' Memorandum. See Domestic Defs.' Mem. at 19-20.

*Breach of Fiduciary Duty*: The elements of a claim of breach of fiduciary duty are a fiduciary duty based on a relationship between the parties, a breach of that duty, damages, and a causal connection between breach of the duty and the damages." See Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 164, 705 N.E.2d 279, 288-89 (1999). Named plaintiffs have failed to allege any facts that would lay the foundation for a finding of a relationship between them and Lufthansa arising out of a nonrefundable ticket purchase, any basis to find a duty to them on the part of Lufthansa, or any basis to find damages caused to them by a breach of such a duty. Accordingly, this claim, too, must be dismissed under Fed. R. Civ. P. 12(b)(6). Additionally, as explained in the Domestic Defendants' Memorandum, even if a named plaintiff claimed she or he did not use a nonrefundable ticket from Lufthansa, this would not suffice as a basis for a finding of a fiduciary duty. See Domestic Defs.' Mem. at 20-21.

*Civil Conspiracy*: For the reasons set forth in the Domestic Defendants' Memorandum, moreover, plaintiffs have failed sufficiently to plead a civil conspiracy under Massachusetts law against any of the defendant airlines. See id. at 21-23. The Domestic Defendants' arguments apply with equal force to Lufthansa. Additionally, to the extent that plaintiffs' conspiracy claim

13

relies on allegations concerning the activities of defendant ATA and its members, see, e.g., Am. Compl. ¶¶ 37-43, 99, such allegations are irrelevant to a claim against Lufthansa, which is not a member of the ATA, see ATA, Current ATA Members, *available at* http://www.airlines.org/about/members.aspx, and is not otherwise alleged to have participated in ATA's activities.

*Rescission*:  Plaintiffs' claim for rescission of certain portions of their contracts with the airlines, based on alleged violations of federal law and regulations, namely 14 C.F.R. § 253.7 and 49 U.S.C. § 41707, should also be dismissed for failure to state a claim.  Because plaintiffs have failed to allege that any of them entered into a nonrefundable ticket contract with Lufthansa, there are no contract provisions (relevant to Lufthansa) to rescind.  Even if a named plaintiff were to have alleged a nonrefundable ticket contract with Lufthansa, however, plaintiffs' allegations would still fail to state a claim.  As explained in the Domestic Defendants' Memorandum, there is no federal law private right of action to enforce the regulations on which plaintiffs base their claims.[8]  See Domestic Defs.' Mem. at 16-18.  And, regardless, as the Domestic Defendants' Memorandum points out, plaintiffs have manifestly failed to allege a violation of the federal notice requirements; plaintiffs concede their awareness of the nonrefundability of the tickets at issue and yet seek to void these very same nonrefundability provisions.  See id.

### III.     Plaintiffs' Claims Are Preempted By Section 105 of the Airline Deregulation Act.

In addition to the reasons outline above, plaintiffs' claims must be dismissed as preempted by federal law.  For the reasons explained in the Domestic Defendants'

---

[8] To the extent plaintiffs are alleging some form of state-law cause of action to rescind portions of their contracts with the airlines that do not comply with federal notice requirements, that state-law cause of action would be preempted by the ADA.  See p. 15, *infra*.

Memorandum, plaintiffs' claims for breach of fiduciary duty, unjust enrichment,[9] and declaratory relief, are expressly preempted by Section 105 of the ADA. See Domestic Defs.' Mem. at 4-8, 12-16.

Plaintiffs' claims based on contract, namely breach of contract and breach of good faith and fair dealing, are also preempted by Section 105. As noted above, plaintiffs have failed to allege the existence of any nonrefundable ticket contract between a named plaintiff and Lufthansa and therefore necessarily have not alleged that Lufthansa has breached any contractual obligation established by the *express terms* of such a contract. As the Domestic Defendants' Memorandum explains, where contract claims do not rest on allegations of breach of an express contract term and instead look beyond the contract to state law principles to avoid the contract terms, the contract claims fall within the scope of federal preemption under Section 105. See Domestic Defs.' Mem. at 8-12.; see generally American Airlines, Inc. v. Wolens, 513 U.S. 219, 228, 233 (1995).

Finally, to the extent that plaintiffs' claim for rescission rests on a state law cause of action, this cause of action would itself be preempted. A party seeking rescission as an equitable remedy is necessarily attempting to avoid or be released from contract terms. See 13 Corbin on Contracts, §67.8, at 47-48 (2003) (describing the remedy of "unilateral rescission."); see generally Restatement (Second) of Contracts, Introductory Note to Ch. 6. As explained in the

---

[9] As the Domestic Defendants' Memorandum notes, the civil conspiracy claim appears to rest on unjust enrichment. This claim, like that for unjust enrichment, is also preempted. See Domestic Defs.' Mem. at 16 n.15.

15

Domestic Defendants' Memorandum, any such attempt to alter express contract terms is preempted by the ADA. See Domestic Defs.' Mem. at 12-14.[10]

## CONCLUSION

For the foregoing reasons, defendant Lufthansa respectfully submits that its motion to dismiss the amended complaint should be granted.

Respectfully Submitted,

Wilmer Cutler Pickering Hale and Dorr LLP
Attorneys for Deutsche Lufthansa, A.G.

Dated: July 29, 2005

By: /s/ Daniel M. Esrick
Daniel M. Esrick, BBO #647676
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (fax)

David W. Ogden (admitted *pro hac vice*)
Ethan G. Shenkman (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1801 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000

*Of Counsel:*
Anne K. Small
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

---

[10] That Lufthansa is a foreign carrier does not affect the arguments raised by the Domestic Defendants concerning preemption under the ADA; plaintiffs' state law claims are preempted regardless whether they concern domestic or foreign carriers. It is the state law nature of plaintiffs' claims, not the variety of defendant, that is relevant to the preemption analysis. See, e.g., Lawal v. British Airways, PLC, 812 F. Supp. 713, 718 (S.D. Tex. 1992) (finding that "[t]he preemption provisions of the ADA clearly apply to foreign air carriers" and observing that the Supreme Court decision in Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992) "entered judgment in favor of an entire array of respondents, without any mention of differences in their status as foreign or 'citizen' air carriers.").

16

## **CERTIFICATE OF SERVICE**

      I, Daniel M. Esrick, hereby certify that a copy of the foregoing document has been served by electronic mail or facsimile on this 29th day of July 2005, upon counsel of record for all parties.

                        /s/
                        Daniel M. Esrick
                        July 29, 2005

US1DOCS 5222048v1