UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG BUCK, KENNETH MICCICHE, VALERIE L. PAWSON, CAROLINE MARSHALL-SMITH, WANDA MILLS; JEFF GOLUMBUK, ANESIA KALAITZIDIS, ATHANASE KARAGIORGOS; AND JENNIFER TSOUVRAKAS, on behalf of themselves and others, <br><br> *Plaintiffs,* <br><br> v. <br><br> ALASKA AIRLINES, AMERICAN AIRLINES, CONTINENTAL AIRLINES, DELTA AIR LINES, INC., NORTHWEST AIRLINES, SOUTHWEST AIRLINES CO., d/b/a SOUTHWEST AIRLINES, CHINA EASTERN AIRLINES CORP. LTD, CHINA SOUTHERN AIRLINES CO. LTD., AER LINGUS LIMITED, ALITALIA-LINEE AEREE ITALINE S.p.A., D/B/A ALITALIA AIRLINES, BRITISH AIRWAYS, PLC, D/B/A BRITISH AIRWAYS, DEUTSCHE LUFTHANSA, A.G., D/B/A LUFTHANSA AIRLINES, OLYMPIC AIRWAYS-SERVICES, SA, D/B/A OLYMPIC AIRWAYS, AIR TRANSPORT ASSOCIATION OF AMERICA, INC., AIRLINES REPORTING CORP., AND THE FEDERAL AVIATION ADMINISTRATION <br><br> *Defendants.* | 04 12558 NMG <br><br> **CHINA SOUTHERN'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

------------------------------------------------------------------x

## PRELIMINARY STATEMENT

Defendant China Southern Airlines Company Limited (hereinafter "CHINA SOUTHERN"), by and through its attorneys Campbell, Campbell, Edwards & Conroy and Condon & Forsyth LLP, respectfully submits this Motion and Memorandum of Points and

Authorities in support of its motion to dismiss the lawsuit against it for lack of personal jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(2).

## FACTS RELEVANT TO JURISDICTION

The only plaintiff making an allegation against China Southern is Jeff Golumbuk. *See* Original Compl., ¶ 5. Jeff Golumbuk resides in San Diego, California. *See* Am. Compl., ¶ 18. Jeff Golumbuk alleges that he purchased a nonrefundable ticket on a China Southern flight in September 2002. *See* Original Compl., ¶ 5. He alleges that he paid "one or more of domestic or foreign taxes, fees, or charges." *See* Am. Compl., ¶ 59. He alleges that he did not use the ticket and that China Southern failed to refund whatever "domestic of foreign taxes, fees, or charges" he paid in connection with the ticket. *See* Am. Compl., ¶ 61-2. He further alleges that he suffered monetary damages because the taxes, fees and charges were not refunded to him. *See* Am. Compl. ¶¶ 82, 84, 88, 91, 96, and 104.

The only flight purchased by Mr. Golumbuk from China Southern in September 2002 was from Beijing, China to Ghangzhou, China. *See* Exhibit 1. The flight was purchased from Holt Travel & Tours which is located in California. *See* Exhibit 1. Holt Travel on behalf of the issuing airline (not China Southern) collected taxes. Mr. Golumbuk does not allege that he suffered any injury in Massachusetts or that the monetary damages he suffered relate to any contact of China Southern with Massachusetts.

China Southern is a corporation organized under the laws of China with its principal place of business located at Guangzhou, Guangdong, China. *See* Am. Compl. ¶ 33. China Southern is an airline engaged in international transportation and domestic air transportation within China. *See* Aff. of Aizhen Ye ¶ 4. China Southern operates no flights to Massachusetts and has never operated flights to Massachusetts. China Southern has no offices or

permanent employees in Massachusetts. China Southern has no bank accounts in Massachusetts. China Southern does not advertise in Massachusetts through local newspapers, magazines, radio or television. China Southern has never owned, rented or leased any property of any kind in Massachusetts. *See* Aff. of Aizhen Ye ¶¶ 5-12. China Southern does not purchase aircraft or aircraft parts from entities in Massachusetts. China Southern is not registered to do business in Massachusetts. *See* Am. Compl., ¶ 33. China Southern has never had a registered agent in Massachusetts. China Southern has never had a telephone number, post office box or mail drop in Massachusetts. *See* Aff. of Aizhen Ye ¶¶ 15-17.

China Southern's only contact with Massachusetts is via its website which is accessible worldwide. U.S. passengers have been able to purchase tickets from China Southern's website since 1999, although an English language version was not available until May 28, 2003. *See* Aff. of Aizhen Ye ¶ 18. China Southern cannot determine the number of tickets which have been sold to Massachusetts residents. *See* Aff. of Aizhen Ye ¶ 18. However, any sales that occurred to Massachusetts residents have accounted for a very small percentage of China Southern's ticket sales. *See* Aff. of Aizhen Ye ¶ 18.

## ARGUMENT

### Standard of Review

When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction lies in the forum state. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995). The plaintiff must make a *prima facie* showing of personal jurisdiction by demonstrating the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution. *Richards v. Tsunami Softgoods, Inc.*, 239 F. Supp. 2d 80, 81 (D. Me. 2003). The plaintiff must cite to specific evidence in the record, and the court must accept the

proffered facts as true and view them in the light most favorable to plaintiff. *Id.* The Court must also consider any uncontested facts put forward by the defendant. *Id.*

**Personal Jurisdiction cannot be Maintained over China Southern under the Massachusetts Long Arm Statute and the United States Constitution**

Two requirements must be met before a federal court can exercise personal jurisdiction over a defendant. First, a statute must potentially confer a basis for jurisdiction over the defendant, and second, the exercise of jurisdiction must comport with due process. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4(k)(1) establishes a federal court's territorial limits of effective service. It provides:

> Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant: (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.

Fed. R. Civ. Proc. 4(k)(1)(A).[1] Federal courts look to the long-arm statute of the state in which they sit to provide authority for service of process on and jurisdiction over the defendant. *See United States v. Swiss Amer. Bank, Ltd.*, 191 F.3d 30, 37 (1st Cir. 1999).

The Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A, § 3, does not provide a basis for jurisdiction over China Southern.[2]

**Massachusetts Long-Arm Statute**

The Massachusetts Long-Arm Statute provides eight separate grounds for the exercise of personal jurisdiction by Massachusetts courts, § 3(a)-(h).[3] None of those grounds are applicable

---

[1] Only 4(k)(1)(A) is relevant to this case.
[2] In cases of specific jurisdiction, the Massachusetts Long-Arm Statute has been interpreted to allow jurisdiction up to the constitutional limit. However, on its face, the statute is more restrictive in regard to general jurisdiction. Therefore, an analysis of the Massachusetts Long-Arm Statute is necessary here.
[3] The relevant sections of the Massachusetts Long Arm Statute are:

4

here. Subsection (a) provides jurisdiction if the cause of action arises from the defendant's transacting any business in Massachusetts. However, it is inapplicable because Mr. Golumbuk's claim does not arise out of or relate to the transaction of business in Massachusetts by China Southern, nor does he even allege that it does.

To "arise from" a defendant's transacting business in Massachusetts, a plaintiff's cause of action must show that but for the defendant's contacts with Massachusetts, the injury would not have occurred. *See Sheridan v. Ascutney Mountain Resort Servs.*, 925 F. Supp. 872, 877 (D. Mass. 1996) (following the "but for" rule to determine if a cause of action arises from the transaction of business in the forum by the defendant). Mr. Golumbuk's alleged injury is monetary, that is, the failure to receive a refund of fees and taxes he allegedly paid. *See* Am. Compl. ¶¶ 82, 84, 88, 91, 96, and 104. China Southern's only business with Massachusetts is sales to persons in Massachusetts via its website. *See* Aff. of Aizhen Ye, ¶ 18. However, Mr. Golumbuk (a California resident who purchased his ticket from a California Travel & Tours company) does not allege that he purchased the ticket over the internet while in Massachusetts.

---

§ 3. Personal Jurisdiction Based Upon Acts or Conduct Within Commonwealth.

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

5

Thus, Mr. Golumbuk's injury would have occurred whether or not China Southern made internet sales to persons in Massachusetts. Mr. Golumbuk's claim does not arise from China Southern's transaction of business in Massachusetts and subsection (a) does not apply.

Subsection (b) does not apply because Mr. Golumbuk's claim does not involve contracting "to supply services or things" in Massachusetts, but rather a contract for transportation between two points in China. Subsection (c) does not apply because the alleged injury suffered by Mr. Golumbuk is not alleged to have been caused by any act of China Southern in Massachusetts. Subsections (e)-(h), which cover interests in real property, insurance, and domestic relations issues respectively, do not apply in this case.

Subsection (d) provides jurisdiction over acts committed outside of Massachusetts if the cause of action arises from the defendant's causing tortious injury in Massachusetts if the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth."[4] *See also United States v. Swiss Amer. Bank, Ltd.*, 191 F.3d at 37. Mr. Golumbuk has not alleged that China Southern caused a tortious injury in Massachusetts and he cannot. The only alleged injury which Mr. Golumbuk suffered was the loss of funds (the amounts he paid for taxes, user fees and foreign taxes) which he alleges were not properly refunded to him. Because Mr. Golumbuk is a resident of California, this injury would have occurred there and not in Massachusetts. Therefore, subsection (d) does not provide a basis for

---

[4] This is similar to the federal concept of "general jurisdiction" which allows jurisdiction over parties even when the cause of action does not relate to the defendant's contacts with the forum state if the defendant maintains continuous, substantial and systematic contacts with the forum state. However, subsection (d) is more restrictive because it requires that the defendant cause tortuous injury in Massachusetts whereas the federal rule does not require that the injury take place in the forum state.

6

personal jurisdiction. Because the Massachusetts Long-Arm Statute does not provide a basis for jurisdiction over China Southern, this Court cannot exercise personal jurisdiction over China Southern.

**Constitutional Analysis**

Even if there were a statute which potentially conferred personal jurisdiction by authorizing service of process, the exercise of personal jurisdiction in this case would not comport with due process. If service is authorized, a district court may exercise authority over a defendant by virtue of either general or special jurisdiction. *Northern Laminate Sales, Inc. v. Davis*, 403 F.3d 14 (1st Cir. 2005). Specific jurisdiction requires that the case relate sufficiently to or arise from contacts between the defendant and the forum. *Id.* General jurisdiction may be exercised even if the cause of action is unrelated to the defendant's contacts with the forum, but only if the defendant maintains a continuous and systematic linkage with the forum state. *Id.*

In this case, there is no connection between the cause of action and defendant's contacts with Massachusetts nor has plaintiff alleged such a connection. Plaintiff is a California resident who alleges that he was injured in regard to a flight between two points in China and a ticket which he purchased from Holt Travel and Tours which is located in California. His claim does not arise from or relate to any contacts which China Southern may have with Massachusetts. Therefore, specific jurisdiction is not applicable and plaintiff must establish the existence of facts which give rise to general jurisdiction.

China Southern does not have continuous, systematic or substantial contacts with Massachusetts. China Southern is a corporation organized under the laws of China with its principal place of business located at Guangzhou, Guangdong, China. *See* Aff. of Aizhen Ye ¶ 4. China Southern is an airline engaged in international transportation and domestic air

transportation within China. *Id.* at ¶ 4. China Southern operates no flights to Massachusetts, and has never operated flights to Massachusetts. China Southern has no permanent employees, offices or bank accounts in Massachusetts. China Southern does not advertise in Massachusetts through local newspapers, magazines, radio or television and does not specifically direct any advertising towards Massachusetts. China Southern does not conduct any charter flights or tours originating or ending in Massachusetts. China Southern has never owned, rented or leased any property of any kind in Massachusetts. It has no personal property there. *Id. at* ¶¶ 5-12. China Southern does not purchase aircraft or aircraft parts from entities in Massachusetts. China Southern is not registered to do business in Massachusetts. China Southern has never had a registered agent in Massachusetts. China Southern has never had a post office box, telephone number or mail drop in Massachusetts. *Id.* at ¶ 13-17.

China Southern's only contact with Massachusetts is via its website which is accessible worldwide. U.S. passengers have been able to purchase tickets from China Southern's website since 1999 (an English language version was not available until May 28, 2003. *See* Aff. of Aizhen Ye ¶ 18. The amount of ticket sales through China Southern's website to persons in Massachusetts cannot be determined. However, what sales exist would be a very small percentage of China Southern's overall ticket sales. *Id.* at ¶ 18. These sales are insufficient to establish <u>general</u> personal jurisdiction over China Southern.

General jurisdiction cannot be founded solely on the existence of a defendant's internet website. *See Dagesse v. Plant Hotel N.V.*, 113 F. Supp. 2d 211, 221 (D.N.H. 2000) (noting a consensus on this point). Otherwise any entity anywhere with a website would be subject to the jurisdiction of any court in the United States. In *Dagesse,* the court found that a proper analysis of the jurisdictional effects of an internet website must focus on whether the defendant has

actually and deliberately used its website to conduct commercial transactions or other activities with residents of the forum. *Id.* at 223. The court noted that other courts considered the most valuable evidence to be the amount of sales generated in the state by or through the interactive website. *Id.* at 222-23 (*citing Coastal Video Communications Corp. v. Staywell Corp.*, 59 F. Supp. 2d 562, 572 (E.D. Va. 1999).

Other courts have approved this approach. *See Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 712 (8th Cir. 2003) (finding that the presence of an interactive website is not sufficient, and that the court must also examine the quantity of contacts that the defendant has entered into through its website with citizens of the forum state); *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322, (Fed. Cir. 2003) (focusing on the quantity of internet sales by the defendant and finding $32,000 worth of internet sales over a three year period to be insufficient to establish general jurisdiction); *J-L Chieftan, Inc. v. Jackson-Lloyd Ins. Agency*, 351 F. Supp. 2d 587, 593-4 (E.D. Tx 2004) (stating it is not enough to find that an interactive website has the potential to reach a significant percentage of the foreign state's population…instead, for the contact to be continuous and systematic there must be proof that the website is actually reaching a portion of the state's population).

Therefore, the touchstone of internet jurisdiction, in the general jurisdiction context, is the quantity of actual transactions between the defendant and residents of the forum state through the defendant's website.. In this case, the quantity of sales by China Southern to residents of Massachusetts is insufficient to confer general jurisdiction over China Southern.

With respect to a claim of general jurisdiction, the First Circuit has noted that the standard for evaluating the question whether contacts by a defendant with the forum state satisfy the constitutional test for general personal jurisdiction is "considerably more stringent" than the

9

standard applied to claims of specific personal jurisdiction. *Noonan v. Winston Co.*, 135 F.3d 85, 93 (1st Cir. 1998) (*quoting Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir. 1984)). In *Noonan*, the First Circuit determined that taking approximately $585,000 in orders from customers in Massachusetts was insufficient to support general jurisdiction over the defendant. *Noonan* at 87, 92-93. Likewise, in *Pearl Investments, LLC v. Standard I/O, Inc. v. Daudelin*, 224 F. Supp. 2d 277 (D. Me. 2002), the district court held that sales over an approximately 2 ½ year period of $172,000 were insufficient to allow it to exercise personal jurisdiction over the defendant. *Id.* at 282. *Levin v. Harned*, 304 F. Supp. 2d 136 (D. Mass. 2002),[5] involved several defendants, all of whom the court found to lack continuous and systematic contacts with Massachusetts despite the fact that one, defendant Newel, had $666,565 in sales to Massachusetts residents over a roughly five year period and who advertised in national publications that reached Massachusetts.

The United States Supreme Court determined in *Helicopteros v. Hall*, 466 U.S. 408 (1984), that the defendant did not have continuous and systematic contacts with the State of Texas, despite the fact that the defendant engaged in business within the forum. The defendant's chief executive officer had traveled to Houston in order to negotiate the contract for his company's transportation services. *Id.* at 410. The defendant had purchased eighty percent (80%) of its fleet of helicopters, as well as spare parts and accessories costing more than $4,000,000 from a Texas company. *Id.* at 411. The defendant had sent prospective pilots to Texas for training and to ferry aircraft to South America. *Id.* The defendant sent management and maintenance personnel to Texas for training. *Id.* The defendant had received over

---

[5] The magistrate's recommendation in regard to defendant Newel was adopted by the District Court. *See Levin v. Harned*, 304 F. Supp. 2d 136, No. 01-11354-PBS, 2003 U.S. Dist. LEXIS 24295 (D. Mass. September 11, 2002)

10

$5,000,000 in payments drawn from a Texas bank. *Id.* In spite of this activity engaged in by the defendant within the State of Texas, the Supreme Court found that these were not the sort of continuous and systematic contacts for a defendant to be present within the jurisdiction. *Helicopteros*, 466 U.S. at 416.

China Southern's sales to Massachusetts residents are not determinable, but at most, represent a very small percentage of China Southern's overall ticket sales. See Aff. of Aizhen Ye ¶ 18. Because China Southern's only contacts with Massachusetts are a very small percentage of its worldwide ticket sales, China Southern's contacts with Massachusetts are insufficient to allow this Court to exercise general jurisdiction over it.

## CONCLUSION

The Plaintiff did not suffer an injury in Massachusetts, his cause of action does not arise out of China Southern's contacts with Massachusetts essential for a finding of specific jurisdiction and China Southern has insufficient contacts with the State of Massachusetts for this court to exercise general personal jurisdiction over it in this action. As a matter of law, therefore, jurisdiction cannot be maintained under either the Massachusetts Long-Arm Statute or the U.S. Constitution, and the lawsuit must be dismissed.


Dated: September 30, 2005

/s/ Kathleen M. Guilfoyle
Kathleen M. Guilfoyle, (BBO #546512)
CAMPBELL CAMPBELL EDWARDS
& CONROY P.C.
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000

-and-

CONDON & FORSYTH LLP
Thomas J. Whalen, Esq.
685 Third Avenue
New York, New York 10017
(212) 490-9100

Attorneys for Defendant
CHINA SOUTHERN AIRLINES COMPANY LTD

To:   Evans J. Carter, Esq.
      HARGARVES, KARB, WILCOX & GALVANI, LLP
      550 Cochituate Road – P.O. Box 966
      Framingham, MA 01701-0966
      (508) 620-0140
      Attorneys for Plaintiffs

      Matthew A. Porter, Esq.
      Michael S. Shin, Esq.
      DECHERT LLP
      John Hancock Tower
      200 Clarendon Street
      27th Floor
      Boston, MA 02116
      (617) 728-7100
      Attorneys for Defendants
      Delta Air Lines, Inc.,
      American Airlines, Inc., Northwest
      Airlines, Inc., Alaska Airlines, Inc.
      Continental Airlines, Inc., Southwest
      Airlines Co., and Air Transport
      Association of America, Inc.

      Thomas J. Whalen, Esq.
      CONDON & FORSYTH LLP
      1016 Sixteenth Street, NW
      Washington, DC 20036
      (202) 289-0500
      Attorneys for Defendants
      China Eastern Airlines
      Corporation Limited, China Southern
      Airlines Corporation Limited and
      Swiss International Airlines, LTD.,
      d/b/a SwissAir

      Daniel M. Esrick, Esq.
      WILMER CUTLER PICKERING
       HALE AND DORR LLP
      60 State Street
      Boston, MA 02109
      (617) 526-6529
      Attorneys for Defendant
      Deutsche Lufthansa, AG d/b/a
      Lufthansa Airlines; British Airways, PLC

Kevin C. Cain, Esq.
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2045
Attorneys for Defendants
Alitalia-Linee Aeree Italiane S.p.A., d/b/a
Alitalia Airlines

Michael Lawrence Cornell, Esq.
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1043
Attorneys for Defendant
Alaska Airlines

Eugene Massamillo, Esq.
Peter W. Beadle, Esq.
Thomas Carulli, Esq.
BIEDERMANN, HOENIG, MASSAMILLO & RUFF
90 Park Avenue
New York, New York 10000
Attorneys for Defendant
Alitalia-Linee Aeree Italiane S.p.A.
d/b/a Alitalia Airlines

Airlines Reporting Corp.
Defendant Pro Se
Arlington, Virginia

/s/ Kathleen M. Guilfoyle
Kathleen M. Guilfoyle

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------x
                                                                     :
ROBERT J. HARRINGTON, FAYE BYRON,                                    :
CRAIG BUCK, VALERIE L. PAWSON,            04 12558 NMG
RAY DRASNIN, WANDA MILLS, JEFF
GOLUMBUK, CAROLINE MARSHALL-
SMITH, ANESIA KALAITZIDIS,                **DECLARATION OF AIZHEN**
KENNETH IVANOVITZ, ATHANASE             : **YE IN SUPPORT OF CHINA**
KARAGIORGOS, HARRIET ZALWANGO.            **SOUTHERN'S MOTION TO**
MICHAEL BLAU, KENNETH MICCICHE          : **DISMISS FOR LACK OF**
and JENNIEE TSOUVRAKAS, on behalf of      **PERSONAL JURISDICTION**
themselves and others,                  :

              Plaintiffs,               :

      - against -                       :

DELTA AIRLINES, INC., AMERICAN          :
AIRLINES, US AIRWAYS GROUP, INC.,
d/b/a US AIRWAYS, NORTHWEST             :
AIRLINES, UNITED AIRLINES, INC.,
ALASKA AIRLINES, CONTINENTAL            :
AIRLINES, AIR CANADA, OLYMPIC
AIRLINES CORPORATION LIMITED,           :
CHINA SOUTHERN AIRLINES COMPANY
LIMITED, DEUTSCHE LUFTHANSA, A.G.,      :
d/b/a LUFTHANSA AIRLINES, SWISS
INTERNATIONAL AIRLINES LTD., d/b/a      :
SWISSAIR, BRITISH AIRWAYS, PLC, d/b/a
BRITISH AIRWAYS, MIDWAY AIRLINES        :
CORP., d/b/a MIDWAY AIRLINES,
ALITALIA-LINEE AEREE ITALIANE S.p.A.,   :
d/b/a ALITALIA AIRLINES, SOUTHWEST
AIRLINES, CO., d/b/a SOUTHWEST          :
AIRLINES, CHINA SOUTHERN AIRWAYS-
SERVICES, SA, d/b/a CHINA SOUTHERN      :
AIRWAYS and AIR TRANSPORT
ASSOCIATION,                            :

              Defendants.

                                        :

-----------------------------------------------------------------x

Aizhen Ye declares and states:

1. My name is Aizhen Ye. I am over the age of 21. I have never been convicted of a felony or a crime of moral turpitude. I am of sound mind and am mentally competent in all respects to make this affidavit and take this oath. The facts contained within this affidavit are based upon my personal knowledge and the files maintained in the offices of China Southern.

2. I am the manager of the Los Angeles office of China Southern Airlines Company Limited (hereinafter "China Southern").

3. I am submitting this declaration in support of the motion by China Southern to dismiss the complaint filed by plaintiffs in the above captioned case for lack of personal jurisdiction over China Southern.

4. China Southern is a corporation organized under the laws of China with its principal place of business located at Guangzhou, Guangdong, China. China Southern is an airline engaged in international transportation and domestic air transportation within China.

5. China Southern operates no flights to Massachusetts, and has never operated flights to Massachusetts.

6. China Southern has no permanent employees in Massachusetts.

7. China Southern has no offices in Massachusetts.

8. China Southern has no bank accounts in Massachusetts.

9. China Southern does not advertise in Massachusetts through local newspapers, magazines, radio or television.

10. China Southern does not conduct any charter flights originating or ending in Massachusetts.

11. China Southern is not a code share partner on any flights operated by another airline which originate or end in Massachusetts.

12. China Southern has never owned, rented or leased any property of any kind in Massachusetts. It has no personal property there.

13. China Southern does not purchase aircraft or aircraft parts from entities in Massachusetts.

14. China Southern is not registered to do business in Massachusetts.

15. China Southern has never had a registered agent in Massachusetts.

16. China Southern has never had a post office box in Massachusetts.

17. China Southern has never had a telephone number or mail drop in Massachusetts.

18. China Southern maintains a website which allows its tickets to be purchased in the United States. The website was launched on February 1, 1999 and an English language version became available on May 28, 2003. The number of tickets sold to residents of Massachusetts cannot be determined, however, such sales make up a very small percentage of China Southern's overall ticket sales.

19. China Southern tickets may also be purchased in Massachusetts through independent entities with branches in Massachusetts or selling tickets over the internet.

_____
Aizhen Ye

Personally appeared before me, _Danielle L. Brown_, who being duly sworn, stated that the foregoing affidavit is true and correct to the best of his knowledge, information, and belief.

Sworn to this __19__ day of ~~April~~ September, 2005.



__Danielle L. Brown__
Notary Public

My Commission Expires:

__May__, 20__08__

```
AUD 1040 - ARC
```

```
ARC SETTLED DOCUMENT EDW TRANSACTION # 20227600069911
              ATBII - AUDITORS COUPON
                                        REF NBR: 04-09-5-2
                                        PED: 09/29/2002
                                        SEQ NBR: 153

HOLT TRAVEL AND TOURS
ALPINE, CA

CHINA SOUTHERN AIRLINES
                 DATE OF ISSUE
                    26SEP02          790G    CD    SOTO/CNY GOLUMBUK/JEFF
                                                   05748595       PEK
HOLT TRAVEL AND TOURS      ALPINE, CA                            O PEKCANCZ C  3104  15OCT
                           FARE BASIS    TOUR                    O CANHKGCZ C  0305  16OCT
                           MULTI                    0            O HKGSHAMU C  0590  18OCT
GOLUMBUK/JEFF                            PNR
*** NOT VALID FOR ***                    YODW9Q/1A
*** TRANSPORTATION ***         FFFV      CONJ.
BR0.12081
                         EXCH              X
FC  BJS CZ CAN275.46C CZ HKG101.48CRT MU SHA Q4.23 294.79C NUC675.96END ROE8.277000

FARE       CNY  5,600.00   EQUIV. FARE
                           USD 677.00      FORM OF PAYMENT
TAX   HK        10.26                      AX378367215975019 00 000030
TAX   YO         5.00                                          15.26
TAX              0.00  889 2405987760          40.62
TOTAL USD      692.26                      0    784 7258277640 5    0    784 7258277640 5
                                                DOCUMENT NUMBER           NOT VALID FOR TRAVEL
```

Copyright ?2005 Airlines Reporting Corporation (ARC). All rights reserved.

The data for each document image is displayed in ATBII format, even if it was originally printed in a different format.
The format of the document does not change its validity.
Certain data on this document may be replaced by ******* for security reasons.

https://arccompass2.arccorp.com/runreport.do

1/25/2005