UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                       )
ROBERT J. HARRINGTON, et al            )
                                       )      CIVIL NO.
      Plaintiffs,                      )      04-12558-NMG
                                       )
      v.                               )
                                       )
DELTA AIRLINES, et al,                 )
                                       )
      Defendants.                      )
                                       )
```

## FEDERAL AVIATION ADMINISTRATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I. INTRODUCTION AND BACKGROUND

Plaintiffs allege that thirteen airlines illegally withhold refunds to airline ticket purchasers of certain "Passenger Facility Charges" (PFC's) collected by the airlines from ticket purchasers on behalf of public airport authorities. The PFC's – which typically amount to approximately $4.50 per airline trip segment – are transferred by the airlines to airport authorities for the purpose of financing of airport development projects that have been approved by the Federal Aviation Administration (FAA). The Complaint alleges that numerous airlines unlawfully failed to refund the PFC's to purchasers of nonrefundable tickets who did not use their tickets. With respect to the FAA, Plaintiffs seek a declaration that a change in the FAA "collection compensation" rule, 14 C.F.R. 158.53, was unlawful, and they seek an injunction preventing enforcement of the changed rule. Plaintiffs do not explain why the rule is unlawful or how their allegation relates to their claims against the airlines. However, the FAA sets forth herein an explanation of the PFC

1

program and the "collection compensation" rule. Also set forth, for the assistance

of the Court, is an explanation of a second FAA rule, a rule that authorizes the

airlines to transfer the PFC's on unused, non-refundable tickets to the airport

authorities (rather than return the PFC's alone to purchasers). The Complaint

does not contain a supportable claim against the FAA and should be dismissed.

## A. The FAA's PFC Program

The Passenger Facility Charge ("PFC") program was authorized by the

Aviation Safety and Capacity Expansion Act of 1990, 49 U.S.C. § 40117, which

provides that the U.S. Secretary of Transportation

> ... may authorize ... an eligible agency to impose a
> passenger facility fee ... on each paying passenger of
> an air carrier or foreign air carrier ... to finance an
> eligible airport-related project ...

49 U.S.C. § 40117(b)(1) and (4).[1] The fees collected by the airline are required to

be held in trust by the airline for the "eligible agency," – the airport authority --

imposing the fee, and the airline "holds neither legal nor equitable interest in the

passenger facility revenues except for any handling fee or retention of interest

collected on unremitted proceeds as may be allowed by the Secretary." 49 U.S.C.

§ 40117(g)(4). The statute requires the Secretary to promulgate regulations to

carry out this authority, which:

> shall – ... (A) require an air carrier or foreign air
> carrier and its agent to collect a passenger facility fee

---

[1]

The purpose of these fees is to assist the airport authority with capital development.
The individual charge ranges in amounts from $1.00 to $4.50; with a max of two
charges collected on each direction of a passenger's journey (most commonly a $3.00
amount). See 49 U.S.C. § 40117(b); 14 C.F.R. §§ 158.15 and 158.17. Over $2.5
billion dollars is collected annually by the airlines for the airports under the program.

2

> that an eligible agency imposes under this section; (B) establish procedures for handling and remitting money collected; (C) ensure that the money, less a uniform amount the Secretary determines reflects the average necessary and reasonable expenses (net of interest accruing to the carrier and agent after collection and before remittance) incurred in collecting and handling the fee, is paid promptly to the eligible agency for which they are collected; . . . .

40 U.S.C. § 40117(i).

The FAA adopted the regulations establishing the PFC program on May 29, 1991. See 56 Fed. Reg. 24254 et seq. They are published as Part 158 of 14 C.F.R. They require that the airlines collect PFC's from each passenger for each segment of his itinerary that travels through a PFC-approved airport. All PFC's collected are to be held in trust by the airline for the airport, and disclosed as PFC's by the airline in its financial statements. 14 C.F.R. § 158.49(c). Accounting records are required to be kept, including a quarterly report and annual audit. 14 C.F.R. §§ 158.49, 158.69(a),(b), 241. All collected PFC's are required to be remitted to the appropriate airport by the airline at the end of the month following collection. 49 U.S.C. § 40017(i)(2)(B);14 C.F.R. § 158.51 (regardless of passenger travel dates or whether the passenger travels at all).[2]

## B. The "Collection Compensation" Regulation, 14 C.F.R. § 158.53

This regulation permits an airline to retain a small fraction of the PFC's collected "as compensation for collecting, handling, and remitting the PFC revenue

---

[2] Airports are also required to submit quarterly reports to the FAA, listing the PFC amounts received, the interest earned, as well as expenditures on both a quarterly and total project basis. 14 C.F.R. 158.63(a). Furthermore, airports are required to submit to an annual audit of their PFC accounts, providing a copy to each airline and to the FAA. 14 C.F.R. 158.67(c).

[to the airports]", as follows:

> . . . the collecting air carrier is entitled to: (a) Retain
> $0.11 of each PFC collected; (b) Any interest or other
> investment return earned on PFC revenue between the
> time of collection and remittance to the public agency.

14 C.F.R. § 158.53. When adopted the purpose of this regulation was described

as:

> . . . carriers are to be compensated for handling PFC's
> through the retention of a fixed fee per PFC plus
> earnings on the revenue "float" for the PFC's that they
> collect. The fixed fee is set at $0.12 per PFC for the
> first 3 years after the effective date of the rule, in order
> to provide compensation not only for collecting,
> handling, and remitting the revenue, but for the cost of
> establishing the system that carriers out these
> functions. This fixed fee drops to $0.08 per PFC after
> 3 years.

56 Fed. Reg. 24254, 24276. This regulation was amended in 2004 to raise the

fixed fee per PFC from $0.08 to $0.11. 69 Fed. Reg. 12940 (March 18, 2004).

The FAA explained the amendment as follows:

> This final rule amends the passenger facility charge
> (PFC) regulations by changing the amount of money
> that an air carrier may keep as compensation for
> collecting and handling PFC revenue for public
> agencies. Specifically, this action allows air carriers to
> keep $0.11 of each PFC they collect. This action is
> pursuant to a statutory requirement to establish a rate
> of compensation for air carriers that reflects the
> average necessary expenses for collecting and handling
> PFC's.

Id. The $0.11 rate is a reflection of the FAA's collection and analysis of data

submitted by numerous airlines and public airport agencies. 69 Fed. Red. at

12940. The FAA concluded that the $0.11 rate was the figure that "fully covers

the reasonable and necessary costs of air carriers for collecting and handling PFC's

for airports. FAA estimates that a compensation rate of $0.11 for each PFC

4

collected will allow air carriers to recover fully their collection and handling expenses over a 10-year period." Id. at 12947. The process used by the FAA in setting the new, $0.11 rate is set forth in detail at 69 Fed. Reg. 12940.

The $0.11 fee is a small fraction of the PFC fees collected by the airlines. It is the only fee that is permitted by the FAA to be retained by the airlines. It is a recognition that the airlines incur costs in collecting the PFC fees for the airports from the passengers and in transmitting the fees to the airports, that the costs are greater than the interest earned by the airlines in holding the fees prior to transmitting to the airports, and that those costs should not be imposed on the airlines.

The $0.11 fee has no evident bearing on Plaintiffs' ability to receive a refund of PFC's for unused, nonrefundable tickets.

### C. **Collection of PFC's on Tickets Issued, 14 C.F.R. § 158.45**

An FAA regulation provides that the airlines shall, where appropriate, refund the PFCs to passengers who change their itineraries to travel through airports with a lower PFC or no PFC, but the regulation does not require a refund of PFC's for unused nonrefundable tickets, which passengers abandon rather than change. 14 C.F.R. § 158.45, promulgated in 1991, is the FAA regulation that directs the airlines to collect PFC's and to distribute them where appropriate. It provides,

> (a) tickets issue in the U.S. shall include the required PFC . . . . (1) Issuing carriers shall be responsible for all funds from time of collection to remittance. (2) The appropriate charge is the PFC in effect at the time the ticket is issued. (3) Issuing carriers and their agents shall collect the PFC's based upon the itinerary at the time of issuance. Any changes in itinerary that are

5

> initiated by a passenger that require an adjustment to
> the amount paid by the passenger are subject to
> collection or refund of the PFC as appropriate. . . . (c)
> For each one-way trip shown on the complete itinerary
> of an air travel ticket, issuing air carriers . . . shall
> collect a PFC from a passenger only for the first two
> airports where PFC's are imposed.

This regulation requires the airlines to collect PFC charges and, as noted,

the airlines are responsible for the monies until they are transferred to the airport

authorities. The rule requires the airlines to adjust the PFC charges if the

passenger changes his ticket after the initial ticket purchase, refunding PFC's to

the passenger or collecting additional PFC's if appropriate. The rule is limited to

changes in itinerary "initiated by a passenger." 14 C.F.R. § 158. 45(a)(3). See id.[3]

This is explained in the Federal Register announcement: "The PFC's collected

will reflect a passenger's itinerary at the time of issuance. Any changes in

itinerary initiated by a passenger that require an adjustment to the amount paid by

the passenger are subject to collection or refund of PFC's." 56 Fed. Reg. 24268.

A nonrefundable ticket is not, according to the interpretation of the FAA, a change

---

[3]    FAA Order 5500 (August 9, 2001, a guide for FAA personnel in applying 14
C.F.R. section 158), Section 3, Paragraph 6-11 states, "Air carriers issuing ticket
within the United States must follow procedures specified in Part 158.45.  Carrier
are responsible for all PFC funds from the time of collection from the passenger to
the time of remittance to the public agency. . . . The appropriate charge is the PFC
in effect at the airport at the time the ticket is issued, irrespective of when the
travel takes place. (d) Issuing carriers, and their agents, shall collect the PFC's
based upon the itinerary at the time of ticket issuance. . . ." Para 6-13 states, "Air
carriers must collect PFC's from, or refund PFC's to, passengers for itinerary
changes initiated by the passenger, as appropriate, for the new itinerary if the
changes require an adjustment to the total amount paid by the passenger. . . . "
"PFC's are remitted to public agencies according to the original itinerary for
itinerary changes initiated by the air carrier. . . . where an air carrier, due to a flig t
cancellation, overbooking, or other situation, initiates itinerary changes, a refund
would not be issued to the passenger and the carrier would remit the PFC's as
originally ticketed."

itinerary initiated by a passenger. This policy follows the language of the rule,

and is set forth in guidance letters issued by the FAA. For example, the FAA

wrote a guidance letter to the Air Transport Association, a trade association for

airlines, October 21, 2002, advising the organization,

> In the scenario of a nonrefundable expired ticket, the passenger has
> not initiated an action which would require an adjustment to the
> amount of the airfare paid by the passenger. Therefore, the
> passenger would not be subject to the refund of the PFC. If the
> PFC's have not been remitted to the collecting airport when the
> ticket expires, the PFC's should be remitted to the airport in
> accordance with the itinerary on the expired ticket.

Exhibit A to this memorandum. Guidance letters using identical language with

respect to nonrefundable tickets have also been issued by the FAA on other

occasions. See, e.g., Exhibit B. The FAA issued a guidance letter to the Airline

Training Council, a training organization for travel agents and some airline

personnel, in 2004, stating as follows:

> We have reviewed the Preamble to the Passenger
> Facility Charges, Part 158, specifically the sections
> regarding 158.45 and 158.47. As in the regulation, the
> Preamble states the adjustment to the PFC's paid on
> the ticket is triggered by a passenger initiated change
> to the itinerary of the ticket as issued. The current
> FAA policy for the PFC program does not view the
> failure of the passenger to use a non-refundable ticket
> as a change in itinerary.
>
> In your scenario, the passenger with the nonrefundable
> ticket did not make a change in the itinerary of the
> ticket and the ticket remains the same as when it was
> issued. The passenger would not be required to pay
> additional airfare, nor would they receive a refund of
> the unused airfare. There is no change in the amount
> of airfare paid by the passenger, the passenger is not
> entitled to a refund of PFC's. If the PFC's have not
> been remitted to the collecting airport when the ticket
> expires (e.g. the date of travel has expired/or
> cancellation), the PFC's will be remitted in accordance
> with the itinerary on the expired (unused) ticket.

Exhibit C.  The advice given by the FAA to the airline industry is consistent and
in accord with the language of the regulation and the explanation in its preamble
when promulgated.  The advice is that a passenger who purchases a nonrefundable
ticket and does not use it, is not entitled to a refund of the PFC's.  The price of the
ticket is kept by the airline and the PFC's are distributed to the airports.[4]  The
PFCs are tied to the amount paid by the ticket purchaser.  If the ticket purchaser is
not entitled to any refund on his unused ticket, there is no reason to refund the
PFCs.

Accordingly, the FAA rule does not require that PFC's be returned to ticket
purchaser on unused nonrefundable tickets.  The rule appears to be irrelevant to
Plaintiff's allegations against the FAA, but may be relevant to the allegations
directed at the other defendants in this action.  Plaintiffs are incorrect in alleging
that the FAA permits the airlines to retain the PFC's.  See Amended Complaint
pghs. 2, 5, & 14.

## II. **ARGUMENT**

### I.  Jurisdiction to Challenge the FAA's Statutory Interpretation Is Reserved to the Court of Appeals

This Court lacks jurisdiction to hear Plaintiffs' challenge to the
administration by the FAA of 49 U.S.C. § 40117 and the statute's implementing
regulation, 14 C.F.R. § 158. Exclusive jurisdiction is vested in the United States
Court of Appeals.  49 U.S.C. 46110(a) provides,

> [A] person disclosing a substantial interest in an order
> issued by the Secretary of Transportation . . . in whole
> or in part under this part [including section 40117] may

---

[4]    The PFC's transferred to the airport authorities are minus the $0.11 handling charge.

> apply for review of the order by filing a petition for
> review in the United States Court of Appeals for the
> District of Columbia Circuit or in the court of appeals
> of the United States for the circuit in which the person
> resides or has its principal place of business."

The courts have interpreted this review procedure as the exclusive procedure for

obtaining review of the FAA's decisions in this area. See, e.g., Airline Transport

Ass'n of America v. FAA, 169 F. 3d 1, 4 (D.C. 1999) (Court of Appeals approved

under Chevron standard, FAA's regulations permitting concurrent applications to

FAA for collection and use of a PFC); Asiana Airlines v. FAA, 134 F. 3d 393, 398

(D.C. 1998) (Court of Appeals reviewed FAA rules for fees imposed on

international overflights for reasonableness under APA); Deutsche Lufthansa v.

CAB, 479 F. 2d 912, 915 (D.C. 1973) (direct challenge in Court of Appeals to

agency rule appropriate). As the D.C. Circuit has stated, "It is well settled that

even where Congress has not expressly stated that statutory jurisdiction is

'exclusive', . . . a statute which vests jurisdiction in a particular court cuts off

original jurisdiction in other courts in all cases covered by that statute."

Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 77 (D.C.

Cir. 1984). Accord, Pulido v. Bennett, 848 F.2d 880, 886-887 (8th Cir. 1988), City

of Rochester v. Bond, 603 F. 2d 927, 935 (D.C. Cir. 1979) (challenge to agency

rulemaking considered in Court of Appeals where Congress intended review to be

exclusive). Accordingly, because Plaintiffs bring their challenge to the FAA's rule

in the District Court, the Complaint must be dismissed as against the FAA

pursuant to Rule 12 (b)(1), for lack of subject matter jurisdiction.

9

II.      **Plaintiffs are Untimely in Their Challenge of the
          FAA's "Collection Compensation" Rule**

Plaintiffs challenge to the FAA's change in its "collection compensation"
rule, 14 C.F.R. § 158.53, is untimely. Pursuant to 49 U.S.C. § 46110(a), judicial
review of a final FAA rule must be initiated "not later than 60 days after the order
is issued." The amendment to the rule was finalized on March 18, 2004. 69 Fed
Reg. 12940 et seq., more than fifteen months before the Complaint against the
FAA was filed.

Section 46110(a) further provides that "[t]he court may allow the petition to
be filed after the 60th day only if there are reasonable grounds for not filing by the
60th day." The burden is on the petitioner to show that a reasonable excuse exists.
Reder v. FAA, 116 F.3d 1261, 1263 (8th Cir. 1997); National Air Transp. Ass'n v.
McArtor, 866 F.2d 483, 486 n.1 (D.C. Cir. 1989) (discussing 49 U.S.C. 1486(a),
an earlier codification of 49 U.S.C. 46110(a)); Sima Products Corp. v. McLucas,
468 F. Supp. 128 (N. D. Ill. 1978), aff'd, 612 F.2d 309 (7th Cir. 1980).[5] The
Plaintiffs have not and cannot show "reasonable excuse." The rule under
purported challenge in this action was proposed by the FAA more than 33 months
ago. Notice of a Proposed Rulemaking for *Revision to Passenger Facility Charge
Compensation to Air Carriers,* 67 Fed. Reg. 70878. At that time, interested
persons were invited to participate in the rulemaking by submitting their
comments, data, and views for that rule by January 13, 2003, a deadline extended
to February 12, 2003. FAA's final rule was noticed on March 18, 2004. 69

---

[5]      See Heide v. FAA, 110 Fed. Appx. 724, 2004 WL 1900575 (8th Cir., Aug. 2004).

10

Fed.Reg. 12940.[6]  Under the circumstances, Plaintiffs' challenge is long after the appropriate filing date, and no equitable exceptions to their untimeliless are appropriate.

The FAA provides for the public to propose changes in a final, promulgated regulation through its citizen participation rule, 14 C.F.R. Part 11.  Section 11.61 of that rule permits an individual or entity to petition the FAA to add, amend or repeal a current regulation that is codified under 14 C.F.R.  The FAA is required to consider such a petition and contact the petitioner in writing concerning the FAA's disposition of the proposal.  Review of the FAA's disposition is subject to judicial review under the standards set forth by the Administrative Procedure Act, 5 U.S.C. § 703.  Plaintiffs have not undertaken such a petition, and, accordingly, have not exhausted the administrative remedies required as a condition for late judicial review after the 60 day appeal period.

### III.    FAA's Interpretation of 49 U.S.C. § 40117 By Implementation Of 14 C.F.R. § 158.53 Was Reasonable

If this Court determines that it has jurisdiction over Petitioners' challenge to the FAA's rule,  it must, the FAA submits, uphold the FAA's interpretation of 14 C.F.R. § 158.53 as a reasonable interpretation of the authorizing statute, 49 U.S.C. § 40117.  The doctrine of judicial deference to the executive agencies over aviation matters is well settled.  See, e.g.,  Penobscot Air Services, LTD v. Federal

---

6

During this rulemaking, FAA did not receive any comments, data, or views from any of Plaintiffs.  Id.  In response to comments received b the FAA, the FAA note that carriers incur expenses in collecting and handling PFCs even when they refund tickets.  Regardless, the FAA reasoned that basing carrier compensation on PFCs collected would account for widely varying refund rates between air carriers while preserving PFC revenue for airports.  Id.

11

Aviation Administration, 164 F.3d 713 (1st Cir. 1999) )(proper to give judicial

deference to the FAA's informed judgment in the interpretation of aviation

statutes); Northwest Airlines, Inc. v. Federal Aviation Administration, 14 F.3d 64

(1st Cir. 1994) (FAA acted reasonably when it interpreted the governing PFC

statute.); Wilson Air Center, LLC v. Federal Aviation Administration, 372 F.3d

807 (6th Cir. 2004) (substantial evidence review of an agency decision gives the

agency the benefit of the doubt).

        The Supreme Court observed in Chevron U.S.A. v. Natural Resources

Defense Council, Inc., 467 U.S. 837, 843 (1984):

> The power of an administrative agency to administer a
> congressionally created . . . . program necessarily requires the
> formulation of policy and the making of rules to fill any gap
> left, implicitly or explicitly, by Congress. If Congress has
> explicitly left a gap for the agency to fill, there is an express
> delegation of authority to the agency to elucidate a specific
> provision of the statute by regulation. Such legislative
> regulations are given controlling weight unless they are
> arbitrary, capricious, or manifestly contrary to the statute.
> Sometimes the legislative delegation to an agency on a
> particular question is implicit rather than explicit. In such a
> case, a court may not substitute its own construction of a
> statutory provision for a reasonable interpretation made by the
> administrator of an agency.

 In Chevron, the Supreme Court confirmed the obligation of the courts to defer to

an agency's construction of a statute regardless of whether that construction is the

only permissible one, or even the one the reviewing court would have reached

independently. Id. at 843 n. 11. If the statute does not directly address the precise

question at issue, the question for the court is whether the agency's answer is based

on a permissible construction of the statute.  Id. at 843. If so, the court is obligated

to defer to the agency construction. Such is the case here.

        Put another way, the Court must decide "whether the statute unambiguously

forbids the Agency's interpretation." Barnhart v. Walton, 535 U.S. 212, 218 (2002). However, if Congress has not "directly" addressed "the precise question at issue," the Court may not "impose its own construction on the statute." Chevron, 467 U.S. at 843. See Air Transport Ass'n v. FAA, 169 F. 3d 4, 5 (D.C. Cir. 1991) (challenge to FAA's interpretation of PFC statute reviewed with Chevron deference).

Congress has directed the Secretary of Transportation in 49 U.S.C. § 40117 to prescribe regulations necessary to carry out this section. FAA has reasonably regulated the PFC collection process with the implementation of 14 C.F.R. § 158.53., and the 2004 change raising the management fee to $0.11. As noted, 49 U.S.C. § 40117(i) directs that the agency promulgate regulations, that will "(C) ensure that the money, less a uniform amount the Secretary determines reflects the average necessary and reasonable expenses . . . . incurred in collecting and handling the fee, is paid promptly to the eligible agency for which they are collected; . . ." Id. The history of FAA's change to the regulation, set forth in 69 Fed. Reg.12940, reflects a methodical, thorough, public, and reasonable decisionmaking process. The FAA sought data from the airlines in accordance with the recommendations of the U.S. Department of Transportation Office of the Inspector General (OIG) as to the procedures to be used for conducting rulemaking on PFC collection costs, including the type of data that FAA should collect for evaluation, and the accounting and audit procedures that the OIG recommended to ensure that the costs as represented were supportable. 69 Fed. Red. at 12940. The data was collected and evaluated, and comments by airlines and others were evaluated prior to promulgation of the rule. Id. at 12940 et seq.

13

The Complaint fails to set forth facts or reasons regarding Plaintiffs' reasons for requesting that this Court "issues an injunction preventing . . . enforcement" of the increase in airline handling fees from the $0.08 figure set forth in 1991 to the $0.11 figure required today. The statute plainly does not "unambiguously forbid the Agency's interpretation here, an interpretation that the FAA has been using for more than three years, and it is reasonable to conclude that the FAA's interpretation takes into consideration the program goals and congressional intent and is thus reasonable and not unambiguously forbidden." Barnhart v. Walton, 535 U.S. at 218. Moreover, in the FAA's view, its three cents change in the amount of handling fees is unrelated to the factual allegations made in the Complaint.

The Chevron standard of review also applies to the agency's rule that PFC's need not be distributed to purchasers of unused nonrefundable tickets. 14 C.F.R. § 158.45(a)(3). The FAA included this provision in the original, implementing regulations, in the language that requires adjustment of PFC fees where "changes in itinerary are initiated by a passenger," and not otherwise. As noted above, this provision has been unchanged since its implementation in 1991, and has been consistently explained by the FAA in its opinion letters to the industry. Accordingly, should the Court assume jurisdiction of this action with respect to the FAA, and should it interpret the Complaint to be challenging section 158.45(a)(3) in addition to section 158.53, the Complaint must be dismissed because it is clear that the FAA has set forth a reasonable interpretation of its enabling statute.

14

## III. **CONCLUSION**

For the foregoing reasons, the FAA requests that the Complaint against it be

dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

ANITA JOHNSON
Assistant U.S. Attorney
Moakley United States Courthouse
Suite 9200
One Courthouse Way
Boston, Mass. 02210
(617)748-3266

Of Counsel:

Elizabeth Weir
Airports Law Branch
Federal Aviation Administration
800 Independence Ave., Room 921 C
Washington, D.C. 20591

Certification of Service

I hereby certify that I have served the foregoing upon all counsel of record,
by first class mail, postage prepaid, on this 30th day of September 2005.

15

# EXHIBIT A



**U.S. Department
of Transportation**
**Federal Aviation
Administration**

Office of Airport Planning
and Programming

800 Independence Ave., SW.
Washington, DC 20591

OCT 21 2002

Mr. James A. Hultquist
Managing Director, Taxes
Office of General Counsel
Regulatory and Legal Affairs
Air Transport Association
1301 Pennsylvania Ave., N.W. Suite 1100
Washington, DC 20004

Dear Mr. Hultquist:

Thank you for your recent letter regarding the proper treatment of PFC remittance when nonrefundable tickets expire. You note in this letter that several ATA members have received inquiries regarding the refundability of various governmentally imposed fees paid by passengers who do not travel on their scheduled flights.

The letter pertains to the situation in which the passenger purchases a ticket under the rules that if the passenger does not travel as scheduled, the tickets for the unused travel will expire and the amount paid for the unused travel will not be refunded and will have no value toward future travel. The airline has collected the PFC from the passengers at the time the ticket is issued and has remitted the PFC within the proscribed time period to the appropriate airport. When the date of expiration is reached, which may be the original scheduled date of transportation or as much as 12 month after that date, the passenger is not entitled to a refund of the airfare from the airline.

Collection of PFC's is addressed in 14 CFR 158.45. The refundability of the PFC to the passenger is addressed in 158.45(a)(3) which states:

> Issuing carriers and their agents shall collect the PFC's based upon the itinerary at the time of issuance. Any changes in itinerary that are initiated by a passenger that require an adjustment of the amount paid by the passenger are subject to collection or refund of the PFC as appropriate.

In the scenario of a nonrefundable expired ticket, the passenger has not initiated an action which would require an adjustment to the amount of airfare paid by the passenger. Therefore, the passenger would not be subject to the refund of the PFC. If the PFC's have not been remitted to the collecting airport when the ticket expires, the PFC's should be remitted to the airport in accordance with the itinerary on the expired ticket.

2

I hope this helps clarify the refundability of PFC's on expired nonrefundable tickets. If you have any questions or need additional information, please call Ms. Jane Johnson at (202) 267-5878.

Sincerely,

Barry L. Molar
Manager, Airport Financial
 Assistance Division

# EXHIBIT B



U.S. Department
of Transportation

**Federal Aviation**
**Administration**

Airports Financial Assistance
Division

800 Independence Ave., S. W.
Washington, DC 20591

FEB 1 4 2003

Mr. Robert T. Cabezas
48 Court Way
Brewster, MA 02631

Dear Mr. Cabezas:

Thank you for your recent letter concerning the proper treatment of passenger facility
charge (PFC) remittance when nonrefundable tickets expire.

The letter pertains to the situation in which the passenger purchases a ticket under the
rules that if the passenger does not travel as scheduled, the tickets for the unused travel
will expire and the amount paid for the unused travel will not be refunded and will have
no value toward future travel. The airline has collected the PFC from the passengers at
the time the ticket is issued and has remitted the PFC within the proscribed time period
to the appropriate airport. Further, the ticket has expired and the passenger is not
entitled to a refund of the airfare from the airline.

Collection of PFC's is addressed in 14 CFR 158.45. The refundability of the PFC to the
passenger is addressed in 158.45(a)(3) which states:

> Issuing carriers and their agents shall collect the PFC's based upon the itinerary
> at the time of issuance. Any changes in itinerary that are initiated by a
> passenger that require an adjustment of the amount paid by the passenger are
> subject to collection or refund of the PFC as appropriate.

In the scenario of a nonrefundable expired ticket, the passenger has not initiated an
action which would require an adjustment to the amount of airfare paid by the
passenger. Therefore, the passenger would not be entitled to the refund of the PFC. In
this case, if the PFC's have not been remitted to the collecting airport when the ticket
expires, the PFC's should be remitted in accordance with the itinerary on the expired
ticket.

This letter only addresses the refund policy of the PFC. The refund policy regarding the
excise tax will have to be answered by the Internal Revenue Service.

I hope this helps clarify the refundability of PFC's on expired non refundable tickets. If you have any questions or need additional information, please call Jane Johnson in the Passenger Facility Charge Branch at (202) 267-5878.

Sincerely,

Barry Molar
Manager, Airport Financial
Assistance Division

# EXHIBIT C

 **Jane Johnson/AWA/FAA**
03/30/2004 08:33 AM

To   "Bruce Bishins - Airline Training Council"
     <bruce@airlinetraining.org>
cc   Beth Weir/AWA/FAA@FAA

bcc

Subject  Re: FW: PFC Refundability

Bruce:

Thank you for your inquiry concerning the FAA's PFC policy for nonrefundable tickets which
are cancelled and expired. This response addresses the refundability of PFCs, and not any other
tax or fee issues.

We agree that 14 CFR § 158.5 grants the Administrator authority to permit a public agency to
impose and use a PFC. Absent explicit language to the contrary, the FAA's authority over the
administration of the PFC program is not narrowly construed.

Generally, when a passenger purchases a ticket designated non-refundable under the airline
carrier rules, if that passenger does not travel as scheduled, the tickets for the unused travel will
expire and the amount paid for the unused travel will not be refunded. At the time, the ticket is
issued, airlines often collect the PFC from the passengers and remit the PFC within the
proscribed period to the appropriate airport. When the date of ticket expiration is reached (which
may be the original scheduled date of transportation or as much as 12 month after that date), the
passenger is not entitled to a refund of the airfare from the airline.

You are also correct that PFC refunds are addressed in 14 CFR § 158.45(a)(3) for tickets issued
in the U.S. and it is repeated again in §158.47(c)(4) for tickets issued outside the U.S. These
sections state:

> **Issuing carriers and their agents shall collect the PFCs based upon the itinerary at
> the time of issuance. Any changes in itinerary that are initiated by a passenger that
> require an adjustment to the amount paid by the passenger are subject to collection
> or refund of the PFC as appropriate.**

We have reviewed the Preamble to the Passenger Facility Charges, Part 158, specifically the
section regarding 158.45 and 158.47. As in the regulation, the Preamble states the adjustment to
the PFCs paid on the ticket is triggered by a passenger initiated change to the itinerary of the
ticket as issued. The current FAA policy for the PFC program does not view the failure of the
passenger to use a non-refundable ticket as a change in itinerary.

In your scenario, the passenger with the nonrefundable ticket did not make a change in the
itinerary of the ticket and the ticket remains the same as when it was issued. The passenger
would not be required to pay additional airfare, nor would they receive a refund of the unused
airfare. As there is no change in the amount of airfare paid by the passenger, the passenger is not
entitled to a refund of PFCs. If the PFCs have not been remitted to the collecting airport when
the ticket expires (e.g. the date of travel has expired and/or cancellation), the PFCs will be remitted
in accordance with the itinerary on the expired (unused) ticket.

If the non-refundable ticket has a value towards rebooking another itinerary, the PFC could b adjusted at the point of the issuance of the new ticket. The adjustment to the PFC may not or ur at the point of cancellation, unless the passenger rebooks the itinerary at the same time. This follows the PFC policy as a) the passenger initiates a change in the itinerary, and b) the chan e in the itinerary causes a change in the airfare paid by the passenger.

We would also remind you that FAA policy permits foreign carriers and their agents a choice as to whether they collect the PFC at the time of ticket or at the time the passenger is last enplar d prior to departure from the U.S. In the case of non-refundable tickets, it would be possible for the agent to avoid this issue if they put the onus on the airlines at check in. See 14 CFR 158.47(c)(1-4).

I hope this helps clarify the refundability of PFCs on nonrefundable tickets. If you have any questions or need additional information, please call me at (202)267-5878.

Jane