UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HARRINGTON, et al.,<br><br>　　　　Plaintiffs<br>v.<br><br>DELTA AIR LINES, INC., et al.,<br><br>　　　　Defendants. | Civil Action No.<br>04-12558-NMG |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF AIR TRANSPORT ASSOCIATION OF AMERICA, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Air Transport Association of America, Inc. ("ATA") respectfully submits this reply brief in support of its Motion to Dismiss the Plaintiffs' Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Plaintiffs have completely failed to offer a factual predicate sufficient to support the assertion of personal jurisdiction over ATA in this case. ATA has submitted evidence that its business dealings in Massachusetts are *de minimus*, and Plaintiffs have neither attempted to rebut that evidence nor affirmatively offered any evidence sufficient to establish personal jurisdiction over ATA. Indeed, Plaintiffs have not alleged a single specific allegation of ATA activity in Massachusetts. Rather, Plaintiffs merely speculate that ATA *might* have contacts with Massachusetts that would provide a basis for personal jurisdiction and thus seek jurisdictional discovery to search for facts to support jurisdiction over ATA. The Court should not allow Plaintiffs to engage in such a fishing expedition, nor should it reward Plaintiffs' apparent failure to conduct their own reasonable investigation of facts that would support including ATA as a

defendant in this case. Plaintiffs have failed to identify any specific facts concerning ATA's contacts with Massachusetts that discovery is reasonably likely to uncover as required by controlling law. Thus, Plaintiffs are not entitled to jurisdictional discovery in this case, and the claims against ATA in Amended Complaint must be dismissed with prejudice.

I. THE NATIONWIDE CONTACTS TEST DOES NOT APPLY TO THIS CASE.

In their opposition, Plaintiffs contend that they have brought federal question claims and on this basis further contend that the Court should apply the "nationwide contacts" test of personal jurisdiction and consider ATA's contacts with the United States, not only Massachusetts. Plaintiffs' Opposition, at 40. Plaintiffs entirely misconstrue the proper application of the nationwide contacts test.[1]

In order for a federal court to exercise personal jurisdiction over a defendant in a federal question case, there must be authorization for service of summons on the defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, . . . there must [] be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant."); *United Electrical, Radio and Machine Workers of Am. v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1086 (1st Cir. 1992) ([S]ervice of process constitutes the vehicle by which the court obtains jurisdiction."). Thus, even where applicable the nationwide contacts test must be grounded in nationwide service authorized by a federal statute or civil procedural rule. *See United States v. Swiss American Bank, Ltd.*, 274 F.3d 610,

---

[1] Under the nationwide contacts test a court assesses whether a defendant's contacts with the United States as a whole, as opposed with any particular state, support personal jurisdiction that comports with due process. The nationwide scope applies in federal question cases because the constitutional inquiry is bounded by the Fifth Amendment, not, as in diversity cases, the Fourteenth Amendment which requires a state-specific scope. *See United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001).

2

618 (1st Cir. 2001) (even where the nationwide contacts test applies "the plaintiff must still ground its service of process in a federal statute or civil rule").

Here, the Amended Complaint does not assert any claims under any federal statute or civil rule that authorizes nationwide service of process. Plaintiffs assert exclusively state law causes of action, and mere reference to federal regulations in some of the allegations in the Amended Complaint does not expand the relevant personal jurisdictional analysis to a nationwide scope. *See PDK Labs, Inc, v. Friedlander*, 103 F.3d 1105, 1109 (2d. Cir. 1997) ("In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process.'" (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990))). Rather, in the absence of nationwide service, Fed. R. Civ. P. 4(e) applies, and thus, the jurisdictional analysis is guided by the Massachusetts long-arm statute and the Fourteenth Amendment "minimum contacts" test. *See 163 Pleasant Street*, 960 F.2d at 1086 ("When insufficient statutory authorization for extraterritorial service exists, Rule 4(e) allows such service 'only to the extent permitted by the law of the state in which the district court sits.'"); *see also Akro Corp. v. Luker*, 45 F.3d 1541, 1544 (Fed. Cir.1995) (applying state jurisdictional rules where plaintiff "has not referred us to a federal statute that provides for [defendant's] amenability to service independent of Rule 4(e)"); *In re Lernout & Hauspie Secs. Litig.*, No. 00-11589, 2003 WL 23341429, at *2 (D. Mass. July 24, 2003) ("*Lernout I*") (applying nationwide test against several defendants but applying Massachusetts long arm to defendant "who has only common law claims remaining against him"); *Pike v. Clinton Fishpacking, Inc.*, 143 F. Supp. 2d 162, 166 (D. Mass. 2001) (Rule 4(e) applies in the absence of federal statute authorizing service of process).

The cases Plaintiffs cite in their opposition regarding the nationwide contacts test are inapposite. Those cases concern service of process pursuant to either Fed. R. Civ. P. 4(k)(1)(D), which applies to cases brought under federal statutes that authorize nationwide service, *see United Liberty Life Insur. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993) (Federal Securities Exchange Act); *United Electrical, Radio and Machine Workers of Am. v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1086 (1st Cir. 1992) (ERISA); *In re Lernout & Hauspie Secs. Litig.*, No. 00-11589, 2004 WL 1490435, at *2 (D. Mass. June 28, 2004) ("*Lernout II*") (Exchange Act), or Fed. R. Civ. P. 4(k)(2), which allows nationwide service of process where the "defendant is not subject to the jurisdiction of the courts of general jurisdiction of any state." *See Swiss American*, 274 F.3d at 618. Accordingly, the nationwide contacts test does not apply in this case.

## II. PLAINTIFFS HAVE NOT OFFERED ANY EVIDENCE CONCERNING ATA'S CONTACTS WITH MASSACHUSETTS.

As set forth in ATA's moving brief and the accompanying affidavit of David A. Berg, ATA's only contacts with Massachusetts consist of minimal publication sales insufficient to support personal jurisdiction over ATA. In their opposition, Plaintiffs neither contest that these contacts are insufficient for jurisdiction under Massachusetts's long-arm statute nor affirmatively offer *any* evidence that could serve as a predicate for personal jurisdiction over ATA.[2] Rather, Plaintiffs merely suggest that the contacts with Massachusetts of ATA's member airlines should be "imputed" to ATA. Plaintiffs' contention has no basis in the law.

In *Donatelli v. National Hockey League*, the First Circuit held that the in-forum activities of members of an association cannot be attributed to the association for purposes of establishing personal jurisdiction unless "the association exercised substantial influence over the member's

---

[2] In response to ATA's showing that its sales in Massachusetts are insufficient to support personal jurisdiction, Plaintiffs merely suggest that "permitting jurisdictional discovery *might* yield some other relevant information (such as the existence of a Massachusetts-based Internet Web site provider)." Plaintiffs' Opposition, at 46 (emphasis added).

4

decision to carry on the in-forum activities which constitute the relevant 'minimum contacts.'"
893 F.2d 459, 469 (1st Cir. 1990). Here, Plaintiffs merely hypothesize that

> ATA may have a policy with respect to the refundability of domestic and foreign taxes, charges, and fees not due to levying authorities paid in advance by passengers in addition to the ticket price (*i.e.*, the price set by the airline for the transportation itself). If each of ATA's member airlines adheres to that policy, or changed a previous policy to match that set by ATA, that would be evidence of the collusion of ATA with its members airlines.

Plaintiffs' Opposition, at 42.

Even if true, these speculative allegations would not warrant attributing member airlines' Massachusetts business activities to ATA. At most, these unfounded speculations can be taken to allege that ATA *may* have colluded or conspired with its members. However, as set forth in ATA's moving brief, vague, unsubstantiated allegations of conspiracy cannot underlie personal jurisdiction in the First Circuit. *See Lernout*, 2004 WL 1490435, at *8 ("The plaintiffs' bare-bone allegations and unsupported arguments are not sufficient to make out a case of jurisdiction over [defendant] under the conspiracy theory."); *see also Glaros v. Perse*, 628 F.2d 679, 682 (1st Cir. 1980) (expressing doubt about the validity of a "conspiracy theory of personal jurisdiction"); *see generally* Domestic Defendants' Memorandum in Support of Their Motion to Dismiss the Amended Complaint, at 6-7.

Equally misplaced is Plaintiffs' further speculation that evidence of an ATA policy with regard to fees and charges would be "especially compelling if the membership agreements between ATA and its member airlines actually *require* some level of adherence to policies set by or through ATA." Plaintiffs Opposition, at 43. Under *Donatelli*, Plaintiffs must demonstrate that ATA controlled its members' "decision[s] to carry on the in-forum activities which constitute the relevant 'minimum contacts.'" 893 F.2d at 469. Here, Plaintiffs have pointed to the defendant airlines' air transportation businesses in Massachusetts as the "minimum contacts"

for purposes of establishing personal jurisdiction over them. *See* Plaintiffs' Opposition, at 43 ("As airlines engaged in interstate and foreign air transportation, [ATA member] airlines carry on substantial business activities in Massachusetts."). Thus, whether ATA has a policy that controls its member airlines' fee handling procedures (a contention that ATA has denied) is entirely irrelevant to the jurisdictional analysis regarding ATA. Plaintiffs do not suggest--nor could they reasonably suggest--that ATA somehow controlled the airlines' decisions to provide air transportation services in Massachusetts or the nature and extent of those services. Thus, the activities of ATA's members in Massachusetts cannot be attributed to ATA for purposes of establishing personal jurisdiction over ATA.

### III.   PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY.

In a desperate attempt to salvage their claims against ATA, Plaintiffs suggest that they are entitled to discovery to explore the relationship between ATA and its members, as well as to try to uncover other ATA contacts with Massachusetts. As noted above, however, Plaintiffs have not made *any* demonstration that jurisdiction over ATA would be proper under the Massachusetts long-arm statute or the Fourteenth Amendment, and thus jurisdictional discovery as to ATA is unwarranted in this case.

In order to be entitled to jurisdictional discovery, a plaintiff must make out a "colorable case for the existence of *in personam* jurisdiction," *Sunview Condominium Ass'n v. Flexel Intern., Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997), and a claim is not "colorable" if "discovery is unnecessary (or, at least, is unlikely to be useful) in regard to establishing the essential jurisdictional facts." *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000). Thus, in requesting jurisdictional discovery a plaintiff bears "the obligation to present *facts* to the court which show why jurisdiction would be found if discovery were

permitted," *Swiss American*, 274 F.3d at 626 (emphasis added), and "[f]ailure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request." *Id.* at 626-27.

Here, Plaintiffs have utterly failed to identify any specific facts that jurisdictional discovery is reasonably likely to expose. Plaintiffs contend that discovery is required to "determine the relationship between ATA and its members," Plaintiffs' Opposition, at 42, but Plaintiffs offer only pure conjecture as to what facts they seek through discovery. Moreover, as discussed above, even assuming, *arguendo*, that discovery would verify the speculative allegations concerning ATA's relationship with its members in Plaintiffs' opposition, the Court would still lack personal jurisdiction over ATA because those allegations do not entail the type of control required to attribute ATA members' conduct to ATA for jurisdictional purposes under *Donatelli*.

Plaintiffs' contention that discovery is necessary to investigate potential direct contacts ATA has with Massachusetts is also unavailing. Plaintiffs do not identify any specific facts they expect discovery would reveal but rather offer a generic list of factors relevant to personal jurisdiction and suggest that "permitting discovery *might* yield other relevant information." Plaintiffs' Opposition, at 46 (emphasis added). Courts in the First Circuit have consistently rejected such attempts by plaintiffs to use discovery to pursue speculative grounds for personal jurisdiction.[3] *See The Gentle Wind Project v. Garvey*, No. 04-103, 2005 WL 40064, at *11 (D.

---

[3] Courts outside the First Circuit take a similar stance. *See, e.g., Carefirst Of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 476 (D. Del. 1995) ("[A] complete absence of jurisdictional facts by the plaintiff is insufficient for discovery to proceed."); *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C.1988) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery should it conclude that such discovery will

Me. Jan. 10, 2005) ("The only evidence currently before the court on this point suggests that any attempt by the plaintiffs to discover a factual basis for personal jurisdiction would be unsuccessful."); *Lernout I*, 2003 WL 23341429, at *2 (denying jurisdictional discovery where plaintiff did not make out "colorable claim of personal jurisdiction"); *LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 59 (D. Mass. 1997) ("[B]ecause the factual predicate for jurisdiction that is proffered by the plaintiff falls so far short of the minimum contacts necessary under the Due Process Clause to sustain general jurisdiction, the benefit to the plaintiff of an opportunity for discovery is not realistically discernible."); *Noonan v. Winston Co.*, 902 F. Supp. 298, 309 (D. Mass. 1995), *aff'd* 135 F.3d 85 (1st Cir. 1998) (denying discovery because "the quest Noonan proposes would be futile"). Accordingly, Plaintiffs' request for jurisdictional discovery should be denied.

---

be a fishing expedition."); *Poe v. Babcock Int'l*, 662 F. Supp. 4, 7 (M.D. Pa. 1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter should be denied.").

## CONCLUSION

For the reasons above and in ATA's Motion to Dismiss and Memorandum of Law in support, this Court lacks personal jurisdiction over ATA, and accordingly, ATA respectfully requests that, pursuant to Fed. R. Civ. P. 12(b)(2), this Court dismiss the Amended Complaint in its entirety and with prejudice as to ATA.

December 14, 2005

**DECHERT LLP**

By: */s/ Matthew Porter*
Matthew A. Porter, BBO #630625
Michael S. Shin, BBO # 658134
200 Clarendon Street, 27th Floor
Boston, MA 02116
(617) 728-7100

*Attorneys for Air Transport Association of America, Inc.*