# United States District Court
# District of Massachusetts

| | |
|---|---|
| CRAIG BUCK, et al., | Civil Action No. 04–12558–NMG |
| *Plaintiffs,* | |
| *v.* | |
| ALASKA AIRLINES, et al., | |
| *Defendants.* | |

## PLAINTIFFS' COMBINED OPPOSITION TO THE MOTIONS TO DISMISS OF CHINA EASTERN AIRLINES AND CHINA SOUTHERN AIRLINES

---

### I. INTRODUCTION

The plaintiffs submit this consolidated opposition to the motions to dismiss by China Eastern Airlines ("China Eastern") and China Southern Airlines ("China Southern").

### II. ARGUMENT

China Eastern and China Southern each seek dismissal of the action against them on the sole ground of lack of personal jurisdiction. The airlines both argue that since the only plaintiff with specific allegations with respect to actions of their respective airlines is a resident of California, not Massachusetts, and since the airlines have little, if any, independent connection to Massachusetts, the case should be dismissed as to these airlines. They argue that the Massachusetts long-arm statute, Mass. Gen. L. ch. 223A, § 3, does not confer on this Court jurisdiction over them.

However, they completely fail to examine the provisions of title 28, United States Code, that address district court jurisdiction in cases against foreign states, or agencies or instrumentalities of foreign states, which both airlines have asserted they are.

1

At best, their arguments might suggest a transfer of this action, with respect to the specific plaintiff and these two airlines, to the appropriate United States district court in the State of residence of that defendant. But neither airline has moved for a change of venue, not even as an alternative to their motion to dismiss. Therefore, any arguments with respect to proper venue should be addressed separately.

**A.    Standard of review.**

"On a motion to dismiss for want of *in personam* jurisdiction, ... the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." *Massachusetts School of Law at Andover, Inc. v. American Bar Assoc.*, 142 F.3d 26, 34 (1st Cir. 1998).

**B.    Argument.**

China Eastern and China Southern each focus on analysis in the context of the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3. They argue that since they have minimal contacts with Massachusetts and the actions or omissions on which the claims against them are based took place outside of Massachusetts, the requirements of the long-arm statute are not satisfied and this Court therefore does not have personal jurisdiction over the airlines.

However, these arguments are inapposite. The correct analysis must focus on the jurisdictional provisions of Federal law applicable in actions against foreign states, or agencies or instrumentalities of foreign states.

**1.    Federal court jurisdiction in actions against foreign states.**

China Eastern and China Southern have each asserted in earlier filings in this Court that they are foreign states, as defined in 28 U.S.C. § 1603(a). (The definition of a foreign state includes an agency or instrumentality of a foreign state, except for purposes of service of process under section 1608.) Section 1330 of title 28, United States Code, provides as follows:

**§ 1330. Actions against foreign states**

(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

(b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

(c) For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605–1607 of this title.

Under this framework, the Court must ask (1) whether the defendant a 'foreign state' under 28 U.S.C. § 1603(a), (2) whether the defendant not entitled to immunity from jurisdiction under the exceptions to foreign sovereign immunity set forth in 28 U.S.C. §§ 1605–1607, and (3) whether service been made under 28 U.S.C. § 1608? All three of these requirements have been met in this case. (Since both airlines have already asserted that they are foreign states under section 1603(a), the plaintiffs will not address that issue.)

Moreover, under section 1330(c), above, an appearance by a foreign state with respect to a claim for relief arising out of any transaction or occurrence described in sections 1605–1607 *does* confer personal jurisdiction. Thus, the appearance of China Eastern and China Southern itself confers jurisdiction on the Court.

**(a)    No exemption under the Foreign Sovereign Immunities Act.**

Chapter 97 (§§ 1602–1611) of title 28, United States Code, referred to as the Foreign Sovereign Immunities Act of 1976, sets out criteria for immunity from Federal court jurisdiction over foreign states or their agencies or instrumentalities.

Section 1604 of title 28 provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of

this chapter." Section 1605(a) provides:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case … in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

Section 1606 provides that "the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances."

The question under section 1605(a) is whether the action is based on a commercial activity of a foreign state affecting the United States? The Amended Complaint alleges that each airline sold one or more tickets for air travel to one or more of the named plaintiffs (who are all residents of the United States). Amended Complaint ¶¶ 36, 58–59. (The original Complaint had specified Jeff Golumbuk as the plaintiff who had purchased tickets from China Eastern and China Southern. Complaint ¶ 5.) Those sales constitute 'commercial activity' under section 1605(a).

In addition, the declarations submitted by the general managers of each airline in Los Angeles, California, establish, at least by implication, that each airline is engaged in 'a commercial activity' in (or affecting) the United States. *See* Decl. of Qian Qiao Yi (attached to China Eastern's memorandum) at ¶¶ 2, 4, 18–20; *see also* Decl. of Aizhen Ye (attached to China Southern's memorandum) at ¶¶ 2, 4, 18, 19.

### (b)   Proper service of process completes the jurisdictional requirements.

The final question under 28 U.S.C. § 1330 is whether proper service of process was made under 28 U.S.C. § 1608? If it was, then "[p]ersonal jurisdiction … shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a)." 28 U.S.C. §

4

1330(b). Subsection (a) provides jurisdiction over "any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity." *Id.* at § 1330(a).

China Eastern and China Southern have established in prior filings in this Court that they are "separate legal person[s] … a majority of whose shares or other ownership interest is owned by a foreign state." 28 U.S.C. § 1603(b). Therefore, for purposes of service of process under 28 U.S.C. § 1608, the airlines are each an "agency or instrumentality of a foreign state." 28 U.S.C. § 1603(b); *see also* § 1603(a).

Section 1608(b) provides the following rules for service of process on agencies or instrumentalities of foreign states:

> (b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:
>
> ….
>
> (2) … by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States.

28 U.S.C. § 1608(b) (emphasis added). Both airlines were served in accordance with section 1608(b)(2).

China Eastern is registered as a foreign business corporation with the New York Department of State, Division of Corporations. *See* Exhibit A (New York State foreign business corporation record for China Eastern) attached hereto. The plaintiffs not only served a copy of the original complaint (in November 2004) on China Eastern's agent for service of process in the United States (located in New York City, New York, as identified in Exhibit A) by U.S. certified mail, but also on China Eastern's corporate offices in Shanghai, China, by U.S. registered mail.

China Southern is registered with the California Secretary of State as a corporation doing business in California. *See* Exhibit B (California corporation record for China Southern) attached

hereto. As with China Eastern, the plaintiffs not only served a copy of the original complaint (in November 2004) on China Southern's agent for service of process in the United States (located in Los Angeles California, as identified in Exhibit B) by U.S. certified mail, but also on China Southern's corporate offices in Guangzhou, Guangdong, China, by U.S. registered mail.

Subsequent to this service of process, both airlines filed (1) the notice of removal from the Massachusetts State court to this Court (*see* Docket Nos. 1 & 2), (2) a notice of appearance (by their attorney) on their behalf in this Court (*see* Docket No. 13), (3) their answers to the original complaint (*see* Docket Nos. 14 & 15), and (4) numerous other papers in this Court.

    **(c)   Appearances of China Eastern and China Southern confer personal jurisdiction.**

As mentioned above, the appearances of China Eastern and China Southern confer personal jurisdiction on this Court. Section 1330(c) of title 28, United States Code, provides that "[f]or purposes of subsection (b) [relating to service of process], an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605–1607 of this title." Parsing this rather tortured language (by clarifying the double-negative) leads to an interpretation, at least by inference, that an appearance by a foreign state following service of process *does* confer personal jurisdiction with respect to a claim for relief arising out of any transaction or occurrence described in sections 1605–1607.

This implication is also supported by the canon of statutory interpretation that the Congress does not enact useless provisions of law. As this reasoning goes, there would be no need to provide that jurisdiction is *not* conferred by an appearance in one set of cases (matters outside the scope of the immunity exceptions set out in sections 1605–1607) if jurisdiction was not also conferred in another set of cases (matters *within* the scope of sections 1605–1607).

Thus, the appearance of China Eastern and China Southern itself confers personal jurisdiction on the Court.

**2.     Any questions of proper venue should be briefed separately, since the airlines have not raised improper venue or sought a change in venue.**

Neither China Eastern nor China Southern has raised improper venue as an issue or sought a change of venue under 28 U.S.C. § 1404(a). Therefore, any questions of proper venue should be briefed separately from the issue of personal jurisdiction.

### III. CONCLUSION

The plaintiffs respectfully request that the Court deny the motions to dismiss for lack of personal jurisdiction filed by defendants China Eastern Airlines and China Southern Airlines.

Respectfully submitted,
*Counsel for the Plaintiffs:*

/s/ Evans J. Carter
EVANS J. CARTER, Esq.
    (Bd. of Bar Overseers No. 076560)
860 Worcester Road (Rte. 9), 2nd Floor
P.O. Box 812
Framingham, MA 01701–0812
(508) 875-1669 telephone
(508) 875-1449 facsimile

Dated: January 9, 2005

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: CHINA EASTERN AIRLINES CO., LTD.

Selected Entity Status Information

**Current Entity Name:** CHINA EASTERN AIRLINES CO., LTD.
**Initial DOS Filing Date:** MARCH 17, 1999
**County:** NEW YORK
**Jurisdiction:** CHINA
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
PEI, JIN-ZHU
339 5TH AVENUE
SUITE 404
NEW YORK, NEW YORK, 10016
**Chairman or Chief Executive Officer**
LI, ZHONG-MING
250 HONGQIAO ROAD
HONGQIAO INTERNATIONAL AIRPORT
SHANGHAI, CHINA, 20033-5
**Principal Executive Office**
CHINA EASTERN AIRLINES CO., LTD.
2550 HONQIAO ROAD
HONGQIAO INTERNATINAL AIRPORT
SHANGHAI, CHINA, 20033-5
**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results        New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page



EXHIBIT
A

# California Business Portal

## Secretary of State BRUCE McPHERSON

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | SPECIAL PROGRAMS |

**Business Search
Corporations**

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- **Corporate Records Order Form**
  - Certificates
  - Copies
  - Status Printouts
- FAQS
- Corporations Main Page
- Site Search

# Corporations

The information displayed here is current as of "NOV 25, 2005" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| CHINA SOUTHERN AIRLINES COMPANY LIMITED | | |
| **Number:** C2011879 | **Date Filed:** 5/27/1997 | **Status:** active |
| **Jurisdiction:** PEOPLES REP OF CHINA | | |
| **Address** | | |
| 6300 WILSHIRE BLVD STE 101 | | |
| LOS ANGELES, CA 90048 | | |
| **Agent for Service of Process** | | |
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE | | |
| 2730 GATEWAY OAKS DR STE 100 | | |
| SACRAMENTO, CA 95833 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code **Section 2114** for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. **Privacy Statement**.

EXHIBIT
B
tabbies®