UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. HARRINGTON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DELTA AIRLINES, INC., et al., )<br>)<br>Defendants. ) | Civil Action No.<br>04-12558-NMG |

### DEUTSCHE LUFTHANSA A.G.'S REPLY TO PLAINTIFFS' COMBINED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Defendant Deutsche Lufthansa, A.G. ("Lufthansa") respectfully submits this Reply to Plaintiffs' Combined Opposition to Defendants' Motions To Dismiss.

In its motion to dismiss the amended complaint, Lufthansa argues, *inter alia*, that the amended complaint must be dismissed against Lufthansa under Fed. R. Civ. P. 12(b)(1) because plaintiffs lack standing to sue Lufthansa under Article III of the U.S. Constitution. *See* Mem. in Support of Lufthansa's Mot. to Dismiss Pls.' Am. Compl. (Jul. 29, 2005) ("LH Mem.") at 2-10. Plaintiffs lack standing because, although their case is premised on the defendant airlines' alleged failure to refund certain fees on unused nonrefundable tickets, at no point have plaintiffs alleged that they have ever purchased a nonrefundable ticket *from Lufthansa* (let alone that they have been denied a refund of fees paid on that ticket). Indeed, plaintiffs' *original* complaint made that specific allegation with respect to every defendant airline *except for Lufthansa*. *See*

1

Orig. Compl. ¶¶ 2-16. Plaintiffs acknowledged this deficiency in their opposition to Lufthansa's motion to dismiss the original complaint, labeling the "lack of any specific allegations related to Lufthansa" a "significant oversight." Pls.' Combined Opp. to Mot. to Dismiss Orig. Compl. at 10. Although plaintiffs pledged that this "oversight" would be "corrected in the Amended Complaint," *id.*, they failed to deliver on that promise. The amended complaint—like the original—contains no such allegation with respect to Lufthansa. *See* LH Mem. at 3-4, 8-10.

In their opposition to Lufthansa's motion to dismiss the amended complaint, plaintiffs had another opportunity to clarify whether any named plaintiff actually purchased a nonrefundable ticket from Lufthansa. But even their opposition brief does not claim that such a plaintiff exists. Plaintiffs try to obscure this fundamental failure by labeling Lufthansa's argument "strained and overly technical," Pls.' Combined Opp. to Mot. To Dismiss Pls.' Am. Compl. (Oct. 15, 2005) ("Pls' Opp.") at 50, and attempting to hide behind the flexible pleading requirements. But there is nothing "strained" or "technical" about the basic requirement that in order to sue Lufthansa based on alleged failure to refund portions of the price of a nonrefundable ticket, one must actually purchase and allege one has purchased such a ticket from Lufthansa. Because plaintiffs make no such allegation—in their complaint or for that matter in their papers on this motion—the amended complaint must be dismissed against Lufthansa.[1]

## ARGUMENT

### I. Plaintiffs Have Repeatedly Failed to Allege Facts Necessary to Establish Standing Against Lufthansa

Plaintiffs do not dispute the legal standards for standing set forth by Lufthansa in its motion to dismiss the amended complaint. Specifically, in an action such as this where plaintiffs

---

[1] The amended complaint must also be dismissed for the reasons set forth in the brief and reply brief of the Domestic Defendants.

seek to sue multiple defendants on behalf of a class, it is necessary that at least one named plaintiff have standing to sue *each* of the defendants. *See* LH Mem. at 5-8; *see also, e.g., In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 41 (D. Mass. 2003); *In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 193 (D. Mass. 2003). Thus, at least one plaintiff must have standing to sue Lufthansa. In this case, the basis of plaintiffs' claims is that they failed to receive refunds on the taxes and fees accompanying unused nonrefundable tickets. *See* Am. Compl. ¶ 1. Accordingly, to establish standing against Lufthansa, at least one plaintiff must allege (a) a purchase of an unused nonrefundable ticket from Lufthansa, (b) for which he or she did not received refunds of the relevant taxes and fees. Plaintiffs do not dispute that it is their burden to plead facts sufficient to establish this threshold showing. The sole issue here concerns whether plaintiffs have met this standard with respect to Lufthansa.

As noted above, the original complaint identified precisely which airlines had sold nonrefundable tickets to each of the plaintiffs. Orig. Compl. ¶¶ 2-16. Lufthansa was conspicuously absent from that list. *Id.* Plaintiffs' opposition to Lufthansa's motion to dismiss the original complaint acknowledged this deficiency and promised that the amended complaint would correct it. *See* pp. 1-2, *supra*. Yet the amended complaint also fails to allege the existence of a named plaintiff who had purchased a nonrefundable ticket from Lufthansa. Indeed, the amended complaint does not add any new named plaintiffs who might conceivably have standing against Lufthansa. Nor, in their most recent opposition, do plaintiffs claim that any plaintiff purchased a nonrefundable ticket from Lufthansa. Plaintiffs' arguments are instead aimed at obscuring the fundamental defect in their pleadings.

Only two allegations in the amended complaint are directed to the issue of standing. First, plaintiffs allege that "each defendant airline sold one or more *tickets for air travel* to one or

more of the individual plaintiffs" (¶ 58) (emphasis added), without specifying that they were *nonrefundable* tickets (the exclusive subject of this suit). Second, with respect to *nonrefundable* tickets, plaintiffs merely allege that "the plaintiffs each purchased . . . nonrefundable airfare from *one or more* defendant airlines" (¶ 59) (emphasis added). Nowhere does the amended complaint allege that each defendant airline sold a nonrefundable ticket to a named plaintiff. Thus, these allegations do not establish that *Lufthansa* sold a *nonrefundable* ticket to any named plaintiff, and given the omission in the original complaint there is every reason to think it did *not*. LH Mem. at 3-4, 8-10.

In defending these plainly deficient allegations, plaintiffs assert that "it became apparent that naming each of the airlines from which each of the plaintiffs purchased one or more airline tickets would be overly and unnecessarily tedious." Pls.' Opp. at 48. But plaintiffs had *already* listed a specific nonrefundable ticket purchased from each airline (with the notable exception of Lufthansa) in their original complaint. Thus, listing one additional nonrefundable ticket purchase from Lufthansa in the amended complaint would hardly have been tedious or burdensome—if such a ticket purchase exists. Nor would it have been tedious or burdensome—if such a purchase exists—for plaintiffs to say so in their opposition brief. Plaintiffs chose to bring this litigation, and it is their burden to plead sufficient facts to meet the threshold Article III standing requirement.

Plaintiffs did not solve their standing problem by "generalizing the allegations related to all the airlines," Pls.' Opp. at 49, because the generalized allegations do not claim a nonrefundable ticket purchase from every defendant. The amended complaint, for example, does *not* allege that "[e]ach defendant airline sold one or more *nonrefundable* tickets for air travel to one or more of the individual plaintiffs." The amended complaint *could* so allege with the

addition of the italicized word. But it does not do so. Indeed, the fact that plaintiffs studiously avoid making any representation to this Court that a plaintiff with standing against Lufthansa exists suggests that they carefully crafted the amended complaint precisely in order to obscure the deficiency.

Nor, contrary to plaintiffs' contentions, *see* Pls.' Opp. at 49, do paragraphs 61 and 62 of the amended complaint cure the defect.[2] Those paragraphs do nothing to establish that any plaintiff failed to receive a refund of taxes, fees and charges on a nonrefundable *Lufthansa* ticket. To the contrary, those paragraphs refer generally to nonrefundable tickets previously referenced in the amended complaint. Nowhere does the amended complaint say that any such tickets were purchased from Lufthansa.[3]

Nor do the flexible pleading rules help plaintiffs here. Pls.' Opp. at 49. Although courts "will assume that the plaintiffs can prove the facts that they allege in their complaint, 'it is not, however, proper to assume that plaintiffs can prove facts that they have not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.'" *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 221 (4th Cir. 1994) (quoting *Associated Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983)). Despite months of opportunity and several briefs pointing out this problem, plaintiffs have *not* alleged

---

[2] *See* Am. Compl. ¶ 61 ("The plaintiffs each did not use the purchased airfare and therefore the advance payment (or prepayment) of certain taxes, fees, or charges became an overpayment of such taxes, fees, or charges."); ¶ 62 ("The airlines kept, for their own benefit, the plaintiffs' overpayments of prepaid anticipated taxes, fees, or charges.")

[3] The distinction between "tickets" and "fares" also is of no help to plaintiffs. *See* Pls.' Opp. at 49-50 (claiming that the amended complaint's failure to specify a nonrefundable ticket "reflects the fact that the plaintiffs claim that only the airfare itself (i.e., that portion of the total consumer cost of the ticket that represents the 'base price' set by the airline for the transportation itself, exclusive of any taxes, charges, or fees added to that base price) is 'nonrefundable'"). Plaintiffs are grasping at straws. The simple fact is that the amended complaint neither alleges the purchase of a nonrefundable ticket nor a nonrefundable fare from Lufthansa.

that they purchased a nonrefundable ticket or fare from Lufthansa. The amended complaint accordingly must be dismissed.

## II. The Amended Complaint Should Also Be Dismissed for the Reasons Set Forth in the Domestic Defendants' Briefs

Lufthansa incorporates by reference all other arguments made in the Domestic Defendants' reply to the plaintiffs' joint opposition, *see* Dom. Defs.' Reply in Support of Mot. to Dismiss Am. Compl. (Dec. 13, 2005), and supplements those arguments with two additional points. *First*, plaintiffs' contention that they are entitled to discovery—which should be rejected for the reasons set forth in the Domestic Defendants' Reply at 11-14—is especially meritless with respect to standing against Lufthansa. Plaintiffs have the burden of alleging sufficient facts to establish Article III standing at every stage of a case, including the pleading stage. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, the central fact relating to standing—whether one of the named plaintiffs purchased an unused nonrefundable ticket on Lufthansa and did not receive a refund of taxes, fees and charges—is a fact obviously known by plaintiffs themselves without recourse to discovery.

*Second*, plaintiffs cannot evade federal preemption based on spurious allegations that the airlines' contracts implicitly incorporate a purported federal regulatory requirement to refund taxes, fees and charges on unused nonrefundable tickets. In this regard, Lufthansa respectfully directs the Court's attention to the brief filed by the Federal Aviation Administration (FAA) in support of its motion to dismiss. FAA Mem. in Support of Mot. to Dismiss (Sept. 30, 2005) ("FAA Mem."). As the FAA explains, the regulations on which plaintiffs rely do not require carriers to refund to passengers the fees collected on nonrefundable tickets that are forfeited or go unused. *See, e.g.*, FAA Mem. at 8 ("If the ticket purchaser is not entitled to any refund on his unused ticket, there is no reason to refund the PFCs. Accordingly, the FAA rule does not require

6

that PFC's be returned to ticket purchaser on unused nonrefundable tickets."). The FAA's position reinforces the arguments made by Domestic Defendants in their Reply at 7-9.

## CONCLUSION

For the foregoing reasons, defendant Lufthansa respectfully submits that its motion to dismiss the amended complaint should be granted.

Dated: December 20, 2005

                                      Wilmer Cutler Pickering Hale and Dorr LLP
                                      Attorneys for Deutsche Lufthansa, A.G.

                            By: _David Ogden/es_
                                    David W. Ogden (admitted pro hac vice)
                                    Ethan G. Shenkman (admitted pro hac vice)
                                    Wilmer Cutler Pickering Hale and Dorr LLP
                                    1801 Pennsylvania Avenue, NW
                                    Washington, D.C. 20006
                                    (202) 663-6000

                                    Daniel M. Esrick, BBO #647676
                                    Wilmer Cutler Pickering Hale and Dorr LLP
                                    60 State Street
                                    Boston, MA 02109
                                    (617) 526-6000
                                    (617) 526-5000 (fax)

*Of Counsel:*
Anne K. Small
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Adam Raviv
Wilmer Cutler Pickering Hale and Dorr LLP
1801 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000

7

USIDOCS 5438495v1

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2005, I caused a true copy of the foregoing documents to be sent by first class mail postage prepaid to the following:

Evans J. Carter, Esq.
EVANS J. CARTER, P.C.
P.O. Box 812
Framingham, MA 01701

Matthew A. Porter, Esq.
Michael S. Shin, Esq.
DECHERT LLP
200 Clarendon Street, 27th Fl.
Boston, MA 02116

Kathleen M. Guilfoyle, Esq.
Christopher Robert Howe, Esq.
CAMPBELL, CAMPBELL, EDWARDS & CONROY, PC
One Constitution Plaza
Boston, MA 02129

Kevin C. Cain, Esq.
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110

Michael Lawrence Cornell, Esq.
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110

Andrew Harakas, Esq.
Thomas J. Whalen, Esq.
CONDON & FORSYTH LLP
685 Third Avenue
New York, NY 10017

Eugene Massamillo, Esq.
Peter W. Beadle, Esq.
Thomas Carulli, Esq.
BIEDERMANN, HOENIG, MASSAMILLO & RUFF
90 Park Ave.
New York, NY 10000

Anita Johnson, Esq.
UNITED STATES ATTORNEY'S OFFICE
1 Courthouse Way
Suite 9200
Boston, MA 02210

_____
Adam Raviv